# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*, <br><br> *Defendants*. | ) ) ) ) ) ) ) No. 1:25-cv-00306 ) ) ) ) ) ) ) |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
## WITH SUPPORTING POINTS AND AUTHORITIES

## INTRODUCTION

A class action is appropriate for this challenge to President Trump's Proclamation purporting to abrogate statutory protections from removal for noncitizens in the United States, Proclamation 10888, § 2, 90 Fed. Reg. 8333 (Jan. 20, 2025) ("Proclamation"), as well as Defendants' actions to implement and enforce the Proclamation against those noncitizens. The Proclamation and its implementation are flagrantly unlawful. And the Proclamation's attempt to rewrite our Nation's immigration laws by fiat harms every noncitizen in the United States who finds themselves subject to the Proclamation.[1]

The Individuals Plaintiffs—A.M., Z.A., T.A., A.T., N.S., D.G., B.R., M.A., G.A., F.A., K.A., Y.A., and E.G.—seek to certify the following nationwide class under Federal Rules of Civil Procedure 23(a) and 23(b)(2):

> All noncitizens who were, are, or will be subject to the Proclamation and/or its implementation within the United States.

The proposed class readily satisfies the requirements of Rule 23.

Numerosity is present because the class includes thousands of noncitizens subject to summary removal under the Proclamation. *See* Fed. R. Civ. P. 23(a)(1). All class members suffer the same injury—unlawful denial of their statutory rights to the protections contained in the INA— and the class raises common questions that will generate common answers, including the lawfulness of summary removals in defiance of these protections. *See* Fed. R. Civ. P. 23(a)(2). The Individual Plaintiffs' legal claims are typical of those whom they seek to represent. *See* Fed. R. Civ. P. 23(a)(3). The Individual Plaintiffs are represented by experienced counsel with significant experience litigating class actions and cases involving the rights of noncitizens. *See* Fed. R. Civ.

---

[1] Pursuant to LCvR 7(m), Plaintiff contacted counsel for the government for their position on this motion prior to filing. Government counsel stated that Defendants oppose this motion.

1

P. 23(a)(3). And the proposed class satisfies Rule 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class by summarily removing noncitizens under the Proclamation without statutorily mandated safeguards, so that injunctive relief is appropriate as to the class as a whole. *See* Fed. R. Civ. P. 23(b)(2).

This Court previously certified under Rule 23(b)(2) a similar nationwide class of noncitizens subject to restrictions on asylum because they "crosse[d] the southern border outside of a port of entry" after a certain date. *O.A. v. Trump*, 404 F. Supp. 3d 109, 157, 160 (D.D.C. 2019). Other courts in this District have likewise relied upon Rule 23(b)(2) to certify nationwide classes of noncitizens subject to restrictive immigration policies. *See, e.g.*, *P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 501-02, 509-10 (D.D.C. 2020) (unaccompanied children subject to "Title 42" expulsion policy); *Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d 146, 166 (D.D.C. 2021) (families subject to "Title 42" policy), *rev'd in part on other grounds*, 27 F.4th 718 (D.C. Cir. 2022); *see also J.D. v. Azar*, 925 F.3d 1291, 1312-25 (D.C. Cir. 2019) (class of pregnant noncitizen children); *Ramirez v. ICE*, 338 F. Supp. 3d 1, 42-50 (D.D.C. 2018) (immigrant teens challenging transfers to ICE custody); *R.I.L.-R. v. Johnson*, 80 F. Supp. 3d 164, 179-83 (D.D.C. 2015) (Central American mothers and children denied release from detention).

The same result is warranted here. The Court should grant class certification under Rule 23(b)(2), appoint the Individual Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.

## BACKGROUND

**The Proclamation And Its Implementation**

President Trump issued the Proclamation challenged here on January 20, 2025, and it took effect that same day. As the Amended Complaint describes, the Proclamation purports to override

statutory protections from removal for noncitizens in the United States, including asylum. Defendants are implementing the Proclamation to summarily remove noncitizens from the United States without compliance with these statutory safeguards. *See* Am. Compl. ¶¶ 70-84 (describing the Proclamation and its implementation).

