IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES, *et al.*, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 1:25-cv-00306 |
| KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*, | ) ) ) | |
| *Defendants*. | ) ) ) | |

**DECLARATION OF MELISSA CROW**

I, Melissa Crow, declare the following under penalty of perjury and pursuant to 28 U.S.C. § 1746.

1.     I am the Director of Litigation at the Center for Gender and Refugee Studies (CGRS), have personal knowledge of the facts set forth herein, and can testify to them if needed.

2.     I am co-counsel for the Plaintiffs in the above-captioned case and submit this declaration in support of Plaintiffs' Motion for Class Certification to demonstrate adequate class representation.

3.     For more than two decades, CGRS has advanced the rights of refugees through litigation, scholarship, and policy recommendations intended to ensure that humanitarian protection under U.S. law comports with our international obligations. CGRS litigates in two key areas: advancing substantive asylum law to keep legal avenues open for refugees and protecting the asylum system to ensure that those seeking protection have access to a fair legal process. We also provide nationwide technical assistance to attorneys representing individuals seeking asylum, withholding of removal, and protection under the Convention Against Torture, reaching over 7,000 unique fear of return cases at all levels of the

immigration and federal court system in the past year alone. CGRS is based in San Francisco, California

and also has an office in Washington, DC, where I am based.

4.        Since joining CGRS in 2022, I have been integrally involved in the following class

actions or complex litigation matters seeking to protect the rights of individuals seeking asylum and other

protection: *Al Otro Lado, et al. v. Executive Office for Immigration Review, et al.*, 120 F.4th 606 (9th Cir.

2024) (certified border-wide class of asylum seekers challenging turnbacks by immigration officers at

ports of entry along the U.S.-Mexico border); *Al Otro Lado and Haitian Bridge Alliance, et al. v. Noem, et

al.*, 2024 WL 4370577 (S.D. Cal. September 30, 2024) (putative class action on behalf of asylum seekers

without CBP One appointments challenging turnbacks by immigration officers at ports of entry along the

U.S.-Mexico border); *Immigrant Defenders Law Center, et al. v. Noem, et al.*, 2023 WL 3149243 (C.D.

Cal. March 15, 2023) (certified class of individuals outside the United States challenging 2019 Migrant

Protection Protocols); *East Bay Sanctuary Covenant, et al. v. Biden*, *et al.*,  93 F.4th 1130 (9th Cir. 2024)

(pending appeal of district court's order vacating Circumvention of Lawful Pathways rule); *M.A., et al. v.

Mayorkas, et al.*, No. 1:23-cv-1843 (D.D.C. amended complaint filed July 10, 2023) (challenging

expedited removal provisions of Circumvention of Lawful Pathways rule); *Las Americas Immigrant

Advocacy Center v. DHS,* No. 1:25-cv-1702 (D.D.C. amended complaint filed July 12, 2014) (challenging

Securing the Borders rule); *Innovation Law Lab v. Wolf*, 951 F.3d 1073 (9th Cir. 2020), *vacated as moot

by* 5 F.4th 1099 (9th Cir. 2021) (challenge to Migrant Protection Protocols).

5.        Prior to joining CGRS, I served as a Senior Supervising Attorney with the Immigrant

Justice Project of the Southern Poverty Law Center (SPLC). In that capacity, I served as lead counsel or

co-counsel in many of the cases listed above, as well as the following additional class actions or complex

litigation matters on behalf of noncitizens seeking asylum and other protection: *East Bay Sanctuary

Covenant v. Trump*, 993 F.3d 640 (9th Cir. 2023) (affirming district court's preliminary

injunction of interim final rule rendering individuals who entered the United States between

ports of entry ineligible for asylum); *East Bay Sanctuary Covenant v. Barr* (affirming district

court's preliminary injunction of interim final rule rendering most individuals who transited through third countries en route to the United States ineligible for asylum and denying rehearing en banc).

