IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*, <br><br> *Defendants*. | No. 1:25-cv-00306 |

## DECLARATION OF KEREN ZWICK

I, Keren Zwick, declare the following under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am the Director of Litigation at the National Immigrant Justice Center (NIJC), a nonprofit organization dedicated to providing free or low-cost legal services to indigent immigrants and to pursuing legal and policy reform of the immigration system. I have personal knowledge of the facts in this declaration, and I can testify to them if needed.

2. I am co-counsel to the Plaintiffs in this case, *RAICES et al. v. Noem et al.*, No. 1:25-cv-306 (D.D.C. filed Feb. 3, 2025). Plaintiffs seek to represent a class of noncitizens who were, are, or will be denied the ability to apply for asylum and related relief because of the presidential Proclamation published at 90 Fed. Reg. 8333 (Jan. 29, 2025).

3. I write this declaration in support of a request from myself and my colleagues Richard Caldarone and Mary Georgevich to represent the proposed class in this case.

**The National Immigrant Justice Center**

4. NIJC represents immigrants, refugees, and asylum seekers pro bono or at low cost. NIJC handles cases before United States Citizenship & Immigration Services (USCIS), in immigration courts, before the Board of Immigration Appeals (BIA), and in federal courts. NIJC serves more than 10,000 people each year and provides full representation to more than 2,500 people at any given time. NIJC also has a long history in federal court litigation and maintains one of the largest federal-court litigation dockets of any immigration nonprofit organization.

5. NIJC frequently collaborates with large firms and other immigration-focused nonprofits. These collaborations enable NIJC to expand its capacity. We have used this collaborative model in numerous class actions. *See, e.g., Garcia Ramirez v. ICE*, 568 F. Supp. 3d 10 (D.D.C. 2021) (class counsel for successful APA action on behalf of immigrant teens); *O.A. v. Trump*, 404 F. Supp. 3d 109 (D.D.C. 2019) (Moss, J.) (class counsel on challenge to immigration regulation limiting access to asylum and related relief under APA); *Jimenez Moreno v. Napolitano*, 213 F.Supp.3d 999 (N.D. Ill. 2016) (class counsel on challenge regarding the use of immigration detainers); *Roy v. County of Los Angeles*, 2016 WL 5219468 (C.D. Cal. Sept. 9, 2016) (class counsel in two consolidated class actions regarding collaboration between ICE and local law enforcement); *see also Ahmed v. DHS*, No. 3:23-cv-1892 (N.D. Cal. filed Apr. 19, 2023) (class counsel in action that resulted in settlement expediting asylum adjudications for thousands of Afghan people); *Castanon Nava v. Dep't of Homeland Sec.*, 435 F. Supp. 3d 880 (N.D. Ill 2020) (representing noncitizens challenging ICE's use of its warrantless arrest authority that resulted in class settlement); *Xirum v. ICE*, S.D. Ind. No. 1:22-cv-801 (filed Apr. 25, 2022) (class counsel in ongoing challenge to inspection scheme at detention facility); *A.M.P. v. DHS*, No. 2:23-cv-13230

(E.D. Mich. filed Dec. 19, 2023) (challenge to delays in providing preliminary relief to U-visa applicants; class certification motion filed).

6. NIJC also has significant experience litigating on behalf of noncitizens under the APA outside of the class context. *See, e.g.*, *Las Americas Immigrant Advocacy Center v. DHS*, No. 1:24-cv-1702 (D.D.C. filed June 12, 2024); *M.A. v. Mayorkas*, No. 1:23-cv-1843 (D.D.C. filed June 23, 2023); *AsylumWorks v. Mayorkas*, 590 F. Supp. 3d 11 (D.D.C. 2022); *I.A. v. Barr*, 471 F. Supp. 3d 25 (D.D.C. June 2020), *appeal dismissed sub nom. I.A. v. Garland* (D.C. Cir. No. 20-5271); *U.T. v. Garland*, No. 20-cv-0116 (D.D.C. filed Jan. 15, 2020); *CLINIC v. EOIR*, No. 21-cv-00094 (D.D.C. filed Jan. 11, 2021); *NIJC v. EOIR*, No. 21-cv-00054 (D.D.C. filed Jan. 8, 2021).

**Adequacy of Proposed Representatives**

7. NIJC seeks to rely on three attorneys—myself, Richard Caldarone, and Mary Georgevich—to serve as class counsel, in collaboration with co-counsel at Jenner & Block LLP and at other nonprofit organizations. I am admitted to the bar of this Court; Mr. Caldarone and Ms. Georgevich will be filing certificates of pro bono representation in this case.

8. I am a 2009 graduate of Columbia Law School, and I am licensed to practice law in Illinois. Before joining NIJC, I worked for the United States Court of Appeals for the Seventh Circuit as a staff law clerk for two years. I joined NIJC in 2011. In addition to working on much of the litigation described above, I have significant experience and expertise representing asylum seekers. Before becoming NIJC's Director of Litigation, I oversaw two different projects within NIJC that serve people who are seeking asylum: NIJC's Adult Detention Project and NIJC's LGBT Immigrant Rights Initiative.

9. Mr. Caldarone is a 2008 graduate of Yale Law School who is licensed to practice law in Virginia and the District of Columbia. He joined NIJC in 2023 after working in immigration

litigation at a different nonprofit organization for several years; in both roles, he has participated in APA challenges to immigration regulations. He has dealt APA litigation throughout his career and has previously represented both plaintiffs and defendants in class action suits.

10. Ms. Georgevich graduated from University of Minnesota Law School in 2019 and is licensed to practice law in Minnesota. Ms. Georgevich joined NIJC in 2022, where she has worked on several of the cases listed above, after completing an Equal Justice Works Fellowship with the Immigrant Law Center of Minnesota, where she focused on representation of detained Somali noncitizens. Ms. Georgevich clerked for the Minnesota Supreme Court.

11. Mr. Caldarone, Ms. Georgevich, and I, along with other members of NIJC's litigation and asylum teams, have participated in the investigation and preparation of this lawsuit. We have been involved in developing the facts and legal arguments and in the drafting of the complaint and briefing.

12. NIJC is committed to zealously representing the Plaintiffs and the class whom they seek to represent.

13. NIJC is representing Plaintiffs on a pro bono basis. NIJC is not being reimbursed for its representation of the individual plaintiffs or from other members of the proposed class; nor, to my knowledge, is co-counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 18, 2025, in Chicago, Illinois.

Keren Zwick
Counsel for Plaintiffs
National Immigrant Justice Center
111 W. Jackson Blvd. Suite 800
Chicago, Illinois 60604
312.660.1364
kzwick@immigrantjustice.org