**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

REFUGEE AND IMMIGRANT CENTER
FOR EDUCATION AND LEGAL
SERVICES, *et al.*,

       *Plaintiffs*,

    v.

KRISTI NOEM, Secretary of Homeland
Security, in her official capacity, *et al.*,

       *Defendants*.

Civil Action No. 25-306 (RDM)

---

## ORDER

On January 20, 2025, President Trump issued a proclamation titled "Guaranteeing the States Protection Against Invasion" that invokes Section 212(f) and 215(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1182(f), 1185(a), to suspend entry into the United States by noncitizens, impose restrictions on entry for noncitizens "invading the United States," suspend and restrict entry of noncitizens posing "public health, safety, or national security risks," impose a "constitutional suspension of physical entry," and permit "operational actions to repel invasion."  Proclamation No. 10888, 90 Fed. Reg. 8333, 8335-36 (Jan. 20, 2025) ("Proclamation").  Among other things, Proclamation 10888 specifically forbids covered noncitizens from invoking their right to apply for asylum under 8 U.S.C. § 1158(a).  *Id.* Defendant Kristi Noem, the Secretary of Homeland Security, has, along with others, taken steps to implement the Proclamation and to make related policy changes.

The original Plaintiffs in the case were three nonprofit organizations: Refugee and Immigrant Center for Education and Legal Services ("RAICES"); Las Americas Immigrant

Advocacy Center ("Las Americas"); and the Florence Immigrant & Refugee Rights Project ("Florence Project"). All three of these organizations defend and provide legal services to noncitizens who are seeking asylum and other forms of relief from immigration proceedings. Dkt. 1 at 5–7(Compl. ¶¶ 9–11). Plaintiffs recently amended their complaint to add several "Individual Plaintiffs." *See* Dkt. 11 at 6–11 (Am. Compl. ¶¶ 9–19). The thirteen Individual Plaintiffs— A.M., Z.A., T.A., A.T., N.S., D.G., B.R., M.A., G.A., F.A., K.A., Y.A., and E.G— are "people seeking asylum who have suffered past persecution and/or fear future persecution on account of their race, religion, nationality, membership in a particular social group, or political opinion; or who have suffered or fear torture." Dkt. 12 at 1.

The Individual Plaintiffs move for leave to proceed pseudonymously with respect to the general public. They argue that revealing their identities could subject them and their families to "retributive violence" in their countries of origin. Dkt. 12 at 12. In addition, four of the Individual Plaintiffs, T.A., A.T., K.A., and Y.A. are minors. *Id.* at 2. Defendants do not oppose the motion and are already aware of the Individual Plaintiffs' true identities given the nature of the action. The Court will **GRANT** the motion.

## I. LEGAL STANDARD

Inherent in our judicial system is a "'customary and constitutionally-embedded presumption of openness.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). The "right of public access" extends to the names of litigants because disclosing parties' identities "furthers [the] openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 270, 273 (4th Cir. 2014). Consistent with this transparency, the Federal Rules of Civil Procedure and this Court's Local Civil Rules typically require that complaints set forth the names of parties. *See* Fed. R. Civ. P. 10(a); LCvRs

5.1(c)(1), 11.1.  On a proper showing, however, the Court may permit a plaintiff to proceed anonymously.

As the D.C. Circuit has explained, when considering a motion to proceed anonymously, the Court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure."  *In re Sealed Case*, 2019 WL 3367999, at *3 (D.C. Cir. July 26, 2019).  But the Court must do so against the backdrop of the "presumption in favor of disclosure, which stems from the 'general public interest in the openness of governmental processes.'"  *Id.* (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). The following five factors "serve well as guideposts from which a court ought to begin its analysis:"

 [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

[2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

[3] the ages of the persons whose privacy interests are sought to be protected;

[4] whether the action is against a governmental or private party; and, relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at *4.

These factors, however, are just guideposts.  The Court must not "engage in a wooden exercise of ticking the" boxes identified with any particular test.  *Id.*  Instead, the Court must evaluate each case on its unique facts and must assess "whether the non-speculative privacy interests that the movant[] . . . identif[ies] outweigh the public's substantial interest in knowing the identities of parties in litigation" and "any legitimate interest that the non-moving

parties[] . . . may have in revealing the identity of the movant[.]" *John Doe Company No. 1 v. Consumer Fin. Protection Bur.*, 195 F. Supp. 3d 9, 17 (D.D.C. 2016).

