UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REFUGEE AND IMMIGRANT CENTER
FOR EDUCATION AND LEGAL
SERVICES, *et al.*,

       *Plaintiffs*,

  v.

KRISTI NOEM, *Secretary of Homeland
Security, in her official capacity*, *et al.*,

       *Defendants*.

Civil Action No. 25-306 (RDM)

## **ORDER**

Plaintiffs bring this action to challenge the lawfulness of a proclamation issued by President Trump on January 20, 2025, entitled "Guaranteeing the States Protection Against Invasion" and acts taken by Defendants to implement that proclamation. Proclamation No. 10888, 90 Fed. Reg. 8333, 8335–36, §§ 2, 3, 4 (Jan. 20, 2025) ("Proclamation 10888"). Among other things, Proclamation 10888 declares that there is an "invasion" at the southern border of the United States; precludes noncitizens "engaged in the invasion" "from invoking provisions of the [Immigration and Nationality Act ("INA")] that would permit their continued process in the United States, including, but not limited to," the right to seek asylum pursuant to Section 208 of the INA; and instructs the Secretary of Homeland Security to "take all appropriate action to repel, repatriate, or remove" these noncitizens. *Id.* §§ 2, 5.

On February 19, 2025, Plaintiffs filed an emergency motion asking the Court to "stay the removal of Individual Plaintiffs A.M., Z.A., T.A., A.T., N.S., B.R., M.A., and G.A . . . pending resolution of this case." Dkt. 15 at 7. In response, the Court entered a short administrative stay

preventing the government from removing those individuals from the United States before noon on Monday, February 24, 2025.[1]  *See* Dkt. 16.

Defendants filed their response on February 21, 2025.  In lieu of opposing Plaintiffs' motion to stay removal of the Individual Plaintiffs during the pendency of the action, Defendants have agreed not to employ Proclamation 10888 "as a basis for removal of any of the named Plaintiffs currently in the United States during the pendency of this litigation," and they ask that the Court, accordingly, deny Plaintiffs' motion to stay removal as moot and cancel the scheduled hearing on that motion.  Dkt. 21 at 2.  Plaintiffs "agree that the briefing schedule and upcoming hearing on the emergency motion to stay can be vacated."  Dkt. 22 at 1.  They ask, however, "that the Court require Defendants to provide the Court at least seven days' notice if they intend to remove any of these individuals pursuant to some other mechanism."  *Id.*

In light of Defendants' representations that they will not remove the Individual Plaintiffs pursuant to Proclamation 10888 during the pendency of this case, it is hereby **ORDERED** that Plaintiffs' Emergency Motion to Stay Removal, Dkt. 15, is **DENIED** as **MOOT**.  The terms of Proclamation 10888 are sweeping and include, among other things, the suspension of those "provisions of the INA that would permit [the covered noncitizens'] continued presence in the United States," Proclamation 10888 at §§ 2–3, and the President's invocation of Sections 212(f) and 215(a) of the INA and Articles IV of the U.S. Constitution to direct the Secretary of Homeland Security, in coordination with the Secretary of State and the Attorney General, to remove "any alien engaged in the invasion across the southern border of the United States," *id.* § 5.  In concluding that the pending motion for a stay is moot, the Court understands that

---

[1] Plaintiff N.S. had already been removed from the United States prior to the Court's entry of the administrative stay.

Defendants have agreed not to employ these (or any other) provisions of Proclamation 10888 in removing any of the Individual Plaintiffs from the United States during the pendency of this action;

It is further **ORDERED** that, to avoid any misunderstanding regarding the scope of Defendants' agreement and this Order and to permit the parties to have the opportunity to be heard, if necessary, Defendants shall provide the Court and Plaintiffs' counsel with at least seven days' notice before removing any of the Individual Plaintiffs from the United States during the pendency of this action;

It is further **ORDERED** that the briefing schedule on the motion for a stay and the hearing currently set for Monday, February 24, 2025, are **VACATED**; and

It is further **ORDERED** that the parties shall file a joint status report on or before February 26, 2025, at 12:00 p.m. proposing a schedule for further proceedings in this case, including a schedule for filing the administrative record, for addressing class certification, for resolution of Plaintiffs' Motion for a Preliminary Injunction, Dkt. 14, and for resolution of any dispositive motions. The joint status report should also address whether the Court should consolidate the hearing on Plaintiffs' Motion for a Preliminary Injunction with the merits, pursuant to Fed. R. Civ. P. 65(a)(2).

    **SO ORDERED**.

    /s/ Randolph D. Moss
    RANDOLPH D. MOSS
    United States District Judge

Date:  February 22, 2025