## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Refugee and Immigrant Center<br>For Education and Legal Services, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>Kristi Noem, Secretary, U.S.<br>Department of Homeland<br>Security, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:25-cv-00306<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### [PROPOSED] PROTECTIVE ORDER

To facilitate the exchange of records and information for purposes of this litigation without undermining legitimate confidentiality concerns, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order ("Protective Order").

### I.    DEFINITIONS

A. <u>Action</u> – *RAICES, et al. v. Noem, et al.*, Case No. 1:25-cv-00306 (D.D.C.).

B. <u>Agency Counsel</u> – attorneys who are employees of an agency, Department, or Office that a Defendant to this Action leads. Agency Counsel does not include Counsel of Record or any other outside counsel.

C. <u>Challenging Party</u> – a Party that challenges the designation of information or items under this Order.

D. <u>CONFIDENTIAL Information or Items</u> – a Protected Information designation that applies to Protected Information that does not qualify for CONFIDENTIAL – ATTORNEYS'

EYES ONLY designation.

E.  CONableDENTIAL – ATTORNEYS' EYES ONLY Information or Items – a Protected Information designation that may be used for sensitive law enforcement information, proprietary information, or information from, relating to, or exchanged with a foreign government, the disclosure of which to non-qualified people the Producing Party reasonably and in good faith believes would likely jeopardize the safety of law enforcement officers or the public, impede on the use of proprietary technology or databases, threaten law enforcement operations or ongoing investigations, or damage relations with a foreign government.

F.  Counsel – Counsel of Record and Agency Counsel (as well as their support staff) and specifically excluding all Parties.

G.  Counsel of Record – attorneys who represent or advise a Party to this Action and have appeared in this Action on behalf of that Party.

H.  Designating Party – a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

I.  Discovery Material – all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

J.  Expert – a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

K. <u>Non-Party</u> – any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

L. <u>Party</u> – any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (internal or outside) and their support staffs.

M. <u>Producing Party</u> – a Party or Non-Party that produces Discovery Material in this Action.

N. <u>Protected Information or Items</u> – information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), such as:

    1. information, documents, or tangible things, which may include, among other things, records or information from the U.S. Department of Homeland Security (DHS), including U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), and U.S. Citizenship and Immigration Services (USCIS), regarding law enforcement activities and operations, internal policies, processes and/or procedures; training materials; and internal communications, which contain information that is sensitive and confidential, including law enforcement sensitive, information that is proprietary, such as information concerning access to agency databases, and/or information provided on a confidential basis from a foreign agency or authority, for instance, information which could be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b), or other applicable law;

    2. information, documents, or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information that would be covered by the Privacy Act if the

subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;

3. Information contained in or pertaining to: (1) asylum claims or applications, including applications for relief under the Convention Against Torture ("CAT") and applications for refugee admission; (2) legalization applications under 8 U.S.C. § 1255a; (3) Special Agricultural Worker applications under 8 U.S.C. § 1160m; (4) applications for temporary protected status ("TPS") under 8 U.S.C. § 1254a; (5) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child (see 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii); 8 U.S.C. § 1154(a)(1)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(1)(B)(ii), (iii) and (iv)); (6) information protected by 8 U.S.C. § 1367; and 1202(f), 1304(b), and 1367(a)(2), 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 210.2(e), 214.11(e), 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6;

4. identifying or other personal information;

5. all documents or tangible things protected from disclosure by Fed. R. Civ. P. 26(c)(1)(G); and

6. all other protected documents, information, or tangible things not identified above which the Parties agree in writing, or which the Court orders, as qualifying for protection under Federal Rule of Civil Procedure 26(c).

O. Protected Material – any Disclosure or Discovery Material from a Producing Party that includes Protected Information and is thus designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including, without limitation,

Case 1:25-cv-00306-RDM    Document 40    Filed 03/18/25    Page 5 of 20

documents and information produced in response to discovery requests (including third-party subpoenas) and testimony given in deposition or at a hearing (including summaries and compilations thereof), regardless of whether the Disclosure or Discovery Material was produced before the issuance of this Stipulation and Order.

