**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, *et al.*,<br><br>*Defendants*. | No. 1:25-cv-00306 |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND PERMANENT INJUNCTIVE RELIEF**

This matter came before the Court on Plaintiffs' and Defendants' motions for summary judgment. Upon consideration of the motions, the memoranda in support, and the record in this case, and having otherwise been fully advised, the Court concludes that Plaintiffs are entitled to summary judgment. It is therefore hereby ORDERED that Plaintiffs' motion for summary judgment is GRANTED and that Defendants' motion for summary judgment is DENIED; it is further

1. ORDERED that Defendants are permanently enjoined from implementing or enforcing Presidential Proclamation No. 10888, 90 Fed. Reg. 8333 (Jan. 20, 2025) ("Proclamation"), to restrict members of the class certified in this action ("class members") from invoking the statutory protections that Congress has provided for noncitizens who are physically present in the United States, from relying on the Proclamation to engage in "repatriations" or removals of class members

outside of the removal authorities Congress enacted in the Immigration and Nationality Act ("INA"), and from relying on the Proclamation to depart from the screening standards for claims under the Convention Against Torture set forth in the relevant implementing regulations; it is further

2. ORDERED that Defendants are permanently enjoined from relying on any removal orders issued to class members pursuant to the Proclamation; it is further

3. ORDERED that the Court DECLARES that Defendants cannot lawfully implement or enforce the Proclamation or any implementing Guidance to restrict class members from invoking statutory protections that Congress has provided for noncitizens who are physically present in the United States; that Defendants cannot lawfully rely on any removal orders issued to class members pursuant to the Proclamation; that Defendants cannot lawfully rely on the Proclamation or any implementing Guidance to engage in "repatriations" or removals of class members outside of the removal authorities Congress enacted in the INA; and that Defendants cannot lawfully rely on the Proclamation or any implementing Guidance to depart from the screening standards for claims under the Convention Against Torture set forth in the relevant implementing regulations; it is further

4. ORDERED that the Court VACATES the Guidance insofar as it permits Defendants to restrict class members from invoking the statutory protections that Congress has provided for noncitizens who are physically present in the United States; to engage in "repatriations" or removals of class members outside of the removal authorities Congress enacted in the INA; or to depart from the screening standards for claims under the Convention Against Torture set forth in the relevant implementing regulations; it is further

5. ORDERED that Defendants facilitate the return to the United States of Individual Plaintiffs D.G., F.A., K.A., Y.A., and E.G., at no expense to Plaintiffs; and it is further

6. ORDERED that Defendants facilitate the return to the United States of any and all class members "repatriated" or removed from the United States pursuant to the Proclamation or any implementing Guidance, at no expense to Plaintiffs or the proposed class members.

IT IS SO ORDERED, this _____ day of _____, 2025

_____
Honorable Randolph D. Moss
United States District Judge