# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Refugee and Immigrant Center For Education and Legal Services, *et al.*, | ) ) ) |  |
| *Plaintiffs,* | ) ) |  |
| v. | ) ) | Civil Action No. 1:25-cv-00306 |
| Kristi Noem, Secretary, U.S. Department of Homeland Security, *et al.*, | ) ) ) ) |  |
| *Defendants.* | ) ) ) |  |

The following guidance documents are being produced in *Refugee and Immigrant Center for Education and Legal Services, et al., v. Kristi Noem, et al.*, No. 1:25-cv-00306 (D.D.C.), in accordance with the parties' agreement set forth in the Joint Status Report, ECF No. 24, and subsequent Court order.

## INDEX

DOCUMENT                                                                                          PAGE

CBP, U.S. Border Patrol, *Field Guidance for Southern*
      *Border Re: 212(F)Presidential Proclamation*, Feb. 4, 2025          USA00001

CBP, U.S. Border Patrol, *Field Guidance for Northern and Central*          USA00009
      *Borders Re: 212(F)Presidential Proclamation*, Feb. 4, 2025

CBP, U.S. Border Patrol, *Update 212F Third Country*, Feb. 19, 2025          USA00016

CBP, Office of Field Operations, *Implementation of Active Executive*
      *Orders – February 28, 2025*                                                              USA00022

USCIS, *CAT Assessment Instructions and Implementation Guidance*,          USA00034
      Jan. 31, 2025

USCIS, *CAT Assessment Training*, Jan. 31, 2025                                   USA00036

USCIS, *CAT Assessment Worksheet*, Jan. 31, 2025                               USA00048

USCIS, *CAT Assessment Notice*, Jan. 31, 2025                                     USA00051

USCIS, *Guidance on Implementation of Executive Order Guaranteeing*
      *the States Protection Against Invasion*, Feb. 7, 2025                      USA00052

USCIS, *LAS CAT Assessment Guide*, Draft, Feb. 17, 2025                     USA00055

USCIS, *CAT Assessment SharePoint Go-By*, Feb. 7, 2025                     USA00066

Dated: March 17, 2025    Respectfully submitted,

YAAKOV M. ROTH
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST FLENTJE
*Acting Director*

EREZ REUVENI
*Assistant Director*

PATRICK GLEN
DAVID KIM
KATHERINE J. SHINNERS
BRIAN C. WARD
*Senior Litigation Counsel*

ELISSA FUDIM
*Trial Attorney*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-7537
Email: joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 17, 2025, I electronically served the foregoing and the

documents referenced therein on counsel of record for Plaintiffs via email.

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division

| | |
|---|---|
| **From:** | ▮▮▮▮▮▮ |
| **To:** | OPS WEST SECTORS; OPSCENTRALSECTORS; OPS EAST SECTOR |
| **Cc:** | Immigration Prosecution & Custody OPS |
| **Subject:** | Update Field Guidance for Southern Border RE: 212(F) Presidential Proclamation Guaranteeing the States Protection Against Invasion |
| **Date:** | Tuesday, February 4, 2025 2:37:00 PM |
| **Attachments:** | CAT Field Guidance.docx |
| | USBP Southern Border Field Guidance 212(f).docx |

Corridors,

Please disseminate the guidance below to all Southwest Border Sectors.

**BLUF:** **Proclamation 10888,** *Guaranteeing the States Protection against Invasion*, **suspends and limits entry of all illegal aliens encountered by U.S. Border Patrol between the ports of entry at the southern land border.**

- This applies to all illegal aliens who entered the United States after 1800 hours EST January 20, 2025.

The entry of any illegal alien invading the United States (which is defined as an alien who crosses between the ports of entry on the southern land border) is suspended pursuant to section 212(f) and 215(a) of the INA.

Aliens participating in this invasion are also restricted from invoking INA provisions that would permit their continued presence in the United States, including discretionary relief. The Proclamation specifically identified section 208 of the INA, and directs that aliens invading the United States are **not permitted to apply for asylum.**

An alien subject to the Proclamation may be processed as a 212(f) Direct Repatriation (**if able to be repatriated to Mexico)** or an Expedited Removal.

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- ▮▮▮▮▮▮▮▮▮▮▮▮▮
- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Although the appropriate processing pathway for a particular alien should be determined based on the totality of the circumstances. This includes family units and family groups, as appropriate. In all cases, the appropriate processing disposition should be determined on a case-by-case basis, considering the totality of the circumstances.

In accordance with TVPRA, continue to process Unaccompanied Alien Children (UAC) under normal processing procedures.

The below workflows describe the steps and processes to be followed when processing an illegal alien for 212(f) repatriation or expedited removal. For all such illegal aliens, agents **should not use Form I-867A, Form I-867B, or Form M-444, or ask specific fear questions. These forms are not available in either e3 disposition described below. ==Agents will refer any alien who manifests fear to U.S. Citizenship and Immigration Services (USCIS) for a Convention against Torture (CAT) screening. (See attached CAT screening guidance)==

Illegal aliens who entered before the Proclamation's suspension and limitation on entry was active, or those encountered after the suspension and limitation on entry is discontinued, should be processed via the preexisting ER and ER/CF dispositions, which include the above listed forms. This is determined by the entry date and time, including the full scope ER authority.

**212(f) Direct Repatriations to Mexico**

- ██████████
- ████████████
- ███████████
- ████████████████
- ████████████████████
- ██████████████
- █████
  - Agents will be required to book all subjects under 1182f, from whom DNA is collected ████████████████████████████████████████████ ████████. These subjects should be booked under 8 USC 1182 (Inadmissible Aliens).

**Expedited Removal - Per 212(F)** ██████████
- For all illegal aliens who are subject to the Proclamation, process them consistent with the steps below.
- ████████████████████████
- ██████████████
- ███████████████████████████
  - ████████████████████████████████
  - ████████████
  - ██████████████████
  - ████████████
  - █████████████
  - ████████████
  - El Salvadorans must be provided with all advisals consistent with *Orantes*.

Respectfully,

██████████
(A) Assistant Chief
U.S. Border Patrol Headquarters
LEOD/Immigration Prosecutions and Custody
GOV: ████████████

C: ████████

USA00003

**BLUF:** **All Illegal Aliens (IA) subject to the Presidential Proclamation,** *Guaranteeing the states protection against invasion,* **are eligible for Convention Against Torture (CAT) claims under 212(f).**

The following guidance provides additional information and describes the processing and referral actions necessary to document any CAT claims under 212(f).

Under the CAT process there is **no consultation period or right to counsel**.  IAs are required to have a private screening area during their interview.

IA's apprehended by USBP that are subject to the Proclamation who manifests or expresses fear of the country where USBP would like to return them, (e.g. Mexico, Canada, or their home country) should be processed according to the instructions below:

For direct repatriations to Mexico:

- ███████████████████████████████████
- ███████████████████
- ████████████████████████
- ██████████████████████ the intake page to stamp the file for USCIS.
- Annotate in the I-213 narrative that the subject will be referred to USCIS for a CAT interview and **include the country of return** so that USCIS can determine fear of torture to that country.
- █████████████████████████████████████
- ████████████████████
- Once USCIS accepts the interview referral, schedule the IA for a CAT interview using the USCIS SharePoint site.

For IA's processes under the ████████████ removal pathway that can be easily removed to their home country or Mexico:

- ████████████████████████████████
- ██████████████████████
- ████████████████████
- █████████████████████████████████████████████
- Annotate in the I-213 narrative that the subject will be referred to USCIS for a CAT interview and **include the country of return** so that USCIS can determine fear of torture to that country.
- █████████████████████████████████████
- ████████████████████
- Once USCIS accepts the interview referral, schedule the IA for a CAT interview using the USCIS SharePoint site.

For IA's from hard to remove countries:

- ██████████████
- ████████████████████████

USA00004

■ ████████████████
■ █████████████████████████████████████████████

- Annotate in the I-213 narrative that the subject will be referred to USCIS for a CAT interview and **include the country of return** so that USCIS can determine fear of torture to that country.
- Refer to ERO for detention and CAT interview.

If for any reason the designated country of removal changes, and the IA manifest fear for the newly designated country they must be re-screened for the newly designated country.

Once USCIS adjudicates the claim, they will issue a determination.

- If negative, USCIS will issue the determination and USBP should continue with the process of repatriation or removal.
- If positive reprocess as a ████████ and submit to CAS for ERO detention.

==If Electronic Referrals or the USCIS Scheduling SharePoint is unavailable, please refer to the emails below to refer and schedule the CAT interview.==

==Automated referral system will be updated on 2/13/2025==

==USCIS SharePoint link:== CAT Scheduling Tool App

| Inbox | Purpose |
|---|---|
| ████████████████████████ | Public-facing inbox for inquiries and for attorneys to provide G-28s |
| ████████████████ | Public-facing inbox to receive and communicate about RFRs |
| ████████████████ | Reserved for communications between ████████ and ████████ |
| ████████████████████ | Reserved for communications between ████████ ██ and ████████ |
| ████████████████ | Reserved for communications between ████████ and ████████ |
| ████████████████ | Reserved for communications between ████████████ and ████████ |
| ████████████████████ | Reserved for communications between ████████ and ████████ |
| ████████████████████ | Reserved for communications between ████████ and ████████ |
| ████████████████████ | Reserved for communications between ████████████ and ████████ |

| | |
|---|---|
| ███████████████ | Reserved for communications between ████████ ████████ and █████ |
| █████████████████ | Reserved for communications between ██ and ████ |
| ██████████████ | General BP mailbox for all other Sectors |

USA00006

**<u>BLUF:</u>  Proclamation 10888, *Guaranteeing the States Protection against Invasion*, suspends and limits entry of all illegal aliens encountered by U.S. Border Patrol between the ports of entry at the southern land border.**
- This applies to all illegal aliens who entered the United States after 1800 hours EST January 20, 2025.

The entry of any illegal alien invading the United States (which is defined as an alien who crosses between the ports of entry on the southern land border) is suspended pursuant to section 212(f) and 215(a) of the INA.

Aliens participating in this invasion are also restricted from invoking INA provisions that would permit their continued presence in the United States, including discretionary relief. The Proclamation specifically identified section 208 of the INA, and directs that aliens invading the United States are **not permitted to apply for asylum.**

An alien subject to the Proclamation may be processed as a 212(f) Direct Repatriation (**if able to be repatriated to Mexico)** or an Expedited Removal.



