YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

PATRICK GLEN
DAVID KIM
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

ELISSA FUDIM
*Trial Attorney*

Counsel for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Refugee and Immigrant Center for Education and Legal Services, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi Noem, Secretary, U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00306 |

**DEFENDANTS' SUPPLEMENTAL BRIEF CONCERNING MOTIONS FOR SUMMARY JUDGMENT AND CLASS CERTIFICATION**

i

Defendants submit this brief in response to two questions posed by the Court at argument held on April 29, 2025. First, whether an alien who is subject to the Proclamation's suspension on entry and is within the United States can affirmatively apply for asylum under 8 U.S.C. § 1158 outside the context of removal proceedings and whether the alien could be removed despite that pending asylum application. Second, what differences exist between expedited removal under the Proclamation and repatriation under the Proclamation without the invocation of expedited removal.

## ARGUMENT

### I. Aliens Subject to Removal Apply for Asylum Within the Context of Removal Proceedings Under 8 U.S.C. § 1225(b)(1) or 1229a.

Regardless of the Proclamation, the Individual Plaintiffs have no basis to be in the United States and are subject to removal upon entry. For aliens subject to expedited removal—like Plaintiffs and the proposed class—the statutory right to seek asylum under 8 U.S.C. § 1158 is thus generally governed by the expedited removal procedures at 8 U.S.C. § 1225(b)(1). *See* 8 U.S.C. § 1158 (permitting aliens present in the United States to "apply for asylum in accordance with this section *or, where applicable, section 1225(b) of this title*") (emphasis added). Such aliens may alternatively be directly placed in § 1229a removal proceedings, where they would assert an asylum claim as an application for relief from removal. Although those aliens who evade inspection after crossing the border illegally may be able to file an affirmative application for asylum outside the removal context, that is not Plaintiffs' circumstance. Indeed, Plaintiffs were all encountered shortly after crossing the border illegally, most of them having sought out immigration officers so as to trigger inspection and expedited removal procedures. In any event, removal procedures supersede affirmative asylum application procedures even for those who do submit affirmative applications.

1

Under the background procedures of the Immigration and Nationality Act (INA) and implementing regulations, aliens who cross illegally into the United States without inspection and who lack valid documents for entry or admission to the United States are subject to expedited removal under 8 U.S.C. § 1225(b)(1). For aliens who are subject to expedited removal, the procedures of § 1225(b)(1) provide the mechanism for seeking asylum. Thus, Plaintiffs' claims seek to require the Government to operate § 1225(b)(1) in a particular manner with respect to requesting and hearing claims for asylum (as well as other forms of protection for removal). *See, e.g.*, ECF 44 at 54–58.

The asylum statute, at 8 U.S.C. § 1158, contemplates that the opportunity to apply for asylum to those subject to expedited removal is governed by § 1225(b)(1):"[a]ny alien who is physically present in the United States or who arrives in the United States … may apply for asylum in accordance with this section *or, where applicable, section 1225(b) of this title*." 8 U.S.C. § 1158(a)(1) (emphasis added). Thus, section 1158 expressly incorporates 1225(b)(1) such that the ability to apply for asylum under section 1158 exists only to the extent permitted through the expedited removal process "where applicable." *See Al Otro Lado v. Mayorkas*, 619 F. Supp. 3d 1029, 1046 (S.D. Cal. 2022) (holding that § 1158(a) and § 1225(b) are "inextricably intertwined" for purposes of § 1252(f)(1); "it is § 1225 that sets forth the specific asylum procedure that § 1158 incorporates").

Aliens like Plaintiffs would thus request asylum in the context of expedited removal procedures governed by § 1225(b). Congress provided that aliens who are present in the United States or arrive in the United States (whether or not at a port of entry) and who have not been admitted are applicants for admission who must be inspected by immigration officers. 8 U.S.C. § 1225(a)(1), (3). Congress also authorized the Department of Homeland Security (DHS) to

2

expeditiously remove, without a hearing before an immigration judge, certain inadmissible aliens who arrive in the United States or who recently entered the country unlawfully. *See* 8 U.S.C. § 1225(b)(1). Specifically, the INA provides that arriving aliens and certain unlawfully present aliens who have recently entered the United States without inspection and are determined to be inadmissible for lacking valid documents for admission are subject to expedited removal. 8 U.S.C. §§ 1225(b)(1)(A)(i), (iii), 1182(a)(7).[1] The inspecting immigration officer "shall order [such aliens] removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution," in which case the immigration officer shall refer the alien for an interview by an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(i)-(ii); 8 C.F.R. § 235.3(b). As the Court is aware, the credible fear interview and review procedures for screening an asylum request are set forth at 8 U.S.C. § 1225(b)(1)(B).

