IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, *et al.*, <br><br> *Defendants*. | No. 1:25-cv-00306 (RPM) |

### DECLARATION OF KEREN ZWICK

*I, Keren Zwick*, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declare that the following is true to the best of my knowledge, memory, and belief.

1. My name is Keren Zwick and I am an attorney for Plaintiffs in *RAICES v. Noem*, No. 1:25-cv-306 (RPM). I have direct knowledge of the contents of this declaration and could testify competently to it if called on to do so.

2. I began communicating with Plaintiff A.M. and his wife, Plaintiff Z.A., shortly after they arrived in the United States on or about February 3, 2025.

3. When A.M., Z.A., and their two children, Plaintiffs A.T. and T.A., first arrived in the United States they were held in the custody of Customs and Border Protection. Z.A. was initially issued a Notice to Appear to initiate removal proceedings, but the Department of Homeland Security moved to dismiss those proceedings so that she would be processed for expedited removal with the remainder of her family unit.

4. Meanwhile, A.M., A.T., and T.A. were processed for expedited removal.

5. On February 21, 2025, Defendants stated that they did not intend to rely on the Proclamation at issue in this case to remove any of the Individual Plaintiffs from the United States during the pendency of this litigation. ECF 21 at 2. They did not make any concurrent representations that Individual Plaintiffs would not be otherwise subject to the Proclamation.

6. On approximately March 17, 2025, I communicated with an individual from the Asylum Office who informed me that A.M., Z.A., and their children would be scheduled for a credible fear interview.

7. I attended that credible fear interview with them on March 19, 2025, as well as a follow-up interview on March 20, 2025.

8. After those interviews, A.M., Z.A., T.A., and A.T., were issued a Notice to Appear instructing them to appear in immigration court on May 8, 2025. *See* Exhibit A (Redacted Notices to Appear for A.M and Z.A.).

9. That notice, however, was apparently never filed with the immigration court. I, along with other members of my team and the *pro bono* attorneys whom I had identified to represent this family in their individual immigration court proceedings, routinely checked the Executive Office for Immigration Review (EOIR) Automated Case Information website, https://acis.eoir.justice.gov/en/, to see if the Notice to Appear had been filed.

10. I checked the EOIR website periodically from the moment A.M. and his family were released from DHS custody in late March 2025. I then checked the website daily the week of May 5, 2025.

11. Because the family's case never appeared in the system, shortly after that hearing was scheduled to take place, the *pro bono* attorneys handling the family's individual representation filed an affirmative application for A.M., which includes the family members as derivative applicants. The confirmation number for that filing is MGL2559073674.

12. Those affirmative applications are now pending.

13. On May 9, 2025, I emailed the unredacted attachments to this declaration to counsel for Defendants.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, memory, and belief.

Executed on the 9th of May, 2025 in Chicago Illinois.

Keren Zwick, Counsel for Plaintiffs
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604