YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

PATRICK GLEN
DAVID KIM
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

ELISSA FUDIM
*Trial Attorney*

Counsel for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Refugee and Immigrant Center for Education and Legal Services, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, Secretary, U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00306 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL MEMORANDUM ON 8 U.S.C. § 1252(f)(1)**

i

Defendants respond to Plaintiffs' Supplemental Memorandum on 8 U.S.C. § 1252(f)(1) (ECF 58), in accordance with the discussion at the April 29, 2025, hearing. *See* ECF 56, Tr. 86. Section 1252(f)(1) bars lower court orders—whether framed as an injunction or as an order vacating agency guidance—that would require the Government to take actions to carry out covered statutory provisions governing expedited removal, removal proceedings, and withholding of removal on a class-wide basis. Plaintiffs' requested relief would require the Department of Homeland Security (DHS) to implement removal procedures on a class-wide or universal basis in a manner that deprives DHS of the ability to rely on the Proclamation, including by requiring DHS to provide certain screening procedures governed by those covered statutory provisions before removing or repatriating aliens who are subject to the Proclamation's suspension and restrictions on entry. In particular, Plaintiffs' requested relief would enjoin or restrain DHS to operate expedited removals in particular ways. Accordingly, Plaintiffs' requested relief is barred by § 1252(f)(1).

**I.    Section 1252(f)(1) Bars the Broad Relief Plaintiffs Seek and Renders the Majority of Their Claims Non-Redressable.**

Plaintiffs are seeking to compel Defendants to operate statutory provisions covered by § 1252(f)(1) in a particular way as to all aliens subject to the Proclamation within the United States. They ask the Court to enjoin Defendants from "implementing or enforcing" the Proclamation to restrict class members' invocation of "statutory protections," "relying on the Proclamation to engage in 'repatriations' or removals of class members," "depart[ing] from … screening standards for claims under the Convention Against Torture," and "rely[ing] on removal orders issued . . . pursuant to the Proclamation," and to vacate agency guidance "insofar as it permits Defendants to restrict class members from invoking the statutory protections." ECF No. 51-1; ECF 52 at 32–33. The "protections" Plaintiffs seek to enforce through this relief include withholding of removal

1

under 8 U.S.C. § 1231(b)(3)(A), access to certain expedited removal procedures under 8 U.S.C. § 1225(b)(1), and removal proceedings under § 1229a where aliens may assert claims for relief or protection from removal, including asylum or Convention Against Torture (CAT) protection. *See* ECF No. 52 at 2–16; *see also* Am. Compl. ¶¶ 42–50, 70–8. These are all statutory provisions covered by § 1252(f)(1)'s bar on relief to the Organizational Plaintiffs or the proposed class. Plaintiffs are thus incorrect that the requested relief would "only" enjoin the Defendant agencies from relying on the Proclamation, *see* ECF 58 at 2, because the explicit flip side of their requested injunction and vacatur is to require Defendants to implement covered statutory procedures in a particular way.[1] And § 1252(f)(1)'s remedial bar applies "regardless of the nature of the action or claim." 8 U.S.C. § 1252(f)(1). The fact that Plaintiffs claim to challenge only the Proclamation is immaterial—it is the requested relief's effect on the government's operation of the covered provisions that matters, not the nature of the underlying claim. *See Garland v. Aleman Gonzalez*, 596 U.S. U.S. 543, 552–54 (2022). Thus, although the Proclamation's authority for removal or repatriation of aliens arises out of 8 U.S.C. §§ 1182(f), 1185(a), and Article II of the Constitution, Plaintiffs' requested relief nonetheless runs afoul of § 1252(f)(1) because it would necessarily

---

[1] Because § 1252(f)(1) bars orders that "enjoin or restrain" the Executive Branch's operation of the covered statutes except as to individual aliens, its bar applies equally to orders vacating or setting aside agency procedural guidelines, to the extent such relief precludes the Government from enforcing the President's suspension on entry by requiring the Government instead to provide access to particular screening procedures for asylum, withholding of removal, and CAT. ECF 44 at 56–57 (citing *Aberdeen & Rockfish R.R. v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 422 U.S. 289, 307–08 & n.11 (1975) (holding that order that has "coercive effect" qualifies as an injunction for purposes of a statute governing appeals, and commenting that the Supreme Court had "repeatedly exercised jurisdiction under [the provision] over appeals from orders" that were "not cast in injunctive language but which by their terms simply 'set aside' or declined to 'set aside' orders of the [agency]); ECF 55 at 5–6. It also remains the government's view that § 1252(f)(1) bars declaratory relief that would have a coercive effect. *See* ECF 55 at 6 n.2 (citing *Aleman Gonzalez*, 596 U.S. at 551 n.2; *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982) (Tax Injunction act barred declaratory relief as well as injunctive relief); *Newdow v. Roberts*, 603 F.3d 1002, 1012 (D.C. Cir. 2010)).

order "federal officials to take . . . actions to enforce, implement, or otherwise carry out the specified statutory provisions." *Aleman Gonzalez*, 596 U.S. at 550. Plaintiffs' framing of their requested relief ignores the plain import of their requested injunction, and their belated remaining arguments do not defeat the applicability of § 1252(f)(1).