**Named Individual Plaintiffs And The Proposed Class**

The Individual Plaintiffs—A.M., Z.A., T.A., A.T., N.S., D.G., B.R., M.A., G.A., F.A., K.A., Y.A., and E.G—are 13 noncitizens who fled their countries to seek asylum and other forms of humanitarian protection in the United States. *See* Am. Comp. ¶¶ 12-19. All have faced or will imminently face summary removal pursuant to the unlawful Proclamation, without access to the protections to which they are entitled under the immigration laws. *See id*. ¶¶ 12-19, 86, 88-89, 106-110; A.M. Decl. ¶¶ 12-14;[2] N.S. Decl. ¶ 14; D.G. Decl. ¶¶ 10-12; B.R. Decl. ¶¶ 11-13; M.A. Decl. ¶¶ 9-14; G.A. Decl. ¶¶ 12-13; F.A. Decl. ¶¶ 10-13; E.G. Decl. ¶¶ 11-14; *see also* St. John Decl. ¶ 13; Hidalgo Decl. ¶ 14; Babaie Decl. ¶¶ 17-21. The Individual Plaintiffs' experiences are representative of those of other noncitizens subjected to the Proclamation. *Compare* Am. Compl. ¶¶ 12-19, *with* St. John Decl. ¶ 13; Hidalgo Decl. ¶ 14; Babaie Decl. ¶¶ 17-23.

## ARGUMENT

A plaintiff whose suit satisfies the requirements of Federal Rule of Civil Procedure 23 has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). The "suit must satisfy the criteria set forth in [Rule 23(a)] (*i.e.*, numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in [Rule 23(b)]." *Id*. The Individual Plaintiffs' proposed class satisfies the requirements of both Rule 23(a) and Rule 23(b)(2).

---

[2] Declarations of the Individual Plaintiffs are attached as exhibits to the concurrently filed Sealed Motion for Leave to Proceed Under Pseudonyms and to File Supporting Exhibits Under Seal and incorporated by reference here.

3

## I.     THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23(a).

### A.     The Proposed Class Is Numerous.

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Joinder does not have to be impossible—instead, [the] plaintiff must show 'only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate.'" *N.S. v. Hughes*, 335 F.R.D. 337, 352 (D.D.C. 2020) (quoting *D.L. v. District of Columbia*, 302 F.R.D. 1, 11 (D.D.C. 2013)), *reconsideration denied*, No. 20-cv-101, 2020 WL 4260739 (D.D.C. July 24, 2020). Although "[t]here is no specific threshold that must be surpassed," courts in this District "have observed that a class of at least forty members is sufficiently large to meet this requirement." *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007). Moreover, "classes including future claimants generally meet the numerosity requirement due to the impracticality of counting such class members, much less joining them." *J.D.*, 925 F.3d at 1322 (citation and quotation omitted). "This is especially true when plaintiff seeks injunctive relief." *N.S.*, 335 F.R.D. at 352. And the numerosity requirement also takes into account "non-numerical considerations" that affect the Individual Plaintiffs' ability to bring individual suits. *J.D.*, 925 F.3d at 1323.

Available statistics indicate that hundreds of noncitizens are being apprehended at the border each day and subjected to the Proclamation.[3] That fact alone is sufficient to satisfy Rule 23(a)(1). *See, e.g.*, *O.A.*, 404 F. Supp. 3d at 155; *P.J.E.S.*, 502 F. Supp. 3d at 509; *R.I.L-R*, 80 F. Supp. 3d at 181. Moreover, because the Proclamation by its terms will remain in place indefinitely, *see* 90 Fed. Reg. at 8335-36, the class—which includes noncitizens who imminently

---

[3] *See, e.g.*, U.S. Border Patrol Chief Michael W. Banks, @USBPChief, X.com (Jan. 29, 2025, 5:00pm ET) ("In the past seven days, U.S. Border Patrol agents apprehended 4,577 individuals attempting to enter the country illegally."), *permanently linked at* https://perma.cc/NW69-LT5H.