6.      Prior to joining SPLC, I spent seven years as the Litigation Director of the American Immigration Council in Washington, DC. In that capacity, I served as lead counsel or co-counsel in a number of class actions seeking to protect the rights of noncitizens. These included: *A.B.T. v. USCIS,* 2013 WL 5913323 (W.D. Wash. Nov. 4, 2013) (nationwide class action on behalf of asylum applicants seeking work authorization; class certified prior to court approval of settlement); *Rosario v. USCIS,* 2017 WL 3034447 (W.D. Wash. July 18, 2017) (certified nationwide class of asylum applicants challenging delays in U.S. Citizenship and Immigration Services' adjudication of work authorization applications); *Brown v. CBP,* 132 F. Supp. 3d 1170 (N.D. Cal. 2015) (nationwide putative class action challenging Customs and Border Protection's extensive delays in processing FOIA requests); *J.E.F.M. v. Lynch*, 837 F.3d 1026 (9th Cir. 2016) (seeking recognition of right to appointed counsel for certified nationwide class of unrepresented children in removal proceedings); *Doe v. Johnson,* 878 F.3d 710 (9th Cir. 2017) (challenge to deplorable conditions in Customs and Border Protection detention facilities on behalf of certified class of individuals detained in U.S. Border Patrol's Tucson Sector).

7.      I received my J.D. degree from New York University School of Law in 1994 and am admitted to practice law in the District of Columbia, Maryland, and New York. I am admitted to the U.S. District Court for the District of Columbia, the U.S. Courts of Appeals for the First, Ninth, and District of Columbia Circuits, and the U.S. Supreme Court.

8.      I have practiced immigration law since 2000. During that time, I have personally litigated cases and/or supervised law students in litigating cases on behalf of noncitizens before

immigration judges, the Board of Immigration Appeals, federal district courts, and federal circuit courts of appeals.  I have also litigated cases on behalf of *amici curiae* before various federal circuit courts of appeals, the Board of Immigration Appeals, and state courts.

9.    From November 2007 to January 2010, I was a partner with Brown, Goldstein & Levy, LLP, a prominent public interest and civil rights law firm in Baltimore, Maryland.  In that capacity, I served as lead counsel in numerous collective actions on behalf of noncitizens, including *Gonzalez Corrado et al. v. Tempo, Inc. et al.,* No. 1:2008cv02759 (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act), and *Lopez et al. v. NTL LLC et al.,* No. 8:2008cv01579 (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act), both in the U.S. District Court for the District of Maryland.  As a result of my work on *Lopez et al. v. NTL LLC et al.,* the firm received the Outstanding Achievement Award in the field of Immigrant and Refugee Rights from the Washington Lawyers' Committee for Civil Rights and Urban Affairs.

10.    Prior to entering private practice, I taught for a total of four years in the Safe Harbor Clinic at Brooklyn Law School and the International Human Rights Clinic at American University's Washington College of Law.  In both positions, I supervised second and third-year law students on immigration court cases.  I also spent a year as the Gulf Coast Policy Attorney at the National Immigration Law Center in Washington, DC, where I undertook a range of litigation on behalf of immigrant workers in post-Katrina New Orleans, including serving as co-counsel (admitted *pro hac vice*) in *Castellanos-Contreras et al. v. Decatur Hotels, LLC,* 622 F.3d 393 (E.D. La. 2010) (collective action of behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act).  In addition, I worked as an associate in the Washington, DC office of Foley Hoag LLP, where I handled immigration-related and other matters for foreign governments

and represented asylum seekers on a pro bono basis.

11.     The team of CGRS attorneys working on this case also includes Edith Sangüeza, a Senior Staff Attorney based in New York, NY, and Robert Pauw, a Consulting Attorney based in Seattle, Washington.

12.     Ms. Sangüeza has served as co-counsel in several class actions or complex litigation matters seeking to protect the rights of noncitizens,  including *Las Americas Immigrant Advocacy Center v. DHS*, No. 1:25-cv-1702 (D.D.C. amended complaint filed July 12, 2024) (challenging Security the Borders rule), and *Farmworker Association of Florida et al. v. DeSantis et al.*, No. 1:23-cv-22655 (S.D. Fl. filed July 17, 2023) (challenging state law criminalizing transport of a vaguely defined category of immigrants into Florida). At CGRS, she represents individual clients before the Executive Office for Immigration Review ("EOIR") and in petitions for review before the federal courts of appeals. Before  she joined CGRS, Ms. Sangüeza worked as a temporary staff attorney at the ACLU Immigrants' Rights Project, as a law clerk for the U.S. District Court for the Southern District of New York, and as an immigration lawyer representing noncitizens in removal proceedings before EOIR, in affirmative filings, and in state court proceedings.  She is a 2018 graduate of Harvard Law School. Ms. Sangüeza is admitted to practice in New York, and her admission to the California bar is pending. She has been admitted to the U.S. District Court for the Eastern District of New York and the U.S. Court of Appeals for the Ninth Circuit. She will be submitting a Notice of Pro Bono Appearance in this case.