## II. ANALYSIS

The Court is persuaded that the Individual Plaintiffs have met their burden of showing that their interests in anonymity at this stage of the proceedings outweigh the "public interest in open access to judicial proceedings." *In re Sealed Case*, No. 17-1212, 2019 WL 3367999, at * 3 (D.C. Cir. July 26, 2019). As an initial matter, for the minor Plaintiffs—T.A., A.T., K.A., and Y.A.—pseudonymity is required because they are minors. *See* Fed. R. Civ. P. 5.2(a)(3). Applying the multi-factor test, the Court concludes that the remaining Individual Plaintiffs are also entitled to proceed anonymously.

The first factor considers the justification asserted. Here, the Individual Plaintiffs request pseudonymous treatment "to protect their privacy and safety, as well as the safety of family members who remain in their countries of origin." Dkt 12 at 3. The Individual Plaintiffs support their motion with declarations, submitted under the penalty of perjury and filed under seal, that describe the risk of physical harm, violence, or retribution they may face should their identities be revealed; the same harms that prompted their claims of asylum in the first place. *See* Dkt. 12-1-8. This factor supports granting Plaintiffs' motion.

The second factor asks whether parties or innocent nonparties might face retaliation resulting in physical or emotional harm. The Individual Plaintiffs persuasively argue that they and their families "would likely become victims of retributive violence in their countries of origin and/or in Mexico" should their identities be made public because they "face imminent removal . . . or have already been removed from the United States." Dkt. 12 at 1–2. In fact, federal regulations make the information contained in asylum applications confidential barring

the consent of the asylum applicant, recognizing the sensitive information contained within those applications. *See* 8 C.F.R. §§ 208.6, 1208.6; *see also Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (noting that the regulations "safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin." (quoting U.S. Customs & Immigr. Servs. Asylum Div., U.S. Dep't of Homeland Sec., Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants (2005)). Once again, the Individual Plaintiffs support these concerns with declarations, which explain the harms they may face should their identities be made public. *See, e.g.*, Dkt. 12-2. The Court is persuaded that these concerns rise about the level of speculation.

The third factor—the ages of the people whose privacy interests are at issue—weighs in favor of some of the Individual Plaintiffs, namely, the ones with children. The pseudonymity of Individual Plaintiffs' A.M., Z.A., and F.A implicates the privacy and pseudonymity of their minor children.

The fourth factor, which considers whether the opposing party is the government or a private party, weighs in favor of the Individual Plaintiffs. Here, Defendants do not oppose the relief sought. *See* Dkt. 12 at 1. It bears note, moreover, that Defendants are government officials and governmental entities, and this Court has previously observed that "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants "do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." *J.W. v. District of Columbia*, 318 F.R.D. 196, 201 (D.D.C. 2016) (internal citations omitted). This factor thus weighs in favor of the requested treatment.

Finally, the fifth factor, which considers the unfairness to the opposing party, also supports the pending motion. Defendants do not oppose the motion and will know the true identities of the Individual Plaintiffs. Dkt. 12 at 6. Allowing the Individual Plaintiffs to proceed under pseudonym will not compromise Defendants' ability to defend this action and, therefore, poses no "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emps. v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008); *see also Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) (finding that "[b]ecause the Defendants know the Individual Plaintiffs' names, they have the information they need to defend against [their] claims"). The motion presents no risk of unfairness to the opposing party. The fifth factor, accordingly, weighs in favor of pseudonymity as well.

For all of these reasons, the Court concludes that the requested pseudonymity is appropriate, at least at this stage in the litigation. The Court will, if appropriate, revisit this issue at a later stage of the proceeding.[1]

---

[1] Plaintiffs similarly move the Court for permission to fie their declarations in support of the motion to proceed pseudonymously under seal. For the same reasons discussed above, the Court concludes that the Individual Plaintiffs face a significant risk of harm should their identities be revealed. The strong privacy interests at issue, accordingly, weigh in favor of granting the motion to seal. *See United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for leave to proceed under pseudonyms and to file supporting exhibits under seal, Dkt. 12, is hereby **GRANTED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  February 20, 2025