P.  <u>Receiving Party</u> – a Party that receives Disclosure or Discovery Material from a Producing Party.

## II.    SCOPE

The protections and procedures conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

## III.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs. The Parties and any other person(s) or entity subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

## IV.    DESIGNATING PROTECTED MATERIAL

A.  **<u>Exercise of Restraint and Care in Designating Material for Protection</u>** – Documents, things, or information do not qualify for designation as Protected Material if they: (a) have been publicly disclosed by either Party; (b) have been independently obtained by the Receiving Party through lawful means, and are not subject to separate confidentiality

5

orders or obligations; or (c) the Parties agree or the Court rules that the documents, things, or information have become public knowledge other than as a result of disclosure by the Receiving Party. If the Producing Party challenges the Receiving Party's invocation of this provision, then the Receiving Party shall provide written documentation showing the material falls within the categories of non-Protected Information referenced in this provision. This paragraph does not purport to waive or in any other way limit any protection that exists under law.

B. **Manner and Timing of Designations** – Designation in conformity with this Order requires:

    1.  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the term "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "Protected legend") to each page that contains protected material; or designate the document or portion thereof as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by subsequent written notice.

    2.  for any deposition or examination testimony, when a line of questioning is likely to result in the disclosure of Protected Information, that the deponent or examinee, or any Party or their counsel, must:

        a.  state on the record that the question and answer are Protected Information subject to this Protective Order designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY, whereupon that portion of the transcript so designated shall be separately bound and marked

with the appropriate Protected legend;

b.   at any time prior to the conclusion of the deposition, designate the entirety of the deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the right to identify more specific portions of the deposition as to which protection is sought within thirty (30) days following the receipt of the official deposition transcript; or

c.   by letter from Counsel of Record within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), designate the specific pages and lines of the transcript and/or any exhibits that should be treated as Protected Information.

The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Protected Material under this Protective Order until 30 days after the receipt of the transcript by both parties. The 30-day period will begin to run when the last transcript copy is received. In circumstances where portions of the deposition are designated for protection, the transcript pages containing Protected Material may be separately bound by the court reporter, who must affix to the top of each page the Protected legend as instructed by the Designating Party.

During the deposition, the Producing Party will have the right to exclude from attendance at the deposition, during such time as the Protected Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) otherwise agreed upon.

3. <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Protected legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. **Inadvertent Failures to Designate** – If timely corrected, an inadvertent failure to designate qualified information or items as Protected Material does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## V.    ACCESS TO AND USE OF PROTECTED MATERIAL

A. **Basic Principles** – Nothing in this Protective Order shall prohibit a Party or their legal counsel from using or disclosing materials or information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as the Party or their legal counsel would otherwise be authorized to do by law absent entry of the Protective Order.

B. **Meet And Confer** – Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify all other Parties in writing and meet and confer in good faith in an attempt to resolve their dispute(s).

C. **Disclosure of Protected Material** – Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Protected Material only as follows: (1) Protected Material designated as

"CONFIDENTIAL" may be disclosed to the persons and entities identified below as well as the Named Parties and their officers, directors, and employees to whom disclosure is necessary to assist with the prosecution or defense of this Action; (2) Protected Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to the persons and entities identified below to the extent disclosure is necessary to assist with the prosecution or defense of this Action **but not** to the Named Parties and their officers, directors, and employees:

1. The Parties' Counsel of Record and Agency Counsel who are actively engaged in the Action, including their associates, clerks, paralegals, in-house investigators, stenographic personnel, litigation support contractors and such other regular and temporary employees who assist counsel in connection with the Action, including employees of any firm retained to reproduce the Discovery Material for use in accordance with this Protective Order;

2. Any court adjudicating this matter, including its judges, law clerks, judicial assistants, clerks, interpreters and stenographic personnel in connection with the Action, in accordance with the terms of this Protective Order, including the provisions governing filing of Protected Material;

3. The individuals and entities described below, provided that, in advance of disclosure, each reads this Protective Order and agrees in writing to be bound by its terms in the form attached hereto as Exhibit A:

   a. Any designated arbiter or mediator who is assigned to hear this matter;

   b. Any expert or consultant retained by Counsel or a Party to assist in the preparation of this case, or to testify at trial or any other proceeding in this

Action;

    c.  Actual and potential deposition or trial witnesses in this Action (including use in connection with the preparation of said witnesses); and

    d.  Any other person or entity upon such terms and conditions as the Parties may agree or as the Court may hereafter order.