Although the appropriate processing pathway for a particular alien should be determined based on the totality of the circumstances. This includes family units and family groups, as appropriate. In all cases, the appropriate processing disposition should be determined on a case-by-case basis, considering the totality of the circumstances.

In accordance with TVPRA, continue to process Unaccompanied Alien Children (UAC) under normal processing procedures.

The below workflows describe the steps and processes to be followed when processing an illegal alien for 212(f) repatriation or expedited removal. For all such illegal aliens, agents **should not use Form I-867A, Form I-867B,** or Form M-444, or ask specific fear questions. These forms are not available in either e3 disposition described below. <mark>Agents will refer any alien who manifests fear to U.S. Citizenship and Immigration Services (USCIS) for a Convention against Torture (CAT) screening. (See attached CAT screening guidance)</mark>

Illegal aliens who entered before the Proclamation's suspension and limitation on entry was active, or those encountered after the suspension and limitation on entry is discontinued, should be processed via the preexisting ER and ER/CF dispositions, which include the above listed forms. This is determined by the entry date and time, including the full scope ER authority.

**212(f) Direct Repatriations to Mexico**



- o Agents will be required to book all subjects under 1182f, from whom DNA is collected ██████████████████████. These subjects should be booked under 8 USC 1182 (Inadmissible Aliens).

**Expedited Removal - Per 212(F)** ████████████
- For all illegal aliens who are subject to the Proclamation, process them consistent with the steps below.



- o El Salvadorans must be provided with all advisals consistent with *Orantes*.

| From: | ██████████ |
|---|---|
| To: | OPS WEST SECTORS; OPSCENTRALSECTORS; OPS EAST SECTOR |
| Cc: | Immigration Prosecution & Custody OPS |
| Subject: | Field Guidance for Northern and Coastal Borders RE: 212(F) Presidential Proclamation Guaranteeing the States Protection Against Invasion |
| Date: | Tuesday, February 4, 2025 3:04:00 PM |
| Attachments: | USBP Northern and Coastal 212(f) Section 3 Field Guidance (2).docx |
| | CAT Field Gudance Northern and Coastal Border.docx |

Corridors,

Please disseminate the guidance below to all Northern and Coastal Border Sectors.

-

-

-

**BLUF:** **Section 3 of Proclamation 10888, *Guaranteeing the States Protection against Invasion*, suspends and limits entry of certain illegal aliens encountered by U.S. Border Patrol between the ports of entry at the southern, northern, and coastal border.**

- This applies to certain illegal aliens who entered the United States after 1800 hours EST January 20, 2025.

Aliens seeking to enter the United States must provide Federal officials with sufficient medical information and reliable criminal history and background information to enable fulfillment of the requirements of sections 212(a)(l)-(3) of the INA. Under Section 3 of the Proclamation, the entry of aliens who failed to provide such information is suspended, and they are restricted from invoking provisions of the INA, **including asylum**, that would permit their continued presence. Presumptively, any alien with valid travel documents has already fulfilled these requirements.

An alien subject to the Proclamation may be processed as a 212(f) Direct Repatriation (**if able to be repatriated to their country of last transit**) or an Expedited Removal (ER).

- ███████████████████████████████████
- ██████████████████████████
- █████████████████████████████████████████

The appropriate processing pathway for a particular alien should be determined based on the totality of the circumstances. This includes family units and family groups, as appropriate. In all cases, the appropriate processing disposition should be determined on a case-by-case basis, considering the totality of the circumstances.

Unaccompanied Alien Children (UAC) shall continue to be processed under normal processing procedures consistent with the TVPRA. Family units shall continue to be processed consistent with the requirements of *Flores* and the *Ms. L v. ICE* Settlement Agreement

The below workflows describe the steps and processes to be followed when processing an illegal alien for 212(f) Direct Repatriation or Expedited Removal. For all such illegal aliens, agents **should not use Form I-867A, Form I-867B, or Form M-444, or ask specific fear questions.** These forms are not available in either e3 disposition described below. <mark>Agents will refer any alien who manifests fear to U.S. Citizenship and Immigration Services (USCIS) for a</mark>

==Convention against Torture (CAT) screening. (See attached CAT screening guidance)==

Illegal aliens who entered before the Proclamation's suspension and limitation on entry was active, or those encountered after the suspension and limitation on entry is discontinued, should be processed via the preexisting ER and ER/Credible Fear dispositions, which include the above listed forms. This is determined by the entry date and time, including the full scope ER authority.

**212(f) Direct Repatriations to Country of Last Transit**

- ███████
- ████████████████████
- ████████
- ██████████
- █████████████
- █████████
- ███
  - Agents will be required to book all subjects under 1182f, from whom DNA is collected ████████████████████████████████████. These subjects should be booked under 8 USC 1182 (Inadmissible Aliens).

**212(f) Expedited Removal ██████**
- For all illegal aliens who are subject to the Proclamation, but who cannot be directly repatriated to their country of last transit, process them consistent with the steps below.

- ████████████████
- ████████████
- ██████████████████████
  - ██████████████████████████
  - ████████████████
  - ██████████
  - ███████
  - █████████
  - ████████
  - Salvadorans must be provided with all advisals consistent with *Orantes*.

Respectfully,

████████
(A) Assistant Chief
U.S. Border Patrol Headquarters
LEOD/Immigration Prosecutions and Custody

GOV: 
C:

USA00011

**<u>BLUF:</u> All Illegal Aliens (IA) subject to the Presidential Proclamation, *Guaranteeing the states protection against invasion,* are eligible for Convention Against Torture (CAT) claims under 212(f).**

The following guidance provides additional information and describes the processing and referral actions necessary to document any CAT claims under 212(f).

Under the CAT process there is **<u>no consultation period or right to counsel</u>**. IAs are required to have a private screening area during their interview.

IA's apprehended by USBP that are subject to the Proclamation who manifests or expresses fear of the country where USBP would like to return them, (e.g. Mexico, Canada, or their home country) should be processed according to the instructions below:

For direct repatriations to Mexico:

- ████████████████████████████████
- ████████████████
- ██████████████
- ███████████████████████████████████████
- Annotate in the I-213 narrative that the subject will be referred to USCIS for a CAT interview and **<u>include the country of return</u>** so that USCIS can determine fear of torture to that country.
- ███████████████████████████
- ████████████████
- Once USCIS accepts the interview referral, schedule the IA for a CAT interview using the USCIS SharePoint site.

For IA's processes under the ████████████ removal pathway that can be easily removed to their home country or Mexico:

- █████████████████████
- ██████████████████
- ████████████████
- ███████████████████████████████████████
- Annotate in the I-213 narrative that the subject will be referred to USCIS for a CAT interview and **<u>include the country of return</u>** so that USCIS can determine fear of torture to that country.
- ███████████████████████████
- ████████████████
- Once USCIS accepts the interview referral, schedule the IA for a CAT interview using the USCIS SharePoint site.

For IA's from hard to remove countries:

- ████████████
- ██████████████████

- ▪ ████████████████████
- ▪ ████████████████████████████████
- Annotate in the I-213 narrative that the subject will be referred to USCIS for a CAT interview and **include the country of return** so that USCIS can determine fear of torture to that country.
- Refer to ERO for detention and CAT interview.

If for any reason the designated country of removal changes, and the IA manifest fear for the newly designated country they must be re-screened for the newly designated country.

Once USCIS adjudicates the claim, they will issue a determination.
- If negative, USCIS will issue the determination and USBP should continue with the process of repatriation or removal.
- If positive reprocess as a ████████ and submit to CAS for ERO detention.

If Electronic Referrals or the USCIS Scheduling SharePoint is unavailable, please refer to the emails below to refer and schedule the CAT interview.

Automated referral system will be updated on 2/13/2025

USCIS SharePoint link: CAT Scheduling Tool App

| Inbox | Purpose |
|---|---|
| ████████████████████ | General BP mailbox for all Northern and Coastal Sectors |

**<u>BLUF:</u> Section 3 of Proclamation 10888,** *Guaranteeing the States Protection against Invasion***, suspends and limits entry of certain illegal aliens encountered by U.S. Border Patrol between the ports of entry at the southern, northern, and coastal border.**

- This applies to certain illegal aliens who entered the United States after 1800 hours EST January 20, 2025.

Aliens seeking to enter the United States must provide Federal officials with sufficient medical information and reliable criminal history and background information to enable fulfillment of the requirements of sections 212(a)(l)-(3) of the INA. Under Section 3 of the Proclamation, the entry of aliens who failed to provide such information is suspended, and they are restricted from invoking provisions of the INA, **including asylum**, that would permit their continued presence. Presumptively, any alien with valid travel documents has already fulfilled these requirements.

An alien subject to the Proclamation may be processed as a 212(f) Direct Repatriation (**if able to be repatriated to their country of last transit)** or an Expedited Removal (ER).

The appropriate processing pathway for a particular alien should be determined based on the totality of the circumstances. This includes family units and family groups, as appropriate. In all cases, the appropriate processing disposition should be determined on a case-by-case basis, considering the totality of the circumstances.

Unaccompanied Alien Children (UAC) shall continue to be processed under normal processing procedures consistent with the TVPRA.  Family units shall continue to be processed consistent with the requirements of *Flores* and the *Ms. L v. ICE* Settlement Agreement

The below workflows describe the steps and processes to be followed when processing an illegal alien for 212(f) Direct Repatriation or Expedited Removal. For all such illegal aliens, agents **should not use Form I-867A, Form I-867B**, or Form M-444, or ask specific fear questions. These forms are not available in either e3 disposition described below. ==Agents will refer any alien who manifests fear to U.S. Citizenship and Immigration Services (USCIS) for a Convention against Torture (CAT) screening. (See attached CAT screening guidance)==

Illegal aliens who entered before the Proclamation's suspension and limitation on entry was active, or those encountered after the suspension and limitation on entry is discontinued, should be processed via the preexisting ER and ER/Credible Fear dispositions, which include the above listed forms. This is determined by the entry date and time, including the full scope ER authority.

**212(f) Direct Repatriations to Country of Last Transit**



- o Agents will be required to book all subjects under 1182f, from whom DNA is collected ██████████████████████████. These subjects should be booked under 8 USC 1182 (Inadmissible Aliens).