DHS alternatively has the discretion to place such inadmissible aliens in removal proceedings under § 1229a in lieu of expedited removal. *See Matter of E-R-M*, 25 I. & N. Dec. 520, 521–24 (BIA 2011). The alien would raise any claims for protection as a defense to removal in the context of those proceedings. *See* 8 U.S.C. § 1229a(c)(4); 8 C.F.R. § 1240.11(c).

---

[1] Congress left some leeway to the Executive Branch as to how broadly to apply the expedited removal procedures. *See* 8 U.S.C. § 1225(b)(1)(A)(iii). The implementing regulations provide for its application to "arriving aliens" and "aliens who arrive in, attempt to enter, or have entered the United States without having been admitted or paroled following inspection by an immigration officer at a designated port-of-entry, and who have not established to the satisfaction of the immigration officer that they have been physically present in the United States continuously for the 2-year period immediately prior to the date of determination of inadmissibility." 8 C.F.R. § 235.3(b)(1)(i)–(ii). Although the precise scope of which aliens who entered without inspection are subject to expedited removal has changed over time, it has long been applied at minimum to most aliens who illegally cross the border and are apprehended near the border within a short period of time after entry. *See, e.g.*, *Protecting the American People from Invasion*, 90 Fed. Reg. 8443 (Jan. 20, 2025); *Designating Aliens for Expedited Removal*, 69 Fed. Reg. 48,877-01 (Aug. 11, 2004).

Accordingly, Plaintiffs and those like them—who crossed the border and were encountered by immigration officers just after their arrival—are by default subject to expedited removal procedures. Absent the Proclamation, they would raise their asylum claims through those processes. However, the Proclamation lawfully restricts aliens like Plaintiffs from relying on those "provisions of the INA that would permit their continued presence in the United States"— including asylum. *See* Proclamation §§ 1, 2. Accordingly, the procedures for credible fear interviews are not available to them under the Proclamation, although such aliens are to receive an assessment for protection under the Convention Against Torture if they manifest fear related to the country to which they will be returned. *See infra* § II; ECF 44 at 8.

It is true that an alien who has unlawfully entered the United States and has not yet been apprehended by immigration officers and placed into expedited removal or removal proceedings may file an affirmative application with U.S. Citizenship and Immigration Services (USCIS) to request asylum. *See* 8 C.F.R. §§ 208.2(a)(1)(i), 1208.2(a)(1)(i) (providing that USCIS has "initial" jurisdiction over an application for asylum filed by someone present in the United States). But that does not change the fact that, under the framework of the INA, such aliens are still subject to inspection and removal and thus any claim for asylum must be raised in, and is inextricably intertwined with, those proceedings. Nothing in the INA or implementing regulations restricts DHS from applying the expedited removal provisions to someone with a pending asylum application. And once in expedited removal, there is no exception to removal for someone who may have already filed an asylum application with USCIS. *See, e.g.*, 8 U.S.C. § 1225(b); *cf.* 8 C.F.R. § 235.3(b)(5) (alien who has been *granted* asylum may not be removed under § 1225(b) procedures unless the asylum grant has been terminated). Instead, the alien's claim to asylum— absent the Proclamation's restrictions—would be assessed under the credible fear procedures

4

under § 1225(b). Thus, even if an alien who entered unlawfully had the opportunity to file an affirmative application for asylum before being placed in expedited removal, once they are placed in expedited removal, the expedited removal procedures supersede that affirmative application. There is likewise nothing that precludes the initiation of removal proceedings under § 1229a through a notice to appear pending USCIS's adjudication of an asylum application. *See Matter of P-L-P*, 21 I. & N. Dec. 887, 888 (BIA 1997) (holding that a pending affirmative asylum application did not preclude placing the applicant in removal proceedings, and that the immigration court properly obtained jurisdiction over the asylum application). Immigration judges have exclusive jurisdiction over asylum applications filed by an alien who has been served with a Form I-862, Notice to Appear in § 1229a removal proceedings. 8 C.F.R. §§ 208.2(b), 1208.2(b); *see also* 8 U.S.C. § 1229(a) (discussing notices to appear as initiating removal proceedings). Accordingly, for those subject to removal, the asylum claim is meant to be raised in those proceedings, and there is no separate right to have an affirmative asylum application considered.