*First*, Plaintiffs argue that their requested relief does not implicate § 1252(f)(1)'s covered provisions because it would not require Defendants to initiate removal proceedings. ECF 58 at 2. This argument ignores the situation of the named Plaintiffs, all of whom were apprehended by immigration officers for purposes of immigration enforcement shortly after they crossed the border into the United States. Absent the Proclamation's suspension on entry and the corresponding authority, these individuals would be subject to the full expedited removal and referral procedures under § 1225(b)(1) (or, in DHS's discretion, full removal proceedings under § 1229a). *See* ECF 59 at 5–6. Similarly, the aliens that the Organizational Plaintiffs seek to serve are likewise those who are asserting asylum or other claims to protection in a "defensive posture" in the context of expedited removal. *See* ECF 59 at 6 n.2 (citing ECF 14-1 at ¶¶ 14, 16; ECF 14-2 at ¶¶ 10–11, 25; ECF 14-3 at ¶¶ 2, 13).

That DHS may still retain some enforcement discretion to decline to place class members into expedited removal, or to place them into § 1229a removal proceedings in lieu of expedited removal, is beside the point. Here, the named Plaintiffs are subject to removal or repatriation under the authority of the Proclamation, and they thus seek to enforce statutory protections as a means of relief from removal. Accordingly, the relief sought implicates the covered provisions governing expedited removal, removal proceedings, and withholding of removal. If there is a potential scenario where an alien who is subject to the Proclamation evades inspection and seeks to have their affirmative application for asylum adjudicated outside the enforcement and removal context,

3

such a scenario is not at issue in this case. Nor can Plaintiffs represent such individuals or seek relief on their behalf.

*Second*, the Supreme Court's interpretation of § 1252(f)(1) in *Garland v. Aleman Gonzalez* supports Defendants' arguments that § 1252(f)(1)'s bar to relief applies here because it makes clear that the bar covers orders that would *require* the government to take action as well as that prevent the government from taking actions. 596 U.S. at 551 (explaining that orders that "require officials to take actions that (in the Government's view) are not required by" the covered statutory provisions "enjoin or restrain the operation" of those provisions in violation of § 1252(f)(1)). Plaintiffs argue the relief they seek applies only to Sections 1182(f) and 1185(a), and because these provisions are not covered by § 1252(f)(1), the injunction they seek "falls outside Section 1252(f)(1)." ECF 58 at 3. But again, Plaintiffs' requested relief is not merely to bar application of the Proclamation. Rather, they seek to bar Defendants from removing aliens from the United States without fully following the provisions of § 1225(b), § 1229a, and § 1231, requiring Defendants to take actions that (in the Government's view) are not required by those statutory provisions for aliens who enter the United States in violation of the Proclamation's suspension on entry. *See, e.g.*, ECF 14 at 9, 26, 34-35 (arguing Defendants should be barred from removing aliens unless they are allowed to invoke the full statutory and procedural protections of the INA). Such relief is plainly barred by § 1252(f)(1), which is not limited to scenarios exactly like those addressed in *Aleman Gonzalez*. *See, e.g.*, *Biden v. Texas*, 597 U.S. 785, 797-98 (2022) (holding that district court injunction that required DHS to implement a provision of § 1225(b) that DHS did not believe it was required to use "violated" § 1252(f)(1)).

*Third*, contrary to Plaintiffs' assertion, this is not like a scenario where the government is expelling aliens "without any pretense of statutory authority." *See* ECF 58 at 4. Here, the authority

4

to remove or repatriate Plaintiffs arises from the Proclamation's suspensions and restrictions on entry in accordance with §§ 1182(f) and 1185(a). Plaintiffs are seeking to enforce protections from removal—contained in statutory provisions covered by § 1252(f)(1)—despite that authority.