will be subject to the Proclamation—is far larger than the number of noncitizens subject to the Proclamation at any given time, *see J.D.*, 925 F.3d at 1322. And joinder is impracticable not only because of the sheer numbers, but also because class members are either geographically dispersed in detention facilities across the border—where they are typically held only for short periods with extremely limited access to the outside world and potential counsel—or have already been removed from the United States. *See* Am. Compl. ¶¶ 12-19, 86, 88-89, 106-110; A.M. Decl. ¶¶ 12-14; N.S. Decl. ¶ 14; D.G. Decl. ¶¶ 10-12; B.R. Decl. ¶¶ 11-13; M.A. Decl. ¶¶ 9-14; G.A. Decl. ¶¶ 12-13; F.A. Decl. ¶¶ 10-13; E.G. Decl. ¶¶ 11-14; Hidalgo Decl. ¶ 14, St. John Decl. ¶ 13, Babaie Decl. ¶¶ 17-23; *see also, e.g.*, *J.D.*, 925 F.3d at 1323 (stating that joinder may be impracticable in light of "fluidity" of custody, "the dispersion of class members across the country, and their limited resources"); *Ramirez*, 338 F. Supp. 3d at 45 (finding "joinder impracticable" for class of noncitizens due to "lack of geographic proximity of the proposed members and the inherently transitory nature of the class"); *Kifafi v. Hilton Hotels Ret. Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999) (geographical dispersion relevant to impracticability of joinder); *Afghan & Iraqi Allies*, 334 F.R.D. at 459 (same).

### B. The Class Presents Common Questions Of Law And Fact.

Commonality is satisfied where "there are questions of law or facts common to the class." Fed. R. Civ. P. 23(a)(2). At bottom, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). "[W]here plaintiffs allege widespread wrongdoing by a defendant" based upon "'a uniform policy or practice that affects all class members,'" that requirement is satisfied. *Thorpe v. Dist. of Columbia*, 303 F.R.D. 120, 145 (D.D.C. 2014) (quoting *DL v. District of Columbia*, 302 F.R.D. 1, 12 (D.D.C.

2013)); *accord R.I.L-R*, 80 F. Supp. 3d at 181.

"All members of the proposed class … face the same threat of injury: loss of the right to seek asylum" and related relief "because they entered the United States across the southern border after" the Proclamation took effect. *O.A.*, 404 F. Supp. 3d at 156; *accord P.J.E.S.*, 502 F. Supp. 3d at 509 (Title 42 expulsion policy was "a uniform policy or practice that affects all class members") (citation omitted). In addition to this common injury, numerous questions are common to the proposed class: whether the Proclamation and its implementation violate statutory removal procedures and protections for asylum seekers; whether Sections 212(f) or 215(a)(1) of the INA, or Article II and the Invasion Clause, authorize the President to abrogate the statutory protections that Congress enacted in the INA; and whether Defendants provided an adequate justification for their actions and followed the procedures required by law. Any one of these common issues, standing alone, is enough to satisfy Rule 23(a)(2)'s permissive standard. *See Howard v. Liquidity Servs. Inc.*, 322 F.R.D. 103, 118 (D.D.C. 2017) (even a single common issue will do); *Coleman ex rel. Bunn v. Dist. of Columbia*, 306 F.R.D. 68, 82 (D.D.C. 2015) (same); *Thorpe*, 303 F.R.D. at 145 (same). And given these common questions, "'factual variations among the class members will not defeat the commonality requirement.'" *Damus v. Nielsen*, 313 F. Supp. 3d 317, 332 (D.D.C. 2018) (quoting *Hardy v. District of Columbia*, 283 F.R.D. 20, 24 (D.D.C. 2012)).

Finally, answering the common legal questions will "drive the resolution of the litigation." *Ramirez*, 338 F. Supp. 3d at 45 (cleaned up) (quoting *Wal-Mart*, 564 U.S. at 350). Should the Court agree that the Proclamation cannot lawfully displace the rights of noncitizens in the United States to seek asylum and other forms of protection, all class members will benefit from the requested relief, which includes a declaration to that effect, an injunction preventing Defendants from implementing the Proclamation against noncitizens in the United States, and vacatur of any

implementing guidance.