13.     Mr. Pauw is an attorney licensed to practice in the State of Washington since 1983. He is one of the founding members of Northwest Immigrant Rights Project in Seattle, and from January 1994 to the present he has been a partner in the law firm of Gibbs Houston Pauw.  His area

of expertise is immigration-related litigation.  He has had extensive experience handling class action litigation and has been counsel in many significant immigration lawsuits, including: *Zuniga v. Barr*, 946 F.3d 464 (9th Cir. 2019) (challenge to expedited removal under 8 U.S.C. §1228 based on lack of access to counsel); *Rosario v. USCIS*, 365 F. Supp. 3d 1156 (W.D. Wash. 2018) (nationwide class action lawsuit challenging USCIS delays in adjudicating work authorization applications); *A.B.T. v. USCIS*, 2013 WL 5923323 (W.D. Wash. Nov. 4, 2013) (nationwide class action on behalf of asylum applicants seeking  work authorization; class certified prior to court approval of settlement); *Ruiz-Diaz v. U.S.*, 618 F.3d 1055 (9th Cir. 2010) (nationwide class action lawsuit challenging USCIS policy of refusing to allow religious workers to file concurrent I-360/I-485 applications); *Morales-Izquierdo v. Gonzales*, 477 F.3d 691 (9th Cir. 2007) (en banc), (challenge to DHS policy of reinstating prior orders of deportation); *Lee v. Gonzales*, No. C04-449 RSL (W.D. Wash. 2006) (class action lawsuit challenging naturalization denials based on lack of good moral character); *Immigrant Assistance Project v. INS*, 306 F.3d 842 (9th Cir. 2002)(W.D. Wash. 1989) (class action lawsuit challenging INS policies relating to the legalization program); *Proyecto San Pablo v. INS*, 189 F.3d 1130 (9th Cir. 1999) (class action lawsuit on behalf of legalization applicants who were deported after January 1, 1982); *Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998) (class action lawsuit challenging procedures used by the Immigration & Naturalization Service in assessing penalties for use of false documents); *Gete v. INS*, 121 F.3d 1285 (9th Cir. 1997) (class action lawsuit challenging procedures used by the Immigration & Naturalization Service in seizure and forfeiture cases); *UFW v. INS*, Civ. No. S-87-1064-LKK (E.D.Cal. 1989) (class action lawsuit for legalization applicants challenging procedures used by INS in adjudicating SAW legalization applications). Mr. Pauw has been admitted to the U.S. District Courts for the Western District of Washington, Eastern District of Washington, District

of Colorado, and Eastern District of Michigan; the U.S. Courts of Appeals for the Fifth, Eighth

and Ninth Circuits; and the U.S. Supreme Court. He will be submitting a Notice of Pro Bono

Appearance in this case.

14.     Ms. Sangüeza, Mr. Pauw and I have committed substantial time and resources to

representing the proposed class in this case. CGRS has been heavily involved in the investigation

and litigation of issues relating to the Executive Orders issued on and after January 20, 2025,

including Presidential Proclamation No. 10888, 90 Fed. Reg. 8333 (Jan. 20, 2025), and has

sufficient resources to vigorously prosecute the case. Neither CGRS, Ms. Sangüeza nor I are

receiving reimbursement from the Plaintiffs or putative class members in this case.

15.     I am aware of no conflicts of interest between myself, Ms. Sangueza, Mr. Pauw

and any members of the class.

I declare under penalty of perjury under the laws of the United States that the
foregoing is true and correct.

Executed this 18th day of February 2025 at North Potomac, Maryland.

_____
Melissa Crow
*Counsel for Plaintiffs and the Putative Class*