  4.  Proof of each written agreement provided for under paragraph V.C.3 shall be preserved by each of the Parties while the Action is pending and be turned over to the other Parties if ordered to do so by the Court.

D.  **<u>Use Of Information Subject To Protective Order</u>** – Use of any information or documents subject to this Protective Order shall be restricted to use in this litigation and shall not be used by anyone subject to the terms of this Stipulated Protective Order, for any purpose outside of this litigation or any other proceeding between the Parties. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation.

E.  **<u>Filing Protected Material</u>** – Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Confidential Information. A Party may include Protected Material, or any information derived from Protected Material, in a Court filing or other Court presentation only in this Action, and only if the Party (i) obtains the advance written consent of the Designating Party to the disclosure of such materials; (ii) applies to file the materials under seal and permission is granted by the Court in this Action; or (iii) obtains an order of the Court, after reasonable written notice and a reasonable opportunity for the Designating Party to be heard, permitting the disclosure of such

materials. If a Party obtains an order of the Court under (iii) permitting the disclosure of such materials, the Party may file the materials seven (7) days later unless the Designating Party seeks reconsideration within seven days of the order.

## VI.    CHALLENGING PROTECTED DESIGNATIONS

A. **Meet and Confer** – A Party challenging the designation of materials or information as Protected shall initiate the dispute resolution process by providing the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge. The Parties shall then meet and confer in good faith within 7 business days of receipt of such notice in an attempt to resolve the dispute.

B. **Judicial Determination** – Following such consultation, if the Parties are unable to agree on whether the Discovery Material is appropriately designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," then either Party may file a motion requesting that the Court resolve the dispute.

C. Until the Court rules on the challenged designation, all parties must continue to treat the Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," under the terms of this Order.

## VII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Protective Order, seeking production or other disclosure of such Protected Material, then that Party shall give electronic notice to the Designating Party that produced the Protected Material within five (5) business days after receipt of the subpoena or other compulsory process identifying

the Protected Material sought and enclosing a copy of the subpoena or other compulsory process. If the Designating Party timely seeks a protective order, then the Party to which the subpoena or other compulsory process was issued or served shall not produce the Protected Material called for prior to receiving a court order or the consent of the Designating Party. In the event that such Protected Material is produced to the non-party, such material shall still be treated as Protected Material as appropriate by the Parties to this Protective Order.

## VIII.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order, and is subject to the conditions on disclosure provided in this Order.

B.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information that is in the Party's possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party or other confidentiality limitations;

2.  promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party, if

requested.

C.  If the Non-Party fails to authorize the Party to invoke a privilege on its behalf or fails to seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Party in possession of the Non-Party's confidential information may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party in possession of the Non-Party's confidential information shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.  If a Receiving Party learns that, by inadvertence or otherwise, it, or a person or entity to whom it has disclosed Protected Information in accordance with this Protective Order, has disclosed Protected Information to any person or entity in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

   1.  promptly notify the person(s) or entity to whom the unauthorized disclosure was made that the unauthorized disclosure contains Protected Information subject to this Protective Order;

   2.  promptly make all reasonable efforts to obtain the return of the Protected Information and to prevent further unauthorized disclosure of the Protected Information, including requesting the person(s) or entity who received the

unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A;" and

3.  within five (5) business days notify the Producing Party and all other Parties of the identity of the person(s) or entity to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Information that was the subject of unauthorized disclosure.