**212(f) Expedited Removal** ██████████

- o Salvadorans must be provided with all advisals consistent with *Orantes*.

| | |
|---|---|
| From: | ███████████ |
| To: | OPS EAST SECTOR; OPS WEST SECTORS; OPSCENTRALSECTORS |
| Cc: | Immigration Prosecution & Custody OPS; ████████; ████████ |
| Subject: | Update 212F Third Country |
| Date: | Wednesday, February 19, 2025 5:31:48 PM |
| Attachments: | 212 Tear Sheet FINAL.docx |
| | 212(f) process model FINAL.docx |

Corridors,

BLUF: The United States (U.S.) has enacted agreements with several Central American countries to receive third country nationals who have illegally entered the U.S. These aliens are primarily citizens of countries that the Department of Homeland Security (DHS) has identified as "Hard to Remove." DHS is implementing the below process to document the encounter and transfer of these aliens out of custody.

## DHS PROCESS:

- All illegal aliens subject to Presidential Proclamation 10888, *Guaranteeing the States Protection Against Invasion*, will be processed pursuant to sections 212(f) and 215(a) of the Immigration and Nationality Act.
- Customs and Border Protection (CBP) will notify illegal aliens not being directly transferred to their country of citizenship or nationality to which country they will be sent.
  - Verification and status of countries currently accepting third country nationals from the United States will be confirmed with DHS OIA prior to movement.
  - Aliens will be presented with the 212(f) Tear Sheet noting the country of designation.
  - In accordance with Presidential Proclamation 10888, the alien will not be asked fear questions.
- Illegal aliens who manifest a fear of the country to which CBP intends to return them, will be referred to United States Citizenship and Immigration Services (USCIS) for a Convention Against Torture (CAT) screening.
- CBP will include on the I-213 the designated country of return and provide this to USCIS so that USCIS can screen the alien for the appropriate country.
  - USCIS will interview the alien and issue a determination:
    - Negative: CBP will continue with transfer of the alien to the designated country.
    - Positive: CBP may designate another third country for removal or CBP may place the alien into proceedings with the Executive Office of Immigration Review (EOIR) for final adjudication of their CAT claim.
  - If for any reason the designated country changes after USCIS has issued a determination and the alien manifests a fear for the newly designated country, CBP will again refer the case to USCIS for another CAT screening relative to the newly designated country.
    - 
- Once DHS processing is complete, including a finding of no fear by USCIS or if the

alien has not manifested a fear, the alien can be transferred to the designated country on the next scheduled movement.

**Border Patrol**

**212(f) Direct Repatriations to Third Country**



- ○ Agents will be required to book all subjects under 1182f, from whom DNA is collected ███████████████████████ These subjects should be booked under 8 USC 1182 (Inadmissible Aliens).
- Document the issuance of the Tear Sheet within the I-213 Narrative.
- Alien will be provided the Tear Sheet. (b) (5) ███████████████

███████████████ Division Chief
USBP Headquarters, LEOD
Immigration, Prosecution, and Custody Operations
U.S. Border Patrol Headquarters
C: ███████████

**Transportation to [Insert Country]**

**<u>Presidential Proclamation 10888 -- Guaranteeing the States Protection Against Invasion</u>**

You are being transported from the United States to _____, under Presidential Proclamation 10888, *Guaranteeing the States Protection Against Invasion*, as an alien whose entry to the United States has been suspended pursuant to sections 212(f) and 215(a) of the Immigration and Naturalization Act, as well as the powers of the President under the Constitution of the United States.  The United States has arrangements with countries, including the country noted above, that allow for aliens to be transported there.

By my signature, I acknowledge that this information has been provided to me and I have read and understood the statement contained above.

_____-_____          _____-_____
Print Name [A- Number]                                                Signature [DATE/TIME]

[If translated] - I, _____, read this form to the alien whose signature appears above, in _____ language, which the alien understands.

February 2025
USA00018



**U.S. Department of Homeland Security**
**National Security Incident Command Center**
**Washington, D.C.**

## ISSUE / BRIEFING TOPIC:

The United States (U.S.) has enacted agreements with several Central American countries to receive third country nationals who have illegally entered the U.S. These aliens are primarily citizens of countries that the Department of Homeland Security (DHS) has identified as "Hard to Remove." DHS is implementing the below process to document the encounter and transfer of these aliens out of custody.

## DHS PROCESS:

- All illegal aliens subject to Presidential Proclamation 10888, *Guaranteeing the States Protection Against Invasion*, will be processed pursuant to sections 212(f) and 215(a) of the Immigration and Nationality Act.
- Customs and Border Protection (CBP) will notify illegal aliens not being directly transferred to their country of citizenship or nationality to which country they will be sent.
  - Verification and status of countries currently accepting third country nationals from the United States will be confirmed with DHS OIA prior to movement.
  - Aliens will be presented the 212(f) Tear Sheet noting the country of designation.
  - In accordance with Presidential Proclamation 10888, the alien will not be asked fear questions.
- Illegal aliens who manifest a fear of the country to which CBP intends to return them, will be referred to United States Citizenship and Immigration Services (USCIS) for a Convention Against Torture (CAT) screening.
- CBP will include on the I-213 the designated country of return and provide this to USCIS so that USCIS can screen the alien for the appropriate country.
  - USCIS will interview the alien and issue a determination:
    - Negative: CBP will continue with transfer of the alien to the designated country.
    - Positive: CBP may designate another third country for removal or CBP may place the alien into proceedings with the Executive Office of Immigration Review (EOIR) for final adjudication of their CAT claim.
  - If for any reason the designated country changes after USCIS has issued a determination and the alien manifests a fear for the newly designated country, CBP will again refer the case to USCIS for another CAT screening relative to the newly designated country.
    - 
- Once DHS processing is complete, including a finding of no fear by USCIS or if the alien has not manifested a fear, the alien can be transferred to the designated country on the next scheduled movement.

**FOR OFFICIAL USE ONLY**

**212(f) Tear Sheet**:

**Transportation to [Insert Country]**

**Presidential Proclamation 10888 -- Guaranteeing the States Protection Against Invasion**

You are being transported from the United States to _____, under Presidential Proclamation 10888, Guaranteeing the States Protection Against Invasion, as an alien whose entry to the United States has been suspended pursuant to sections 212(f) and 215(a) of the Immigration and Naturalization Act, as well as the powers of the President under the Constitution of the United States.  The United States has arrangements with countries, including the country noted above, that allow for aliens to be transported there.

By my signature, I acknowledge that this information has been provided to me and I have read and understood the statement contained above.

_____-_____
Signature
[DATE/TIME]

[If translated] - I, _____, read this form to the alien whose signature appears above, in _____ language, which the alien understands.

**FOR OFFICIAL USE ONLY**

2

USA00021



1300 Pennsylvania Avenue, NW
Washington, DC 20229

U.S. Customs and
Border Protection

February 28, 2025

MEMORANDUM FOR:     Executive Directors
                    Directors, Field Operations
                    Office of Field Operations

FROM:               Ray Provencio
                    Acting Executive Director, Admissibility and Passenger Programs
                    Office of Field Operations

SUBJECT:            Implementation of Active Executive Orders – February 28, 2025

This memorandum and accompanying muster update the guidance package of the same title,
issued on February 7, 2025. There are multiple active Executive Orders/Presidential
Proclamations as of February 28, 2025, including:
- *Guaranteeing the States Protection Against Invasion* (January 2025)
- *Securing Our Borders* (January 2025)
- *Securing the Border* (September 2024)

Among other authorities, the *Guaranteeing the States Protection Against Invasion* and the
*Securing the Border* Proclamations leverage INA 212(f) authorities. This authority provides the
ability for U.S. Customs and Border Protection (CBP) personnel to immediately and efficiently
repatriate undocumented aliens that are not excepted at all U.S. ports of entry. ████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████.

Updates regarding certain non-arriving aliens can be found in the attached muster, in addition to
updated refugee processing guidance due to a recent preliminary injunction. Active executive
actions do not change existing policies on the identification and processing of unaccompanied
alien children (UACs), the processing of children consistent with the *Flores* Settlement
Agreement, requirements under *Orantes*, or requirements under the *Ms. L* Settlement Agreement.

Please ensure this memorandum and the attached muster are distributed to port personnel.
Should you require additional information, please contact ████████████ Director,
Enforcement Programs Division.

For Official Use Only
Law Enforcement Sensitive

## Muster

| | |
|---|---|
| **Date**: | February 28, 2025 |
| **Topic**: | Update:  Implementation of Active Executive Orders – February 28, 2025 |
| **Headquarters POCs**: | Admissibility Policy Concerns: Enforcement Programs Division (███████████████████@cbp.dhs.gov) |
| | Secondary Processing Systems: HQ USEC Team (█████████@cbp.dhs.gov) |
| | Operational Concerns: Law Enforcement Operations Division (████████████@cbp.dhs.gov) |

***This guidance updates the muster, Implementation of Active Executive Orders, issued on February 7, 2025.***

Overview:
- There are multiple active executive actions as of February 28, 2025, such as:
  - *Guaranteeing the States Protection Against Invasion* (January 2025), specifically, Section 3 of Presidential Proclamation 10888, suspends entry to the U.S. at all ports of entry (POEs) for aliens who fail to provide sufficient medical information and reliable criminal history and background information to enable fulfillment of the requirements of sections 212(a)(l)-(3) of the Immigration and Nationality Act (INA), pursuant to sections 212(f) and 215(a) of the INA, and restricts access to provisions of immigration law that would permit an alien's continued presence in the United States, including, but not limited to, Section 208 of the INA.
  - *Securing Our Borders* (January 2025) strengthens immigration response requirements and border security measures, ending "Catch and Release" practices, and reiterates the appropriate discretionary use of parole on a case-by-case basis.
  - *Realigning the United States Refugee Admissions Program* (January 2025) suspends the entry of refugees under the U.S. Refugee Admission Program (USRAP) pursuant to sections 212(f) and 215(a) of the INA.
  - *Securing the Border* (September 2024) suspends and limits the entry of certain aliens into the United States across the southern border with Mexico, maritime borders approximate to the southern border and the Gulf, the Virgin Islands, and Puerto Rico and does so during emergency border circumstances pursuant to sections 212(f) and 215(a) of the INA.
- Changes in the operational landscape due to the Executive Orders and the Proclamation will be addressed by Office of Field Operations (OFO) through strategic resource leveraging in the following areas of consideration: pre-processing steps, port security, inspecting aliens in the appropriate manner.