But even assuming that those who enter without inspection and file asylum applications before being encountered by immigration officials have a right to apply for asylum under § 1158 that is not governed by § 1225(b)(1) or removal proceedings under § 1229a, that is not the individual Plaintiffs' situation. All Plaintiffs assert that they affirmatively turned themselves into immigration officers just after crossing the border into the United States or were otherwise encountered by immigration officers shortly after their arrival in U.S. territory. *See* A.M. Decl. ¶ 12; N.S. Decl. ¶ 14; D.G. ¶ 10; B.R. Decl. ¶ 11; M.A. Decl. ¶ 9; G.S. Decl. ¶ 12. The Plaintiffs did not file affirmative asylum applications and cannot claim any right to seek asylum outside of the procedures of § 1225(b)(1) or § 1229a. Accordingly, the class-wide or universal relief

5

requested here is precluded by § 1252(f)(1). To the extent other aliens who are subject to the Proclamation filed an affirmative asylum application under § 1158 before being processed for removal or repatriation under the Proclamation—and no such individuals have been identified by Plaintiffs as having been subjected to the Proclamation—the Plaintiffs' claims are not typical of those claims, and thus Plaintiffs cannot represent a class of such individuals.[2]

## II.     Processing Under Either Expedited Removal or Repatriation.

As explained, aliens subject to the Proclamation's suspension of entry who nonetheless enter the United States are processed for return or removal under either expedited removal procedures or § 1182(f) repatriation. ECF 44 at 7–8; *see* ECF 52-1 at 6, 11–12, 13–14, 16.[3] Both groups of individuals will be referred for a CAT assessment if they manifest fear of the country to which they are being returned. *See* ECF 52-1 at 8–10.

Aliens subject to expedited removal procedures are served with a Notice to Alien Ordered Removed and issued an Expedited Removal Order (Form I-860). *See* Ex. A (U.S. Border Patrol, *Field Guidance for Southern Border Re: 212(F) Presidential Proclamation*, Feb. 4, 2025); ECF 52-1 at 14; *see also* Ex. C (Office of Field Operations, *Implementation of Active Executive Orders – February 28, 2025*) (procedures at ports of entry). These aliens are removed to their home country or another country where removal is permissible under applicable law. *See* Ex. A; 8 U.S.C. § 1231(b).

Aliens processed for repatriation are not issued a removal order and may be repatriated, including to a country other than their home country. *See* Ex. A; Ex. B (U.S. Border Patrol, *Update*

---

[2] Similarly, the Organizational Plaintiffs' claims of harm center on their provision of legal services to aliens in removal proceedings. *See* ECF 14-1 at ¶¶ 14, 16; ECF 14-2 at ¶¶ 10–11, 25 (discussing services "to individuals seeking asylum in a defensive posture"); ECF 14-3 at ¶¶ 2, 13.

[3] Page citations for this exhibit reference the ECF pagination at the upper right corner of the document.

*212F Third Country*, Feb. 19, 2025); ECF 52-1 at 14. These repatriations do not carry the same immigration or criminal consequences as expedited removal because no charging documents or removal order are issued. *See, e.g.*, 8 U.S.C. § 1182(a)(9)(A) (alien who is removed after removal proceedings initiated upon arrival is inadmissible for a period of five years, or 20 years in some circumstances, unless DHS consents to the alien reapplying for admission); *id.* § 1231(a)(5) (providing that an alien with prior removal order may have the prior removal order reinstated upon subsequent illegal entry and be barred from seeking asylum and other relief); *id.* § 1326 (providing for criminal consequences for reentry of removed aliens).

Dated: May 6, 2025                                  Respectfully submitted,

                                                       YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

By:  /s/ *Katherine J. Shinners*
     KATHERINE J. SHINNERS
     *Senior Litigation Counsel*
     U.S. Department of Justice, Civil Division
     Office of Immigration Litigation
     P.O. Box 878, Ben Franklin Station
     Washington, DC 20044
     Tel: (202) 598-8259
     Email: katherine.j.shinners@usdoj.gov

PATRICK GLEN
DAVID KIM
*Senior Litigation Counsel*

ELISSA FUDIM
*Trial Attorney*

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
United States Department of Justice