*Fourth,* that Defendants did not raise § 1252(f)(1) in the *Huisha-Huisha* litigation in no way restrains the bar's applicability here. Plaintiffs argue that the Government did not raise § 1252(f)(1) in *Huisha-Huisha* because "[p]resumably, even the government recognizes that Section 1252(f)(1) cannot apply to policies like Title 42." ECF 58 at 4. Not so. *Huisha-Huisha* predates the Supreme Court's decisions in *Aleman Gonzalez* and *Biden v. Texas* clarifying the broad reach of § 1252(f)(1). Prior to those decisions, the D.C. Circuit had held that § 1252(f)(1) must be read narrowly, and that it "places no restriction on the district court's authority to enjoin *agency action* found to be unlawful." *Grace v. Barr*, 965 F.3d 883, 907 (2020). Read that narrowly, § 1252(f)(1) had little bearing on the issues in *Huisha-Huisha*, so it is no surprise the Government (under a prior Administration) did not devote its limited space for briefing to that provision. This is particularly so because the Government's primary argument in that case was that no injunction was proper because statutory withholding of removal and CAT protection were categorically unavailable under the public health orders. But following the Supreme Court's later decisions in *Aleman Gonzalez* and *Biden v. Texas*, the D.C. Circuit's narrow reading of § 1252(f)(1) is no longer good law, and under current Supreme Court precedent, § 1252(f)(1) bars any injunction that would restrain on a class-wide basis DHS's choices with respect to how it implements § 1225(b), § 1229a, or § 1231.

*Finally*, Defendants' theory would not bar individual claims for relief where otherwise appropriate. *See* ECF 58 at 5. Plaintiffs acknowledge that DHS initiated proceedings even for those Plaintiffs processed under the Proclamation, *id*. at 7 n.8, bringing them within § 1252(f)(1)'s

5

exception for individual claims. Section 1252(f)(1)'s express exception for relief as to an "individual alien" merely reinforces that the bar to injunctive relief must apply to any broader relief seeking to prevent application of the Proclamation and require DHS instead to use other provisions of the INA. Additionally, Congress has otherwise strictly limited and channeled judicial review of claims arising from removal processes and proceedings, including claims pertaining to CAT protection. Foreign Affairs Reform and Restructuring Act (FARRA), Pub. L. No. 105–277, div. G, Title XXII, § 2242(d) (1998) (codified at 8 U.S.C. § 1231 note) (providing that "[n]otwithstanding any other provision of law, and except as provided [by regulation], . . . *nothing in this section shall be construed as providing any court jurisdiction to consider or review* claims raised under the Convention or this section, except as part of the review of a final order of removal pursuant to [8 U.S.C. § 1252]").

## II. The Impact of Plaintiffs' Requested Relief on the Operation of Covered Statutes is Direct, not Collateral.

Plaintiffs' requested relief would not have merely a "collateral effect on the operation of a covered provision." *See* ECF 58 at 5; *see* ECF 55 at 3–5. "Collateral" means "[l]ying aside from the main subject, line of action, issue, purpose," that is, "subordinate, indirect." *See Wall v. Kholi*, 562 U.S. 545, 551-52 (2011) (quoting and citing 3 Oxford English Dictionary 473 (2d ed.1989) and Webster's Third New International Dictionary 444 (1993)). Here, the requested injunction would directly impose requirements on DHS to operate covered removal procedures. For example, it would directly require Defendants to provide screening for asylum and withholding of removal, and to provide particular screening procedures for CAT protection, under the expedited removal provisions of § 1225(b)(1) and the withholding statute at § 1231(b)(3) before removing putative class members, despite the fact that those putative class members are subject to the Proclamation's suspension on entry and restrictions on invoking such protections. *See* ECF 55. That distinguishes

this case from *Texas v. DHS*, 123 F.4th 186, 209–10 (5th Cir. 2024), which Plaintiffs argue rejected an argument that "collateral effects" on provisions covered by § 1252(f)(1) are sufficient to implicate the bar to injunctive relief, ECF 58 at 6. The relationship between the requested relief and the provisions covered by § 1252(f)(1) was different in that case. In fact, the district court in that case "found as a factual matter that Defendants' duties under §§ 1225 and 1226 would not be thwarted by the injunction" leaving in place a concertina wire fence Texas had placed along the border because Border Patrol agents had access to both sides of the fence to apprehend aliens and carry out the provisions of § 1225 and § 1226 in whatever manner they choose. 123 F.4th at 210-11. Unlike in *Texas*, here, Plaintiffs are admittedly seeking to *require* implementation of covered statutory provisions in a particular manner through their requested relief. Any relief against the Proclamation or the guidance will necessarily and directly affect the way DHS implements §§ 1225(b)(1) and 1231(b)(3) with respect to aliens who have entered unlawfully in violation of the suspension on entry.