### C. The Individual Plaintiffs' Claims Are Typical Of Class Members' Claims.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is concerned with whether 'the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.'" *Coleman*, 306 F.R.D. at 83 (quoting *Wal-Mart*, 564 U.S. at 349). "While commonality requires a showing that the *members* of the class suffered an injury resulting from the defendant's conduct, the typicality requirement focuses on whether the *representatives* of the class suffered a similar injury from the same course of conduct." *Bynum v. District of Columbia*, 214 F.R.D. 27, 34 (D.D.C. 2003) (emphasis in original).

Typicality is satisfied here for largely the same reasons that commonality is. *See O.A.*, 404 F. Supp. 3d at 155-56; *P.J.E.S.*, 502 F. Supp. 3d at 509; *Huisha-Huisha*, 560 F. Supp. 3d at 165. Each proposed class member, including the proposed class representatives, faces the same principal injury (unlawful removal without statutorily mandated opportunities to seek protection), based on the same government practice (the Proclamation and its implementation), which is unlawful as to the entire class because it violates the immigration laws, the APA, and the separation of powers. The Individual Plaintiffs thus "share an identical interest in the invalidation of" the Proclamation. *O.A.*, 404 F. Supp. 3d at 156. Moreover, as with commonality, any factual differences that might exist between the Individual Plaintiffs and proposed class members do not defeat typicality. *See Bynum*, 214 F.R.D. at 34-35; *Afghan & Iraqi Allies*, 334 F.R.D. at 461.

### D. The Individual Plaintiffs And Their Counsel Will Adequately Protect The Interests Of The Proposed Class.

Rule 23(a)(4) requires that "[t]he representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequacy of representation imposes two

7

criteria on plaintiffs seeking to represent a class: '(1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel.'" *Ramirez*, 338 F. Supp. 3d at 47 (quoting *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997)).

The Individual Plaintiffs will fairly and adequately protect the interests of the proposed class. The Individual Plaintiffs do not seek any unique or additional benefit from this litigation that may make their interests different from or adverse to those of absent class members. Instead, the Individual Plaintiffs aim to secure relief that will protect them and the entire class from Defendants' challenged policy and to enjoin Defendants from further violations. Nor do the Individual Plaintiffs seek financial gain at the cost of absent class members' rights.

Proposed class counsel, meanwhile, includes experienced attorneys with extensive experience in complex immigration cases and class action litigation. *See generally* Crow Decl; Michelman Decl; Russell Decl.; Zwick Decl. As the declarations make clear, Proposed Class Counsel have been appointed class counsel in several successful class action cases concerning the rights of noncitizens.[4]

## II.   THE PROPOSED CLASS SATISFIES RULE 23(b)(2)'S REQUIREMENTS.

Certification of a class under Rule 23(b)(2) requires that "the party opposing the class has

---

[4] "It is 'far from clear' … 'that there exists in this district a requirement that a class certified under Rule 23(b)(2) must demonstrate ascertainability to merit certification.'" *O.A.*, 404 F. Supp. 3d at 159 (quoting *Garcia Ramirez v. ICE*, 338 F. Supp. 3d 1, 48 (D.D.C. 2018)). Moreover, any such requirement has been "'disavowed by four federal appellate courts.'" *Id.* (quoting *Hoyte v. Dist. of Columbia*, 325 F.R.D. 485, 489 n.3 (D.D.C. 2017)). Even assuming such a requirement exists, the proposed class here is readily ascertainable because membership in the class is defined by clear and objective criteria that are known to the government defendants and because identifying class members is administratively feasible. *See id.* at 160.

8

acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The D.C. Circuit has explained that a "principal purpose of Rule 23(b)(2) … is to enable class resolution of civil-rights claims alleging classwide deprivations of protected rights." *J.D.*, 925 F.3d at 1314. "'The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Id.* at 1314-15 (quoting *Wal-Mart*, 564 U.S. at 360).