## X.   CLAWBACK OF PRIVILEGED DOCUMENTS AND INFORMATION

A. Disclosure of privileged documents or information, including through deposition testimony, shall in no way prejudice or otherwise constitute a waiver of any applicable privilege. Any privileged discovery materials or information shall be deemed to have been inadvertently produced.

B. If a Party learns that documents or information produced or provided in this case include privileged information, the Party shall provide reasonably prompt notice to the Receiving Party of the inadvertent disclosure of privileged information. If the Producing Party provides reasonably prompt notice following the discovery of the inadvertent disclosure, the Party shall be deemed to have taken reasonable steps to prevent the disclosure of privileged information and to have acted timely and adequately to rectify the disclosure.

C. Upon receiving notice of disclosure of privileged documents or information, the Receiving Party must immediately return or destroy all copies of the privileged documents or information. To the extent that the information has already been used in or described in other documents generated or maintained by the Receiving Party, the Receiving Party must also destroy any portions of those other documents containing the privileged information.

If the Receiving Party disclosed the specified documents or information before being notified of the disclosure of privileged information, the Receiving Party must take steps to retrieve the documents or information.

## XI.  MISCELLANEOUS

A. <u>Enforceability Upon Signing</u> – By signing the Stipulated Protective Order, the Parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

B. <u>Right to Assert Other Objections</u> – Entering into, agreeing to, producing or receiving Protected Material, or otherwise complying with the terms of this Protective Order, shall not operate as or constitute an admission by any Party that any particular Protected Material contains or reflects information of a sensitive or personal nature or any other type of confidential matter, or prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Protected Material.

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony or other matter at any proceeding related to this Action. The designation of certain information as Protected Material pursuant to this Protective Order shall not, for that reason alone, bar its introduction or use in the Action; provided, however, that every effort shall be made to preserve the confidentiality of the Protected Material.

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this case, and the entry of this Protective Order shall not be construed as the waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

Nothing in this Protective Order shall limit or reduce the Parties' appellate rights arising from any order or judgment arising in connection with the Action.

Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material.

## XII.    FINAL DISPOSITION

Unless otherwise agreed in writing, within 90 days of the conclusion of the Action (defined as the exhaustion of all appeals by any Party to the Action), a Receiving Party must take reasonable steps to destroy or return Protected Material to the Designating Party. Counsel may retain that counsel's work product materials and their file copies of all expert reports, papers filed with the Court, correspondence, transcripts, or deposition or trial exhibits. Any such work product materials or papers shall continue to be treated pursuant to the terms of this Protective Order. Attorneys for the United States may maintain copies of any Protected Material in their case file for this case, and may maintain copies of any notes or summaries derived from such Protected Materials, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

16

DATED: March 14, 2025

/s/ Lee Gelernt
Lee Gelernt (D.D.C. Bar No. NY0408)
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2660
lgelernt@aclu.org

*Counsel for Plaintiffs*

YAAKOV M. ROTH
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST FLENTJE
*Acting Director*

EREZ REUVENI
*Assistant Director*

PATRICK GLEN
DAVID KIM
KATHERINE J. SHINNERS
BRIAN C. WARD
*Senior Litigation Counsel*

ELISSA FUDIM
*Trial Attorney*

/s/ Joseph A. Darrow
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-7537
Email: joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

17

**IT IS SO ORDERED**

Dated: March 18, 2025

_____
Honorable Randolph D. Moss
United States District Court Judge

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Refugee and Immigrant Center<br>For Education and Legal Services, *et al.*,<br><br>         *Plaintiffs,*<br><br>         v.<br><br>Kristi Noem, Secretary, U.S.<br>Department of Homeland<br>Security, *et al.*,<br><br>         *Defendants.* | Civil Action No. 1:25-cv-00306 |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have read and understood the Protective Order entered in the case of *Refugee and Immigrant Center for Education and Legal Services, et al. v. Kristi Noem, et al.*, Case No. 1:25-cv-00306 (D.D.C.), and agree to be bound by all of its terms, including agreeing not to disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt, and agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purposes of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____        _____
                                                    Signature