Implementation of Active EOs
Page **2** of **11**

<u>Scope</u>:
- The following are not subject to the Proclamation *Guaranteeing the States Protection Against Invasion* (January 2025):
  - U.S. citizens (USCs) and Lawful Permanent Residents (LPRs);
  - Unaccompanied alien children (UAC); and
  - Aliens with valid entry documents or authorizations (e.g., visa, ESTA, or who otherwise provide sufficient medical information or reliable criminal history information).
- Aliens subject to the Proclamation shall not be permitted to cross the international boundary.
  - 
- An undocumented alien who claims or manifests a fear at the international boundary line to CBP personnel is not excepted from the Proclamation.
- Undocumented aliens who have evaded international boundary line operations, via vehicle or other means such as on foot or by rail, are not excepted from the Proclamation.
  - ███████████████████████████████████
- Undocumented aliens using force against CBP personnel to evade international boundary line operations should be referred for prosecution.
- Once present in the United States, all applicants for admission must be inspected and processed by CBP officers.

<u>Processing</u>:
- ██████████████████████████████████████████
- CBP officers will not provide Forms I-867A and I-867B and will not provide individualized advisals on asylum.
- CBP officers will refer any alien who manifests fear to U.S. Citizenship and Immigration Services (USCIS) for a Convention Against Torture (CAT) screening; USCIS should be contacted at the following address to facilitate CAT screenings: ████████████@uscis.dhs.gov.
  - CAT screening facilitation should occur while subjects are in CBP custody at POEs, when possible.
  - ████████████████████████████████

For Official Use Only
Law Enforcement Sensitive



- o When a CAT screening is completed, CBP officers must answer the corresponding "closeout" questions to document the outcome of the interview.
- o Should times in custody or detention capacity become an operational concern, transfer to U.S. Immigration and Customs Enforcement (ICE) – Enforcement Removal Operations (ERO) may be required.
- o ███████████████████████████████████████████████.

- Aliens who are not subject to the Proclamation because they present valid entry documents (e.g., nonimmigrant visa) or who otherwise provide sufficient medical information or reliable criminal history information during their application for admission and are found to be inadmissible, should still be processed under existing policies and procedures, including sworn statements.

- ███████████████████████████████████████████
██████████████████████████████



Implementation of Active EOs
Page **4** of **11**

     o  Event Disposition (Summary)



     o  I-213



     o  I-862



     o

- In all cases, the appropriate processing disposition should be determined on a case-by-case basis, considering the totality of the circumstances; if there are indicators of fraudulent documents or fraudulent activity,

  o Aliens not subject to the Proclamation will be processed in accordance with current policy and practices under Title 8.
- The Proclamation does not change existing policies on the identification and processing of UAC, the processing of children consistent with the *Flores* Settlement Agreement, requirements under *Orantes*, or requirements under the *Ms. L* Settlement.

Implementation of Active EOs
Page **5** of 11

Port Security:

- POEs will take active, preventative measures when necessary, including the suspension of operations when required due to security concerns.
  - The use of ████████████████████████████ should be leveraged where available and appropriate.
  - Available law enforcement assets such as ████ ████████████████████████████████ should be deployed where available and appropriate.
  - 
  - ████████████████████████████████████████
- When necessary to respond to a specific threat to human life, and when time and circumstances reasonably preclude the exercise of such authority by the Senior Official Performing the Duties of the Commissioner (SOPDOC), the authority to close temporarily any CBP office or POE along the southwest border between the United States and Mexico, or to temporarily take any other lesser action that may be necessary to respond to the specific threat to human life, is delegated (See *Delegation Order 23-026* dated December 07, 2023) to Senior Executive Leadership.

Processing of Refugees:

- On February 25, 2025, the U.S. District Court for the Western District of Washington (State) granted a preliminary injunction on enforcing implementing Sections 3(a), (b), and (c) and Section 4 of Presidential Executive Order 141063, *Realigning the United States Refugee Admissions Program*, issued on January 20, 2025; as such, processing first-time refugees and returning refugees will revert back to guidance in place prior to Executive Order 14163:
  - CBP officers encountering aliens seeking admission to the United States under Section 207 of the Immigration and Nationality Act (INA) with documentation issued by the U.S. Government (i.e., ZZ visa foils) are authorized to admit the aliens under the provisions of INA Section 207.
  - CBP officers encountering aliens who are returning from a foreign visit with documentation authorizing travel (i.e., Form I-571 Refugee Travel Document endorsed as a "Refugee") are authorized to permit such aliens to resume refugee status in the United States.
  - Refugees who appear to be inadmissible for one or more grounds listed in INA Section 212(a) (other than (7)(A)(i)(I)), may be processed for removal proceedings under INA Section 240 or permitted to withdraw their application for admission under INA Section 235(a)(4).

Implementation of Active EOs
Page **6** of **11**

Cessation of "Catch and Release" and Use of Parole:

- The cessation of "Catch and Release" policies do not change any of the requirements of the *Ms. L* Settlement Agreement or CBP policies governing the processing and separation of family units. Families may only be separated in accordance with the *Ms. L* Settlement Agreement. Similarly, the cessation of "Catch and Release" policies does not change any procedures governing the processing of UAC as codified in the Trafficking Victims Protection Reauthorization Act (TVPRA).
  o ███████████████████████████████████████████████.
  o ███████████████████████████████████████████████
    ███████.

- CBP officers inspecting applicants for admission to the United States are reminded that aliens who are charged as inadmissible are expected to be detained until the conclusion of proceedings, pursuant to Section 235(b)(1) and (2) of the INA.
- ████████████████████████████████████████████████████
  ███████████████████.
  o CBP retains discretion under Section 235(a)(4) of the INA to permit an alien to withdraw their application for admission.
- If an inadmissible applicant for admission is not able to immediately depart foreign, then port leadership must take every reasonable action to detain the alien pending removal.
  o ████████████████████████████████████████████████████

- Title 6, United States Code Section 211(m) designates CBP POEs as short-term processing locations and defines short term as 72 hours or less.
  o Long term custody of inadmissible or removable aliens is the statutory responsibility of ICE-ERO.



Implementation of Active EOs
Page **7** of **11**

- o   Reporting must be completed in alignment with Operations Directorate (OPS).
    guidance.
- The following uses of parole may continue with DFO awareness and approval:



- This muster and the requirements herein may apply similarly to certain CBP encounters of
  non-arriving aliens who are inadmissible or removable including encounters of aliens
  returned to the U.S. under a Safe Third Country Agreement (STCA).
  - o   OFO, in the interest of the recent memorandum, "Operational Priority – Safeguard
      America by Securing Our Border," should remain steadfast in their duty to protect the
      public and leverage all methods of enforcement and authorities available to CBP under
      federal law, especially when new derogatory information is identified for an alien.



  - o   (Non-arriving) Presently approved TPS:



  - o   (Non-arriving) Presently pending application adjudication for an immigration benefit
      filed with USCIS:



Implementation of Active EOs
Page **8** of **11**

- ▪ 

- o (Non-arriving) Presently in lawful parole status:



- o (Non-arriving) Presently in removal proceedings:
  - ▪
  - ▪



- • If ICE-ERO declines custody for any alien requiring detention, DFOs should directly consult with their local ICE-ERO counterparts.
  - o



- •



- Please see the supplemental guidance, attached, regarding those with newly identified derogatory information.

Expansion of Use of Expedited Removal:
- On January 24, 2025, the Acting Secretary of Homeland Security issued a Federal Register notice (90 FR 8139) expanding the authority for CBP to process the following aliens for ER:
  - Aliens who did not arrive by sea, who are encountered anywhere in the United States more than 100 air miles from a U.S. international land border, and who have been continuously present in the United States for less than two years; and
  - Aliens who did not arrive by sea, who are encountered within 100 air miles from a U.S. international land border, and who have been continuously present in the United States for at least 14 days but for less than two years.
- Prior to this Federal Register notice, CBP officers were limited to processing ER cases for aliens who were found within 100 air miles of the U.S. border and who had been present in the United States for less than 14 days; and applicants for admission encountered at a POE.
- Inadmissible alien applicants for admission encountered at POEs and who meet the conditions listed in 8 CFR 235.3(b)(2) will not be affected by this notice, and processed in alignment with pre-existing guidance on ER.
- Notwithstanding the processes and procedures applicable to the active executive actions discussed in this muster, the process of referring claims of fear of return or intentions to apply for asylum are not changed by this notice, and such instances should continue to be referred for a Credible Fear screening by USCIS and detained by ICE-ERO.
- CBP officers assigned to task forces with other Department of Homeland Security (DHS) components or conducting outbound operations may encounter aliens subject to the expansion of ER.
  - If serving an Order of Expedited Removal based upon this notice and expansion, CBP officers must clearly articulate upon Form I-213 how CBP determined the alien was amenable to ER.
- (b) (5)

Return or Transfer to Law Enforcement Partners:
- OFO only provides short-term holding of inadmissible aliens for processing, repatriation, and transfer to other partner agencies.
- OFO turns inadmissible aliens not amenable to immediate removal or repatriation, over to law enforcement partners, such as ICE-ERO.
-

## <u>SUPPLEMENTAL GUIDANCE</u>
### Processing Arriving Aliens in Various Scenarios



Implementation of Active EOs
Page **11** of **11**



FOUO

**CAT Assessment Instructions and Implementation Guidance**
**For Alien(s) Whose Entry Has Been Suspended and/or Restricted**
**Pursuant to INA §§ 212(f) and 215(a)**

Pursuant to INA §§ 212(f) and 215(a), the President has ordered the suspension and/or restriction of entry for certain aliens.

On January 20, 2025, the President issued an Executive Order Guaranteeing the States Protection Against Invasion ("EO"). This EO provides for the suspension and restriction of certain aliens at the southern land border. Aliens whose entry is suspended or restricted pursuant to the EO who manifests fear in relation to the Convention Against Torture (CAT) will be referred to USCIS for a CAT assessment.

**Intake:**
Aliens who manifest fear of torture to a DHS officer or agent will be referred to USCIS for CAT assessment. Families will be referred together.

The DHS referring entity (CBP or ICE) will provide USCIS with an I-213 for each alien referred. The I-213 will include:
- A notation that the alien is being processed pursuant to INA §§ 212(f) or 215(a) and has claimed fear of torture, and
- The designated country of return or removal.

**Interview and Assessment:**

The purpose of the interview is to determine if it is more likely than not that the alien will be tortured in the designated country of return or removal. USCIS is not assessing persecution on account of a protected ground nor is USCIS assessing fear for country of nationality unless the country of nationality is also the proposed country of return or removal.