The fact that Plaintiffs' requested injunction might have some impact beyond the removal context does not render its effect on the covered statutory provisions "collateral." Plaintiffs argue that the injunction "would restore access to affirmative asylum" because the injunction would mean that those who are subject to the Proclamation could be paroled or otherwise file affirmative applications for asylum which, if granted, would mean expedited removal was unavailable. *See* ECF 58 at 6. Yet Plaintiffs and others like them were or will be apprehended by immigration officers shortly after arrival and are subject to repatriation or expedited removal procedures under the Proclamation. Absent the Proclamation, the default posture is to initiate expedited removal or § 1229a removal proceedings against such aliens who entered unlawfully. *See* ECF 59 at 2–5. In other words, to the extent those aliens seek to assert a claim to asylum, they would be raising that

7

claim in a defensive posture. *See* ECF 59 at 2–5; *supra at* 3–4.[2] Accordingly, as to such aliens who express an intent to seek asylum or indicate a fear of return, Plaintiffs' requested injunction would directly require implementation of particular procedures under § 1225(b)(1) and § 1231(b)(3)(A) for screening defensive claims to asylum, CAT, or statutory withholding of removal. To the extent the requested injunction would cover those seeking asylum in an affirmative posture—which is not addressed by any of the operative agency guidance, *see* ECF 52-1—such an injunction would in any event would be overbroad. *See* ECF 59 at 5–6. At minimum, § 1252(f)(1) bars class-wide injunctive relief with respect to aliens who are processed for expedited removal orders under the Proclamation (as were all of the named Plaintiffs who are still in the United States) rather than for direct repatriation.

Similarly, it is immaterial that some putative class members may not be eligible for statutory withholding of removal under § 1231(b)(3)(A). Plaintiffs argue that their requested injunction would have only "collateral effects on Defendants' operation of the withholding statute within" expedited or full removal proceedings because "[m]any asylum seekers" will be granted asylum without being specifically assessed for eligibility for statutory withholding of removal, and others will be ineligible for withholding. *See* ECF 58 at 7–8. Yet the stated goal of Plaintiffs' requested injunction is to permit aliens to invoke "statutory protections" of asylum or statutory withholding of removal, or to seek CAT protection before they are removed—protections that are housed in,

---

[2] That DHS retains some statutory or traditional discretion to parole individuals on a "case-by-case basis" under 8 U.S.C. § 1182(d)(5)(A), or to decline to initiate removal proceedings, is irrelevant here, where DHS has clearly engaged in immigration enforcement. Even absent the Proclamation, such enforcement is the default contemplated by the expedited removal statute. In other words, because enforcement is the statutory default, and because those who would benefit from the requested injunction are those aliens who have already been apprehended by DHS, the impact on DHS from the requested injunction cannot properly be viewed as contingent on, or downstream from, its decision to engage in immigration enforcement.

or implemented directly through, the covered statutory provisions of §§ 1225(b)(1), 1229a, and 1231(b)(3). *See* ECF 51-1; ECF 14 at 34. That the particular screening or merits standards for statutory withholding of removal may not come into play for some putative class members who invoke such protections, or that others may not ultimately meet the standards, is beside the point. The requested injunction would still require DHS to implement procedures to screen for eligibility for withholding of removal before removing those subject to the Proclamation who claim to seek such protection. Moreover, to the extent putative class members are in different situations that impact their claims to relief, these differences merely demonstrate the impropriety of classwide relief for other reasons. Such differences may defeat commonality under Federal Rule of Civil Procedure 23(a), or demonstrate that a single injunction is not appropriate respecting the class as a whole as required by Rule 23(b)(2). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) ("The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted . . . .'").

Dated: May 9, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　YAAKOV M. ROTH
　　　　　　　　　　　　　　　　　　*Acting Assistant Attorney General*

　　　　　　　　　　　　　　　　　　DREW C. ENSIGN
　　　　　　　　　　　　　　　　　　*Deputy Assistant Attorney General*

　　　　　　　　　　　　　　　　　　BRIAN C. WARD
　　　　　　　　　　　　　　　　　　*Acting Assistant Director*

　　　　　　　　　　　　　　　By: /s/ *Katherine J. Shinners*
　　　　　　　　　　　　　　　　　　KATHERINE J. SHINNERS
　　　　　　　　　　　　　　　　　　*Senior Litigation Counsel*
　　　　　　　　　　　　　　　　　　U.S. Department of Justice, Civil Division
　　　　　　　　　　　　　　　　　　Office of Immigration Litigation
　　　　　　　　　　　　　　　　　　P.O. Box 878, Ben Franklin Station
　　　　　　　　　　　　　　　　　　Washington, DC 20044
　　　　　　　　　　　　　　　　　　Tel: (202) 598-8259
　　　　　　　　　　　　　　　　　　Email: katherine.j.shinners@usdoj.gov

　　　　　　　　　　　　　　　　　　PATRICK GLEN
　　　　　　　　　　　　　　　　　　DAVID KIM
　　　　　　　　　　　　　　　　　　*Senior Litigation Counsel*

　　　　　　　　　　　　　　　　　　ELISSA FUDIM
　　　　　　　　　　　　　　　　　　*Trial Attorney*

　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                          By: */s/ Katherine J. Shinners*
                                                 KATHERINE J. SHINNERS
                                                 United States Department of Justice