Rule 23(b)(2) is satisfied here. Even more than the Rule at issue in *O.A.*, this Proclamation "imposes a categorical ban" on asylum and other protection "that is applicable to the named Plaintiffs and to the entire class they seek to represent." *O.A.*, 404 F. Supp. 3d at 157. The relief that the Individual Plaintiffs seek, moreover, would prevent Defendants from applying the Proclamation "to every member of the proposed class 'in one stroke.'" *Id.* (quoting *Wal-Mart*, 564 U.S. at 350); *see, e.g.*, *J.D.*, 925 F.3d at 1315; *Nio v. United States Dep't of Homeland Sec.*, 323 F.R.D. 28, 34-35 (D.D.C. 2017). And that relief would benefit the Individual Plaintiffs as well as all members of the proposed class in the same fashion. "The relief Plaintiffs seek" is thus both "'generally applicable to the class'" and "indivisible," and certification under Rule 23(b)(2) is proper. *O.A.*, 404 F. Supp. 3d at 157 (citation omitted); *accord, e.g.*, *Huisha-Huisha*, 560 F. Supp. at 166 (Rule 23(b)(2) satisfied because the class seeks relief that "is generally applicable to the class and is indivisible") (cleaned up).

## CONCLUSION

The Court should certify the proposed Class under Rule 23(a) and 23(b)(2), appoint the Individual Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.

9

Dated: February 19, 2025                                    Respectfully submitted,

/s/ Lee Gelernt
Keren Zwick (D.D.C. Bar. No. IL0055)         Lee Gelernt (D.D.C. Bar No. NY0408)
Richard Caldarone (D.C. Bar No. 989575)*     Omar C. Jadwat*
Mary Georgevich*                              American Civil Liberties Union Foundation
National Immigrant Justice Center             Immigrants' Rights Project
111 W. Jackson Blvd.,                         125 Broad Street, 18th Floor
  Suite 800                                   New York, NY 10004
Chicago, IL 60604                             T: 212-549-2660
T: 312-660-1370                               lgelernt@aclu.org
kzwick@immigrantjustice.org                   ojadwat@aclu.org
rcaldarone@immigrantjustice.org
mgeorgevich@immigrantjustice.org              Morgan Russell*
                                              Katrina Eiland*
Melissa Crow (D.C. Bar. No. 453487)           Cody Wofsy (D.D.C. Bar No. CA00103)
Center for Gender & Refugee Studies           Spencer Amdur*
1121 14th Street, NW, Suite 200               American Civil Liberties Union Foundation
Washington, D.C. 20005                        Immigrants' Rights Project
T: 202-355-4471                               425 California Street, Suite 700
crowmelissa@uclawsf.edu                       San Francisco, CA 94104
                                              T: 415-343-0770
Edith Sangueza*                               mrussell@aclu.org
Center for Gender & Refugee Studies           keiland@aclu.org
26 Broadway, 3rd Floor                        cwofsy@aclu.org
New York, NY 10004                            samdur@aclu.org
T: 415-581-8835
sanguezaedith@uclawsf.edu                     Arthur B. Spitzer (D.C. Bar No. 235960)
                                              Scott Michelman (D.C. Bar No. 1006945)
Robert Pauw*                                  American Civil Liberties Union Foundation
Center for Gender & Refugee Studies           of the District of Columbia
c/o Gibbs Houston Pauw                        529 14th Street, NW, Suite 722
1000 Second Avenue, Suite 1600                Washington, D.C. 20045
Seattle, WA 98104                             T: 202-457-0800
T: 206-682-1080                               aspitzer@acludc.org
rpauw@ghp-law.net                             smichelman@acludc.org

Tamara Goodlette (D.C. Bar. No.               Ashley Alcantara Harris*
TX24117561)                                   David A. Donatti*
Texas Civil Rights Project                    ACLU Foundation of Texas
P.O. Box 219                                  P.O. Box 8306
Alamo, Texas 78516                            Houston, TX 77288
T: 512-474-5073, ext. 207                     TEL: (713) 942-8146
tami@texascivilrightsproject.org              FAX: (713) 942-8966

10

aharris@aclutx.org
ddonatti@aclutx.org

*Attorneys for Plaintiffs*

*\*Certificate of pro bono representation or pro hac vice forthcoming*