Interviews must be conducted separate and apart from the general public, and USCIS will provide an interpreter as needed. As these non-adversarial interviews are conducted in secure facilities, the alien is not afforded a consultation period, and we are unable to accommodate a consultant or attorney at the interview.

The Asylum Officer (AO) should review the CAT Assessment Worksheet with the alien. The AO must create a summary of the material facts as stated by the alien. At the end of the interview, the AO must review the summary with the individual and give him or her an opportunity to correct errors.

**Family Units:**

The alien's accompanying spouse and children will be processed together with the individual. No separate assessment worksheet or separate assessment notice is required.

- If an officer determines a family member is more likely than not to be tortured in the designated country of return or removal, that family member becomes the main alien for the CAT Assessment Worksheet and the CAT Assessment Notice. The accompanying family

USA00034

FOUO

members should be included in the family section. The assessment and analysis should be for the family member who establishes a fear of torture.

- When an officer determines no family member is more likely than not to be tortured in the designated country of return or removal, the officer must fully develop the record for all family members. A parent is listed as the primary alien for the CAT Assessment Worksheet and CAT Assessment Notice. If the analysis is the same for other family members, officers may note that in the additional information section. If any family member's analysis is different from that of the parent, the officer inserts and completes an additional analysis section for that family member.

After completing the interview and analyzing the facts, AOs should complete the CAT Assessment Worksheet and CAT Assessment Notice. These documents should be saved as PDFs, electronically signed, and e-mailed to a supervisory asylum officer for review. Supervisory review is required in all cases. When the supervisor concurs in the decision, the supervisor should sign the document electronically.

**Service:**

Asylum Office staff will provide the CAT Assessment Worksheet and CAT Assessment Notice to the DHS referring entity (CBP or ICE) to include in the A-file. The DHS referring entity will provide a copy of the CAT Assessment Notice to the alien.

USA00035



# CAT Assessments for Aliens Whose Entry Has Been Suspended and/or Restricted

 **Guidance for Asylum Officers and Asylum Office Staff**

01/31/2025

USA00036

# Roadmap



- Background/Legal Framework
- Process Overview
- Standard of Proof
- Eliciting Evidence to Support Determination
- Post-Decision and Service

USA00037

# Background/Legal Framework



- On January 20, 2025, the President issued an Executive Order Guaranteeing the States Protection Against Invasion ("EO").  This EO provides for the suspension and restriction of certain aliens at the southern land border.

- DHS has committed that it will not return persons that are likely to be tortured in the designated country of return or removal.

- As such, aliens whose entry is suspended or restricted pursuant to the EO who manifests fear in relation to the Convention Against Torture (CAT) will be referred to USCIS for a CAT assessment.

USA00038

3

# Overview of Referral to USCIS



- Aliens who manifest fear of torture to a DHS officer or agent will be referred to USCIS for CAT assessment.

- Families will be referred together.

- CBP or ICE will provide USCIS with an I-213 for each alien being referred. The I-213 will include:

  - A notation that the alien is being processed pursuant to INA §§ 212(f) or 215(a) and has claimed fear of torture, and

  - The designated country of return or removal.

USA00039

4

# Overview of CAT-Only Assessment



- No mandatory bars to asylum or statutory withholding of removal apply.

- The alien's spouse and children are processed together.

- No opportunity for withdrawal or dissolution.

- Aliens who establish CAT will not be returned or removed to the designated country of removal

USA00040

# Interview Procedures



- **The following interview procedures apply:**

  - Officer may reschedule if the individual is unable to participate effectively in the interview due to illness, fatigue, or other impediments

  - Individual is <u>not entitled</u> to a consultant, legal representative, or a consultation period.

  - Asylum Division will provide interpreter as needed

  - AO must create a summary of material facts as stated by the individual and at the end of the interview the AO must review the summary with the individual and give him or her an opportunity to correct errors

FOUO                                                                                                    6

## Standard of Proof



- Aliens referred to USCIS must show it is <u>more likely than not</u> that they will be tortured in the country to which they may be returned.

- Article 3 of the United Nations Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT)
  - o Substantial grounds for believing the alien would be subject to torture
  - o Comparable to more likely than not standard

Article 3: No State Party shall expel, return ("refouler") or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture.

USA00042

7

# Fear of Return



- Asylum officers assess fear of return to designated country of return or removal

- Burden is on alien to establish credibility and meet standard of proof

- More likely than not standard – standard is higher than "well-founded fear" but lower than "beyond a reasonable doubt"

The purpose of the interview is to determine if it is more likely than not that the individual will be tortured in **[country]**. USCIS is not assessing persecution on account of a protected ground.

USA00043

# Convention Against Torture (CAT)



**Refresher – Elements:**

- Severe physical or mental pain or suffering

- Specific intent

- Infliction or instigation by, or consent or acquiescence of, a public official acting in an official capacity

- Custody or control

- Lawful sanctions

FOUO                                                                                                              9

- The act must cause severe physical or mental pain or suffering
- The act must be specifically intended to cause such pain or suffering
- The act must be inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity
- The applicant must be in the offender's custody or physical control
- The act cannot arise from lawful sanctions

# Convention Against Torture (CAT)



**Refresher:**

- Evidence to Consider

    1. Past Torture

    2. Internal Relocation

    3. Gross, Flagrant, Mass Human Rights Violations

    4. Other Relevant Information

- Standard is more likely than not

- No presumption of future torture if past torture established

- No nexus to a protected ground required

FOUO                                                                                                          10

When analyzing the elements of CAT per prior guidance, please remember to take into account the factors on this slide.

# Post-Interview and Service



- AO prepares CAT Worksheet and CAT Assessment Notice
- SAO reviews CAT Worksheet and CAT Assessment Notice
- CBP or ICE receives:
    - CAT Assessment Worksheet
    - CAT Assessment Notice
- No IJ review
- CBP or ICE will serve the Assessment Notice to the individual and determine next steps

FOUO                                                                                                  11

Guidance on electronically signing PDFs is available here:
https://helpx.adobe.com/acrobat/11/using/signing-pdfs.html.

USA00046

11

# Processing Families



- **If an officer determines a family member is more likely than not to be tortured in the designated country of return or removal:**
  - That family member becomes the main alien for the CAT Assessment Worksheet and the CAT Assessment Notice
  - The accompanying family members should be included in the family section. The assessment and analysis should be for the family member who establishes a fear of torture.

- **When an officer determines no family member is more likely than not to be tortured in the designated country of return or removal:**

  - The officer must fully develop the record for all family members.

  - A parent is listed as the primary alien for the CAT Assessment Worksheet and CAT Assessment Notice.

  - If the analysis is the same for other family members, officers may note that in the additional information section. I

  - f any family member's analysis is different from that of the parent, the officer inserts and completes an additional analysis section for that family member.

FOUO                                                                                                           12

USA00047

12

# Convention Against Torture Assessment Worksheet
## For Alien(s) Whose Entry Has Been Suspended and/or Restricted
## Pursuant to INA §§ 212(f) or 215(a)

_____

### *Referral Information*

| | |
|---|---|
| Referral date: | |
| Date of Encounter/Apprehension: | |
| Port of Arrival or Border Patrol Station: | |
| Designated Country of Return or Removal: | |

### *Interview Data*

| | |
|---|---|
| Interview date: | Interview location:<br>☐ Telephonic<br>☐ In person |
| Language used: | Interpreter used? ☐ Yes  ☐ No |

### *Individual Biographic Information*

| | |
|---|---|
| A Number: | |
| Last Name: | First Name: |
| Aliases: | Country of Citizenship: |
| Country of Birth: | Date of Birth: |

### *Accompanying Family Members (Delete if Not Applicable)*

| | |
|---|---|
| Last Name: | First Name: |
| Aliases: | Country of Citizenship: |
| Country of Birth: | Date of Birth: |
| Relationship: | |

| | |
|---|---|
| Last Name: | First Name: |
| Aliases: | Country of Citizenship: |
| Country of Birth: | Date of Birth: |
| Relationship: | |

| | |
|---|---|
| Last Name: | First Name: |
| Aliases: | Country of Citizenship: |
| Country of Birth: | Date of Birth: |
| Relationship: | |

☐ Asylum officer read the following paragraph to the individual at the beginning of the screening:

*The President of the United States has invoked U.S. law to suspend or restrict the entry of certain aliens. Aliens may not be returned to a country where it is more likely than not they will be tortured. The purpose of this interview is to determine whether it is more likely than not that you will be tortured in **[Country]**. We understand that you have expressed a fear of torture in **[Country]**. I am an asylum officer and I am going to ask you questions about why you fear you will be tortured in **[Country]**.*

Rev. 01/31/2025
USA00048

*It is very important to tell the truth during this interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons you fear harm. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is very important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain. Do you understand everything that I have read to you?* ☐ Yes  ☐ No

☐ AO placed individual and interpreter under oath


**Part I: *Notes*** (Officer should add additional cells as needed using tab button on keyboard)

| Asylum Officer Question | Individual Response |
|---|---|
| [AO proceed with CAT interview under the "more likely than not" standard.] | |
| | |

***Summary of Material Facts*** *(Officer must create a summary of the material facts as stated by the individual. At the conclusion of the interview, the officer must review the summary with the individual and provide the individual with an opportunity to correct any errors).*

| |
|---|
| |

| Additional facts relied upon when making determination (COI, family processing notes, etc.): |
|---|
| |

**Part II: *Analysis***

| A. Credibility –*Select the appropriate box.* | |
|---|---|
| **Individual's testimony was credible** | ☐ |
| **Individual's testimony was not credible:** Considering the identified credibility issues, the absence of reasonable explanations for those issues, and taking into consideration the applicant's individual circumstances and all other relevant evidence, the individual's testimony is found not credible. | ☐ |

| **B. Torture –** *If finding it **more likely than not** that the individual will experience torture in **[Country]**, boxes 1-5 in Part B must be checked "yes". If finding it is **not more likely than not** that applicant will experience torture in **[Country]**, only check "no" for the element in Part B on which the claim fails. Any additional facts relied upon that are not in the notes section of this assessment worksheet should be included in the box above.* | |
|---|---|
| 1. Would the individual be subjected to severe physical or mental pain or suffering? | Yes ☐  No ☐ |
| 2. Would the severe pain or suffering in **[Country]** be inflicted by, instigated by, consented to or acquiesced to, by a public official or other person acting in an official capacity? | Yes ☐  No ☐ |
| 3. Would the severe pain or suffering in **[Country]** be specifically intended to inflict severe pain or suffering on the individual? | Yes ☐  No ☐ |
| 4. Would the individual be in the offender's custody or physical control? | Yes ☐   No ☐ |

Rev. 01/31/2025
USA00049

| 5. Would the severe pain or suffering not arise only from or be inherent in or incidental to lawful sanctions? | Yes ☐  No ☐ |
|---|---|

**Part III:** *Determination. Complete in all cases.*

☐  Individual established it is more likely than not that he or she will be tortured in **[Country]**.

☐  Individual did not establish it is more likely than not that he or she will be tortured in **[Country]**.

*Asylum Officer/Supervisory Asylum Officer Names and Signatures*

| Asylum Officer Name | |
|---|---|
| Asylum Officer Signature | |
| Determination Date | |

| Supervisory Asylum Officer Name | |
|---|---|
| Supervisory Asylum Officer Signature | |
| Approval Date | |

Rev. 01/31/2025
USA00050

# Convention Against Torture Assessment Notice
## For Alien(s) Whose Entry Has Been Suspended and/or Restricted
## Pursuant to INA §§ 212(f) or 215(a)

| A-Number: | |
|---|---|
| Last Name: | First Name: |
| Interview Date: | Determination Date: |

You were interviewed by a DHS asylum officer to determine whether it is more likely than not that you will be tortured in **[Country]**. The assessment made by the DHS asylum officer, indicated below, will be considered by DHS in determining whether you may be sent to **[Country]**. DHS will provide you with additional information regarding how you will be processed.

☐  You established it is more likely than not that you will be tortured in **[Country].**

☐  You did not establish it is more likely than not that you will be tortured in **[Country]**.

**The following family members are included in this assessment:** *[Delete if Not Applicable]*

| Last Name: | First Name: |
|---|---|

| Last Name: | First Name: |
|---|---|

| Last Name: | First Name: |
|---|---|

| Last Name: | First Name: |
|---|---|

| From: | Asylum Chief |
|---|---|
| To: | ██████; ████████; ████; ██████████; ███████; |
| | ████; ████; █████ |
| Cc: | ████; ███████ |
| Subject: | Guidance on Implementation of Executive Order Guaranteeing the States Protection Against Invasion |
| Date: | Friday, February 7, 2025 12:18:00 PM |

**FOR INTERNAL USE ONLY**

Asylum Division Colleagues,

Below please find instructions on how to proceed with pending Credible Fear cases in light of the Executive Order Guaranteeing the States Protection Against Invasion ("EO").

*CREDIBLE FEAR CASES NOT YET INTERVIEWED:*

- Please identify any credible fear cases pending interview where the alien entered **on or after** January 20, 2025.
  - If the alien did not apply for admission with valid documents, proceed with the instructions below.
  - If the alien presented a valid visa when applying for admission, please reach out to Asylum HQ for further guidance.

- Identify the corresponding ICE facility using EARM and email that facility's POC(s), cc'ing ████████████ @uscis.dhs.gov. The email should read as follows:

  **Subject:** USCIS Request for I-213 Update to Reflect 212(f)

  USCIS is requesting that ICE update the I-213 for A#XXX to reflect that the alien is currently being processed in accordance with the *Guaranteeing the States Protection Against Invasion*, 90 FR 8333 (Jan. 20, 2025) Executive Order. The I-213 should:

  - Contain a notation that the alien is being processed pursuant to the Jan. 20, 2025 proclamation implementing INA §§ 212(f) and/or 215(a);
  - State that the alien has manifested a fear of torture or is being referred to USCIS for a CAT assessment; and
  - Specify the designated country of return or removal.
    - Please note: The designated country of removal or return must be listed on the I-213 or in an addendum (not in the body of the email)

  Please submit the updated I-213 to ████████████ @uscis.dhs.gov by COB Friday, February 7, 2025.

USCIS will begin completing CAT assessments for these cases staring Saturday, February 8, 2025.

Any case specific questions related to CAT assessments should be directed to ████████████ @uscis.dhs.gov.

- ZAP will complete CAT assessment for all corrected I-213s. If ICE does not update the I-213 as requested, ZAP will proceed with completing the CAT assessment using the current I-213 and will assume that the country of removal or return is the alien's country of nationality.

- When the CAT assessment is completed and returned to ICE, ZAP will notify ICE that a CAT assessment was conducted only for the country of nationality and affirmatively remind them to re-refer the alien to USCIS if they designate a different county of removal/return and the individual expresses a fear of torture in that country.

- Any referrals that were erroneously input into Global as CF cases must be deleted from Global. ZAP will track these cases until Global is updated to include CAT assessments.

*CREDIBLE FEAR CASES INTERVIEWED, BUT NOT YET SERVED:*

- Please review all credible fear cases pending service, including those pending decision and SAO review, where the alien entered **on or after** January 20, 2025.
  - If the alien did not apply for admission with valid documents, proceed with the instructions below.
  - If the alien presented a valid visa when applying for admission, please reach out to Asylum HQ for further guidance.

- Please send a list of all cases that fall into this category to ZAP at ████████████ @uscis.dhs.gov.

If you have any questions regarding the implementation of this EO and the processing of CAT assessments, please route them to the appropriate Asylum Headquarters branch through your chain of command.


Thank you,

████████

Chief, Asylum Division


**FOR INTERNAL USE ONLY**

USA00054

**[DRAFT] LAS CAT Assessment Guide:**

**Purpose:** This purpose of this guide is to provide an overview of LAS duties (i.e., intake, service, and inbox procedures) with regards to CAT Assessment cases.

## Table of Contents

Background and processing timelines ........................................................................................2

Workflow......................................................................................................................................2

Case Acceptance Steps and Guidelines.....................................................................................3

    Step 1: Review submission documents (I-213) ......................................................................3

    *Note on (1): Notation of INA §§ 212(f) or 215(a) ...............................................................3

    **Note on (2): Manifestation of fear language on the I-213 ................................................3

    ***Note on (3):  Designated country of return or removal ..................................................4

    Step 2: Confirm acknowledgement of acceptance/ request updated documents/ reject referral..........4

    Step 3: Create new case on SharePoint ...............................................................................7

    Important reminders for CAT assessment intake/acceptance............................................7

Inbox procedures.......................................................................................................................8

Serving CAT assessment cases ..................................................................................................9

Addendum A: General information to provide to facilities about CAT assessment referrals...................10

USA00055

## Background and processing timelines

Currently, Asylum District 3 (D3) is responsible for all CAT assessment cases nationwide. This includes Immigration and Customs Enforcement (ICE), Border Patrol (BP) and CBP Office of Field Operations (OFO) facilities

**CAT screenings for BP and OFO cases have a timeline goal of 4 hours from intake to service.** ICE cases should be generally scheduled for the following day, facility-specific procedures permitting.

## Workflow

1.  Case referral is received to respective email inbox.
    - ████████████ @uscis.dhs.gov (for ICE facilities)
    - ████████████ @uscis.dhs.gov (for OFO facilities)
    - ████████████ @uscis.dhs.gov (for BP facilities)

2. LAS (or opening SAO for BP/CBP OFO cases) reviews the submission for accuracy (see acceptance steps and guidelines section on page 3) and inputs case into the SharePoint.  The guidance for the CAT Assessment SharePoint is to be used in the interim until Global is ready for use. Please see CAT Assessment SharePoint Go-By (rev. 2.7.2025) for additional guidance on SharePoint.

The SharePoint will automatically notify the MPAs that the case is ready for scheduling.

3. MPAs assign the case to an available AO and updates the SharePoint to reflect which AO is assigned and schedules the case with the facility; The MPA also updates the Rapid Roster in ROSS; The SharePoint will automatically notify the AO that they have been assigned a case;

4. AO completes interview, and with interviewee still on the line, notifies the working SAOs via the respective Teams subchannel that the notes are ready to be reviewed and sends the notes directly to whichever SAO indicates they are available;

5. An SAO reviews the notes in real time for legal sufficiency of the interview in the respective Teams subchannel. If more questions need to be asked, the AO will continue the interview. Otherwise, the AO will complete the case documents, enter the name of the SAO who reviewed the notes in the SharePoint, and indicate in the SharePoint that their casework is complete. The SharePoint will automatically notify the same SAO who reviewed the notes that the documents are ready. At this point the AO will be ready for additional case scheduling;

6. The SAO completes case review and finalizes the documents, uploads the completed documents to the SharePoint, and indicates that SAO review is complete. The SharePoint will notify the LAS team that the case is ready for service; and

7. The LAS team serves the finalized case documents back from the same inbox through which the referral was received by reply to the referral email and indicates on the SharePoint that the case is closed.

USA00056

## Case Acceptance Steps and Guidelines

### Step 1: Review submission documents (I-213)

Only an I-213 is required for CAT Assessment cases. For FAMUs, there should be one I-213 per FAMU. No orientation docs or other documents are required. The I-213 should include the following information:

1. Contain a notation that the alien is being processed pursuant to the Jan. 20, 2025 proclamation implementing INA §§ 212(f) and/or 215(a)*;

2. State that the alien has manifested a fear of torture or is being referred to USCIS for a CAT assessment**; and

3. Specify the designated country of return or removal***.

   o Please note: The designated country of removal or return must be listed on the I-213 or in an addendum (not in the body of the email)

   *Note on (1): Notation of INA §§ 212(f) or 215(a)

   - Some cases may reference 212F generally or Securing the Borders, with no mention of the 1/20 Executive Order Guaranteeing the States Protection Against Invasion. USCIS should make a reasonable effort for OFO/ICE/BP to provide updated I-213s when the I-213 does not contain this language. A reasonable effort constitutes USCIS requesting an updated I-213 with the requested information and specifying we are requesting this information by COB the day the correspondence is sent. Should the information not be received by COB, we can proceed with the current I-213 provided that:

     ▪ The alien entered on or after 1/20/2025;

     ▪ If the alien did not apply for admission with valid documents. If the alien presented a valid documents (e.g., a valid visa or boarding foil for advanced parole when applying for admission, please reach out to a Section Chief for guidance prior to accepting the referral; and

     ▪ 212(f) was not initiated as the result of an anterior ICE/HSI apprehension. If you are reviewing the I-213 for a case and the alien was apprehended in the interior of the USA, please reach out to a Section Chief for guidance prior to accepting the referral.

   **Note on (2): Manifestation of fear language on the I-213

   - Although District 3 is encouraging ICE/BP/OFO to include language in the I-213 referencing the alien's manifestation of a fear of torture, we are not

USA00057

requiring that this language be present on the I-213 to accept CAT assessment cases.  As such, LAS should not reject cases or follow up requesting an updated I-213 for this reason. *(Background: referring offices have received guidance to only refer cases for aliens who have affirmatively expressed a fear of torture, so USCIS honors that the case has met this referral threshold by the act of referring the case to USCIS for a CAT assessment).*

### ***Note on (3):  Designated country of return or removal

- One country of return or removal should be listed on the I-213. If the I-213 lists multiple countries of return or removal or does not include a country of return or removal, we should respond requesting they ICE/BP/OFO resubmit the I-213 by COB that day. If we do not receive the updated I-213 by COB that day, we will proceed with the case and screen for the alien's country of nationality as the country of return or removal.

- Provided that the language is clear in I-213 to which country the alien would be returned, there is no required standardized format for this language on the I-213.

- As FAMUs are processed together, provided that the PA has a designated country of removal listed on the I-213, we do not need to reject the case based on this criteria and can accept the case using the PA's country of removal for all family members.

- ICE/OFO/BP can resubmit a CAT assessment request for a different country of return or removal, even if USCIS has already served a positive or negative determination. Cases that could initially appear to be a duplicate submission may actually be a resubmission for a different country of return or removal.

## Step 2: Confirm acknowledgement of acceptance/ request updated documents/ reject referral

**Acceptances:**

- When District 3 accepts the case and uploads the case to SharePoint (see document CAT Assessment SharePoint Go-by rev. 2.7. 2025), we should respond to ICE/OFO/BP with the following language:

  - "Thank you for the CAT assessment submission.  We have accepted the case, and we will be reaching out soon to schedule an interview."

- When District 3 accepts a case after we have previously requested resubmission for an updated I-213 (for designated country of removal or 212(f)/215(a) language), we should respond with the following message:

■ "Thank you again for the submission. As we have not received an updated I-213 with the designated country of removal and/or updated 212(f)/ 215(a) language with the designated time frame, USCIS has accepted the case and will proceed to schedule an interview for the alien's nationality as the designated country of return or removal.  If DHS plans to return or remove the alien to different country for which the alien has affirmatively expressed a fear of torture, a new CAT assessment must be conducted by USCIS prior to removal/return to that country."

**Resubmission required:**

o When the I-213 does not reference include the 212(f) or 215(a) language, or does not reference the Executive Order Guaranteeing the States Protection Against Invasion, we should respond with the following message (provided that the case otherwise meets CAT assessment acceptance criteria):

■ "Thank you for the submission. Upon reviewing the I-213, there is no notation that the alien is being processed pursuant to the Jan. 20, 2025 proclamation implementing INA §§ 212(f) and/or 215(a). Please submit an updated I-213 or I-213 amendment (i.e., G-166C) by COB today. Below is an example of language that USCIS would accept on a G-166C to meet this requirement:

**[Alien Axxx xxx xxx]** made an unlawful entry into the United States during the suspension of and limitation on entry described in the Presidential Proclamation, Guaranteeing the States Against Invasion under INA 212(f).  The alien is being processed pursuant to the Jan. 20, 2025 proclamation implementing INA §§ 212(f) **[or 215(a), if applicable - delete if not applicable]**. The alien has manifested a fear of torture and is being referred to USCIS for a CAT assessment. The alien's designated country of removal is: **[insert country of return or removal - only one country]**."

***Note (do not include in email to ICE/OFO/BP)****: If we do not receive the updated I-213 by COB that day, we will proceed with the case and screen for the alien's country of nationality as the country of return or removal.*

o When a case does not include a designated country of return or removal, OR contains multiple designated countries of return or removal, we should respond with the following message:

■ No Designated Country of Removal: "Thank you for the submission. Upon reviewing the I-213, there is no designated country of return or removal listed. Please submit an updated I-213 or I-213 amendment (i.e., G-166C) COB today with the country of return or removal listed. Below is an example of language that USCIS would accept on a G-166C to meet this requirement:

**[Alien Axxx xxx xxx]** made an unlawful entry into the United States during the suspension of and limitation on entry described in the Presidential Proclamation, Guaranteeing the States Against Invasion under INA 212(f).  The alien is being processed pursuant to the Jan. 20, 2025 proclamation implementing INA §§ 212(f) **[or 215(a), if applicable - delete if not applicable]**.The alien has manifested a fear of torture and is being referred to USCIS for a CAT assessment. The alien's designated country of removal is: **[insert country of return or removal - only one country]**."

*Note (do not include in email to ICE/OFO/BP): If we do not receive the updated I-213 by COB that day, we will proceed with the case and screen for the alien's country of nationality as the country of return or removal.*

- Multiple Designated Countries of Removal: "Thank you for the submission. Upon reviewing the I-213, there are multiple designated countries of return or removal listed. Please submit an updated I-213 or I-213 amendment (i.e., G-166C) by COB today with only ONE designated country of return or removal listed. Below is an example of language that USCIS would accept on a G-166C to meet this requirement:

**[Alien Axxx xxx xxx]** made an unlawful entry into the United States during the suspension of and limitation on entry described in the Presidential Proclamation, Guaranteeing the States Against Invasion under INA 212(f).  The alien is being processed pursuant to the Jan. 20, 2025 proclamation implementing INA §§ 212(f) **[or 215(a), if applicable - delete if not applicable]**.The alien has manifested a fear of torture and is being referred to USCIS for a CAT assessment. The alien's designated country of removal is: **[insert country of return or removal - only one country]**."

*Note (do not include in email to ICE/OFO/BP): If we do not receive the updated I-213 by COB that day, we will proceed with the case and screen for the alien's country of nationality as the country of return or removal.*

**Rejections:**

- o  If the alien's date of entry was prior to 1/20/2025, the case cannot be processed as a CAT Assessment. we should respond to ICE/OFO/BP with the following language:

  - "Thank you for the email. Per our instructions, we cannot accept this case because the alien entered prior to the 1/20/25 Proclamation. USCIS cannot conduct a CAT assessment for aliens who entered prior to 1/20. Aliens who entered prior to 1/20/25 should be referred as ERCF, SB FR, or RF cases, as appropriate."

Step 3: Create new case on SharePoint

- o Once the cases is accepted, LAS should create a new case for the CAT assessment on the CAT Assessment SharePoint. FAMUs should only be one entry in SharePoint (dependents should be listed in the respective location). Please see CAT Assessment SharePoint Go-By (rev. 2.7.2025) for additional guidance on inputting cases in SharePoint.

Important reminders for CAT assessment intake/acceptance

- o For FAMUs, each family member should have their own I-213. FAMUs should be referred together.

- o If you receive a referral for an unaccompanied minor (UAC), please do not accept and reach out to Section Chiefs for additional guidance.

- o Our OFO/ICE/BP inboxes are not intended for the public. We can respond the following:

  - ▪ "This is not a public-facing inbox. For Asylum District 3's public inbox, please reach out to ███████████████ @uscis.dhs.gov."

- o CAT Assessment Cases are <u>not</u> entitled to a legal representative or consultant. If we receive inquiries about a CAT Assessment case from a legal representative or consultant to our ███████████████ @uscis.dhs.gov inbox, reach out to SLAS and Section Chiefs for additional guidance.

- o Please remember the following for the inboxes re: language referring to our CBP/BP/ICE partners

  - ▪ The OFO inbox has cases coming in from CBP POEs or processing centers. Officers sending District 3 referrals from the OFO inbox are CBP officers, not BP agents.
  - ▪ The BP inbox has cases coming in from BP facilities. Officers sending District 3 referrals from the BP inbox are BP agents, not CBP officers.
  - ▪ The ICE inboxes have cases coming in from ICE facilities. If we receive a referral from ICE to the OFO or BP inboxes, please refer them to the ICE212f inbox.

- o DHS no longer uses the terminology "noncitizens." Going forward, we use the terminology "aliens." Please do not use "noncitizens" in written communications through the inbox.

- o If you see a submission where the alien crossed from the northern border (i.e., entered from Canada to the United States), please reach out to a Section Chief or ADD for guidance prior to accepting the case.

## Inbox procedures

o  Flagging system: when managing the inbox, please note that D3 uses a flagging system to appropriately track cases. Please play close attention to the flags and mark accordingly.  Please see below the relevant flags and mark accordingly. This flagging system enables the LAS managing the inbox to view by category.

- Pending resubmission
- Pending intake
- Accepted (should only mark this when case is created on SharePoint)
- Inquiry
- Rejected – not 212F
- SC Follow-up (i.e., Section Chief Follow-up)
- Served (should only mark this when the service email is sent to the facility)

o  Signature: For signature on the emails, you can include 'Asylum Division | District 3' as the sender at the bottom of the email. Please also include your initials under the signature (first and last initial)

o  Cc'ing inbox to track conversation: Any time we are sending an email through the inbox, you should cc the inbox itself in the message. This ensures that our communications become part of the tracked conversation, and inbox users do not need to search in 'sent items' to see what the last action taken on the case was.

o  Inbox/completed folder: Once all cases on a particular email string have been served, the emails should be dragged to the 'completed' folder. Rejected cases and inquiries that have been addressed should also be dragged to 'completed' folder. This is important for all of the inboxes, but especially important for the OFO/BP inboxes. All inboxes should only show in the 'inbox' any case or inquiry that is pending. Completed cases should only appear in the 'completed' folder.

## Serving CAT assessment cases

**Step 1:** Upon receipt of a case to serve, confirm that the assessment notice and worksheet correspond to the correct alien.

**Step 2:** Find the email string for the referral in the appropriate box and 'reply all' to that string. Attach the CAT assessment notice and worksheet as attachments. Ensure that each file includes the appropriate language in the file (i.e., CAT assessment notice and CAT assessment worksheet). This is important because the body of the email references the documents as such.

- The CAT assessment worksheet and notice should be sent as PDFs.
- 
- Make sure the inbox from which you are sending the email is cc'ed in the email.

**Step 3:** Include and fill out the **<u>required</u>** template language in the email (below):

"Please see the attached CAT **[negative/positive]** assessment determination. Please acknowledge receipt of this email.

The alien was screened for **[country]**. Please note that if DHS plans to remove or return the alien to different country for which the alien has affirmatively expressed a fear of torture, a new CAT assessment must be conducted by USCIS prior to removal/return to that country.

Please note the following for CAT Assessments:

- The CAT Assessment Notice should be included in the A-file and served on the alien(s).
- The CAT Assessment Worksheet should be included in the A-file but should not be provided to the alien.
- No IJ review is afforded for CAT Screenings.

For CAT Screenings, aliens are not entitled to a consultant or legal representative. Consequently, CAT Assessment Notices and CAT Assessment notices should not be provided to an alien's consultant or legal representative without first consulting with USCIS."

**Step 4:** Update SharePoint to ensure the case is showing as 'completed' and the service email is uploaded as a PDF. That is, LAS should save the sent email as a PDF from outlook and upload as an attachment to SharePoint.

## Addendum A: General information to provide to facilities about CAT assessment referrals

If you receive inquiries for additional information on submitting CAT assessments, you can provide the following information by email:

**Submitting CAT Assessment referrals to Asylum District 3**

The CAT assessments USCIS will be conducting are only for aliens who are subject to the Executive Order Guaranteeing the States Protection Against Invasion, and it only applies to aliens who manifested of fear of torture to a DHS officer or agent. Families should be referred together.  The only document required to submit a CAT assessment referral is an I-213 (one I-213 per family member for FAMUs). ICE/OFO/BP should send the I-213 sent to one of the following inboxes, respectively. If possible, please only submit I-213s for only one single adult or FAMU per email.

- ████████████████@uscis.dhs.gov (for ICE facilities)

- ████████████████ @uscis.dhs.gov (for OFO facilities)

- ████████████████ @uscis.dhs.gov (for BP facilities)


I-213s should include:

- Contain a notation that the alien is being processed pursuant to the Jan. 20, 2025 proclamation implementing INA §§ 212(f) and/or 215(a);

- State that the alien has manifested a fear of torture or is being referred to USCIS for a CAT assessment; and

- Specify the designated country of return or removal.

**NOTE***:* T*he designated country of removal or return must be listed on the I-213 or in an addendum (not in the body of the email). For an addendum, USCIS accepts a G-166C with the updated information. Below is an example of language that can be included in the G-166C:

**[Alien Axxx xxx xxx]** made an unlawful entry into the United States during the suspension of and limitation on entry described in the Presidential Proclamation, Guaranteeing the States Against Invasion under INA 212(f).  The alien is being processed pursuant to the Jan. 20, 2025 proclamation implementing INA §§ 212(f) **[or 215(a), if applicable - delete if not applicable]**. The alien has manifested a fear of torture and is being referred to USCIS for a CAT assessment. The alien's designated country of removal is: **[insert country of return or removal - only one country]**.

**Serving CAT assessment Determinations**

As far as decision documents, USCIS will send by email the following documents once a determination has been made. We do not need a signature on the documents, but do require an acknowledgment that the email was received:

- CAT Assessment Worksheet (Goes in A file and is not served on the alien)

- CAT Assessment Notice (Goes in A file and ICE/OFO/BP will serve on the alien)

**Important considerations about CAT Assessment Cases**

- No mandatory bars to asylum or statutory withholding of removal apply. Consequently, we will not be providing USCIS security checks or adverse memos with the decision documents.

- The alien's spouse and children are processed together.

- No opportunity for withdrawal or dissolution.

- Aliens who establish a positive CAT determination will not be returned or removed to the designated country of removal.

- Alien is not entitled to a consultant, legal representative, or a consultation period. Consequently, CAT Assessment Notices and CAT Assessment notices should not be provided to an alien's consultant or legal representative without first consulting with USCIS.

- CBP does not need to provide an orientation prior to the interview (e.g., M-444 or provide credible fear information sheet) – the orientation will be conducted by USCIS at the time of interview.

- If DHS plans to remove or return the alien to different country for which the alien has affirmatively expressed a fear of torture, a new CAT assessment must be conducted by USCIS prior to removal/return to that country.

- Asylum Division will provide interpreter as needed.

- No IJ review is afforded for CAT assessments.


Thank you and feel free to reach out if you have any additional questions.

USA00065

# ZAP 212 CAT Go-By
## For Internal Use Only

ZAP CAT SharePoint

| Referral | Inboxes |
|----------|---------|
| POE | ████████ @uscis.dhs.gov |
| BP | ████████ @uscis.dhs.gov |
| ICE | ████████ @uscis.dhs.gov |

CAT screenings for cases detained by BP have a timeline goal referral to service of 4 hours. Please ensure the SharePoint is updated timely upon each processing step completion.

The below guidance is to be used in the interim until GLOBAL is utilized. All substantive questions should be directed to your supervisor or CAT Duty SAO.

**Work Flow**

1. Case referral is received to email inbox;

2. LAS inputs case into the SharePoint and indicates that the case if ready for scheduling in the SharePoint. The SharePoint will automatically notify the MPAs that the case is ready for scheduling;

3. MPAs assign the case to an available AO and updates the SharePoint to reflect which AO is assigned; The MPA also updates the Rapid Roster in ROSS; The SharePoint will automatically notify the AO that they have been assigned a case;

4. AO completes interview, and with interviewee still on the line, notifies the working SAOs via a group Teams chat that the notes are ready to be reviewed and sends the notes directly to whichever SAO indicates they are available; a duty SAO should create a group Teams chat with all AOs and SAOs assigned to the 212(f) caseload at the beginning of each day;

5. An SAO reviews the notes in real time for legal sufficiency of the interview. If more questions need to be asked, the AO will continue the interview. Otherwise, the AO will complete the case documents, enter the name of the SAO who reviewed the notes in the SharePoint, and indicate in the SharePoint that their casework is complete. The SharePoint will automatically notify the same SAO who reviewed the notes that the documents are ready. At this point the AO will be ready for additional case scheduling;

6. The SAO completes case review and finalizes the documents, uploads the completed documents to the SharePoint, and indicates that SAO review is complete. The SharePoint will notify the LAS team that the case is ready for service;

1

Last Updated: 2/7/2025

USA00066

# ZAP 212 CAT Go-By
## For Internal Use Only

7. The LAS team serves the finalized case documents back from the same inbox through which the referral was received by reply to the referral email and indicates on the SharePoint that the case is closed.

## **Ops - Intake**

Upon receipt of emailed referral review I-213 for required 212f or 212a language and a listed designated country of removal.  If a family is referred ensure that each member has an I-213 included in the referral email.

**212(f) PROCLAMATION**

Reply all to the referring email to confirm receipt of referral.  If the referring email was forwarded from another Asylum Office, ensure that the confirmation email is sent to the originating referring source (BP/ICE).

[ZAP CAT SharePoint](#)

Click Add new item.  Enter the required fields 

- A#
  - If dependents add A#s
- Alien's Full Name
  - If dependents add names
- Country of Citizenship
- Country of Removal, found on I-213
- Identify referral source
  - ICE
  - OFO (POE)
  - BP
- Date of referral received
- Date of Encounter
- POE or Encounter Location, found on I-213

> **Ops Work Flow**
>
> 1. Review referral
> 2. Add new referral to SharePoint
> 3. Prep Documents for service upon automated notification email
> 4. Reply All to receipt of referral email with service documents

 Attachments

Add or remove attachments



Upload the I-213 to the case created in SharePoint.  Copy and paste emails from referral email in Case comment box.

Click Save 

Case Comments

Enter value here

Last Updated: 2/7/2025

# ZAP 212 CAT Go-By
## For Internal Use Only

## **Scheduling MPAs**

Once a referral has been added to the SharePoint ████████████████
████ @uscis.dhs.gov will receive an automated email notification.

MPAs should immediately assign an AO to the interview.

- Double click on the A#

📅 **Interview Date and Time**            👤 **Officer Assigned**

Enter value here                        Enter a name or email address

- Enter today's date
- Enter AO assigned to interview
- Click Save

[Save]  [Cancel]

## **Adjudication – AO**

An automated email will be sent when a CAT interview has been assigned. After the CAT
Duty SAO has completed the initial review of the notes and confirmed a legally sufficient
interview, the AO will upload the completed Worksheet and Assessment Notice to the case
in ZAP CAT SharePoint.

- Double Click on the A#
- Enter Case Outcome [Negative, Positive]
  - If the positive is being issued based on the claim of a
    dependent, enter the A# of the dependent
- Enter name of the SAO who completed the initial review
- Check box Ready for Review
- Upload finalized Worksheet and Assessment Notice, in word document
  - Worksheet XXX_
  - Assessment Notice_ XXX
  - Note: FAMU will only have 1 Worksheet & 1 Assessment
    Notice for the entire family
  - Do not use digital signature that locks the document



⊘ Case Outcome

—

📧 Ready for Review

☑ Yes

👤 Reviewing SAO

Enter a name or email address

3

# ZAP 212 CAT Go-By
## For Internal Use Only

- Click Save

If the SAO returns the case for additional edits, the AO will receive a subsequent automated email.

## **Adjudications – SAO**

When the AO has finalized and uploaded the Worksheet and Assessment Notice an automated email will be sent confirming the case is ready for final SAO review.



- If additional edits are required by the AO, update Review outcome to Returned to AO

Once documents are SAO reviewed and ready for service
- Ensure final service documents are uploaded, saved as PDF
    - SAO Reviewed_ Worksheet _XXX
    - SAO Reviewed_ Assessment Notice_ XXX
    - After final SAO review concurred uploaded, delete previous AO version documents from SharePoint
- Update Review Outcome to Complete
- Click Save



## **Ops – Service**

After the SAO has completed final review and the case is ready for service to BP/ICE the case will move to the Served queue and an automated email will be sent to ███████ ███████ @uscis.dhs.gov.



- Confirm documents uploaded by SAO correspond to the A# listed in SharePoint
- Download the SAO review finalized service documents (Worksheet & Notice Assessment)
    - Note: FAMU will only have 1 Worksheet & 1 Assessment Notice for entire family
- Reply all to the receipt confirmation email, attach finalized service documents, cc'ing the inbox from which you're sending the email.
- Upload a PDF copy of the service email as an attachment to SharePoint.

Last Updated: 2/7/2025

USA00069

# ZAP 212 CAT Go-By

**For Internal Use Only**

- o If referrals were forwarded from another Asylum Office, ensure that the original BP/ICE referring site is included on the service email
- o If ".com" emails are included on the ICE email ensure no PII is included in the email and attachments are password protected
- o Use the template language outlined in the CAT Operational Guide - Intake/Inbox/ Service for LAS and Opening/Closing SAOs

Last Updated: 2/7/2025

USA00070