UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Refugee and Immigrant Center for Education and Legal Services, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi Noem, Secretary, U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00306 |

**MOTION FOR CLARIFICATION AND EXTENSION OF TIME CONCERNING ORDER FOR PRODUCTION OF ADMINISTRATIVE RECORD AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

With respect to the Court's Order dated May 13, 2025—which ordered Defendants to produce the full administrative record on or before May 23, 2025, and ordered Plaintiffs to, "to the extent possible, file a supplemental declaration from each individual plaintiff indicating whether he or she provided Federal officials with the medical information, criminal history, and other background information required by the Proclamation" on or before May 23, 2025— Defendants respectfully request: (1) a 14-day extension of time, to and including June 6, 2025, to produce the applicable administrative records; (2) clarification that the Court does not intend to consider the portions of Plaintiffs' claims that have been held in abeyance in adjudicating the currently-pending motions for summary judgment; and (3) a meaningful opportunity to respond to any declarations submitted by Plaintiffs. Further, if the Court does intend to consider the portions of Plaintiffs'

1

claims that have been held in abeyance or otherwise consider any record-based issues in deciding the pending motions for summary judgment, the parties should be given an opportunity to address those issues before any decision issues.

In support of this Motion, Defendants state as follows:

1. The Complaint challenges Presidential Proclamation 10888 (the Proclamation) and its implementation, asserting claims against Executive Branch officials, departments, and agencies charged with implementing the Proclamation (Agency Defendants) as well as against the President. Plaintiffs' Complaint expressly asserts two claims under the Administrative Procedure Act (APA) against the Agency Defendants, the Sixth and Seventh Claims for Relief. *See* Am. Compl. (ECF 11) ¶¶ 132–143. Plaintiffs have also generally asserted that the APA provides the cause of action for their legal challenges to agency guidance implementing the Proclamation (the Guidance), *see* ECF 52 at 24–28, while Defendants argue that Plaintiffs cannot pursue such an APA claim, primarily because Plaintiffs have not identified any final agency action that is distinct from the Proclamation (and the Proclamation itself is undisputedly not subject to APA review), *see* ECF 44 at 25–28; ECF 55 at 11–16.

2. On February 26, 2025, the parties submitted a joint proposed schedule to the Court for further proceedings in the case. *See* ECF 24. The parties "agreed and proposed that the Court hold in abeyance any claims based on the administrative record, namely portions of the Sixth Claim for Relief raising arbitrary-and-capricious arguments under the Administrative Procedure Act, *see* Amended Complaint ¶¶ 133, 138, and all of the Seventh Claim for Relief, *see id*. ¶¶ 139-143." *Id.* at 1. The parties stated that "[h]olding these claims will avoid the need to set aside additional time in the schedule for Defendants to assemble, review, certify, and produce the administrative record. Defendants agree to provide the relevant guidance documents even though they are not

providing the administrative record, though Defendants may need to redact portions of the guidance documents in their public filings and produce them subject to a protective order, or file them under seal." *Id.* The parties also agreed to hold in abeyance the deadline under Local Civ. R. 7(n)(1) to provide a certified list of the contents of the administrative record and the deadline for Defendants to answer or otherwise respond to the amended complaint. *Id.* The parties proposed a schedule for Defendants' production of the operative guidance documents and for the filing of cross-motions for summary judgment. *See id.* at 2.

3. The Court adopted the parties' schedule, and further ordered that: "(1) Plaintiffs' claims based on the administrative record (the portions of the Sixth Claim for Relief that raise arbitrary-and-capricious arguments under the APA and all of the Seventh Claim for Relief); (2) the deadline to provide a certified list of the contents of the administrative record under Local Civ. R. 7(n)(1); and (3) the deadline for Defendants to answer or otherwise respond to the amended complaint are held in ABEYANCE pending further order of the Court." Minute Order (Feb. 26, 2025).

4. On March 17, 2025, Defendants produced to Plaintiffs redacted versions of the operative guidance implementing the Proclamation (the Guidance): CBP, U.S. Border Patrol, *Field Guidance for Southern Border Re: 212(F)Presidential Proclamation*, Feb. 4, 2025; CBP, U.S. Border Patrol, *Field Guidance for Northern and Central Borders Re: 212(F)Presidential Proclamation*, Feb. 4, 2025; CBP, U.S. Border Patrol, *Update 212F Third Country*, Feb. 19, 2025; CBP, Office of Field Operations, *Implementation of Active Executive Orders – February 28, 2025*; USCIS, *CAT Assessment Instructions and Implementation Guidance*, Jan. 31, 2025; USCIS, *CAT Assessment Training*, Jan. 31, 2025; USCIS, *CAT Assessment Worksheet*, Jan. 31, 2025; USCIS, *CAT Assessment Notice*, Jan. 31, 2025; USCIS, *Guidance on Implementation of Executive Order*

*Guaranteeing the States Protection Against Invasion*, Feb. 7, 2025; USCIS, *LAS CAT Assessment Guide*, Draft, Feb. 17, 2025; USCIS, *CAT Assessment SharePoint Go-By*, Feb. 7, 2025. *See* ECF 52-1.

5. On March 18, 2025, following the Court's entry of the parties agreed-upon protective order (ECF 40), Defendants produced versions of the Guidance that removed certain redactions for confidentiality.

6. On May 13, 2025, after briefing and argument on the parties' cross-motions for summary judgment,[1] the Court issued an order stating: "In light of D.C. Circuit precedent instructing that APA review 'must be based on the full administrative record that was before the [agency] at the time [it] made its decision,' *American Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (citation and quotation marks omitted), it is hereby ORDERED that defendants shall produce the full administrative record on or before May 23, 2025." Minute Order (May 13, 2025).

7. Given the parties' agreement and the Court's prior order, Defendants had not anticipated that they would be required to produce any administrative record for purposes of the instant motions for summary judgment. Defendants thus require additional time to conduct the proper inquiries and assemble the administrative records pertaining to the various Guidance documents at issue, in order to ensure and certify that the records are complete and contain "all documents and materials that the agency directly or indirectly considered and nothing more nor less." *Bahman Grp. v. Gacki*, No. 19-CV-2022 (RDM), 2020 WL 4346912, at *2 (D.D.C. July 29,

---

[1] The parties submitted the Guidance along with their briefing on the motions for summary judgment. *See* ECF 44-1, 44-2, 44-3, 44-4, 52-1, 62. Defendants also submitted factual material addressing the harms to the public interest if the Proclamation's implementation were to be enjoined in the manner Plaintiffs request, ECF 44-5, 44-6, as well as factual material in opposition to class certification, ECF 43-2, 43-3, 43-7.

2020) (internal citations and alterations omitted). Typically, Defendants would have more than ten days to make such a production. *See, e.g.*, Local Civ. R. 7(n)(1) (requiring filing of Index of Certified Administrative Record within 30 days of Answer, or upon filing of a dispositive motion). Although Defendants do not anticipate that these records will be voluminous, it will nonetheless take some time to search for and ensure that all relevant documents are included before certifying the records. Accordingly, to the extent the Court has determined the administrative records of the Guidance are necessary to the adjudication of the claims that are currently before the Court, Defendants seek a brief, 14-day extension to produce those records.

8.     Plaintiffs do not oppose this request for a 14-day extension of time to produce the administrative record. Specifically, Plaintiffs' counsel stated that Plaintiffs "do not oppose Defendants' request for an extension of time to produce the administrative record given that the claims currently before the Court for decision do not rely on the administrative record, pursuant to the parties' agreement to hold the record-based claims in abeyance. *See* ECF 24 at 2; Minute Order, Feb. 26, 2025."

9.     Defendants further seek clarification as to whether the Court seeks to have those administrative records filed with the Court, and whether the Court, in deciding the pending cross-motions for summary judgment, intends to address the claims for relief that were previously held in abeyance—that is, the portions of the Sixth Claim for Relief that raise arbitrary-and-capricious arguments under the APA and all of the Seventh Claim for Relief. If the Court does intend to consider those claims or otherwise consider any record-based issues in deciding the motions for summary judgment, the parties should be given an opportunity to address those issues in briefing before the court enters its decision. As to this request for clarification, Plaintiffs' counsel stated

5

that Plaintiffs "agree that the Court's decision should be limited to the non-record-based claims that proceeded to summary judgment pursuant to the parties' agreement."

10. Defendants also request until June 6, 2025, to submit a brief and/or evidence in response to whatever declarations Plaintiffs submit addressing whether each individual Plaintiff submitted the information required by the Proclamation. With respect to this request for relief, Plaintiffs' counsel stated Plaintiffs' position as follows: "Plaintiffs do not oppose Defendants filing one or more responsive declarations on or before May 28, 2025; but Plaintiffs do oppose Defendants filing a brief in response to the supplemental declarations." Defendants submit that a deadline of May 28, 2025, does not provide a meaningful opportunity to respond, as it would provide only two business days to respond to any declarations submitted by Plaintiffs.

For these reasons, Defendants respectfully request that the Court grant them until June 6, 2025, to produce the applicable administrative records, and to clarify that it does not intend to consider record-based claims or issues for purposes of the instant motions for summary judgment under consideration. If the Court does intend to consider record-based claims or issues, Defendants respectfully request that the parties be given an opportunity to address those issues through briefing. Defendants further request until June 6, 2025, to file an appropriate response to whatever declarations Plaintiffs submit addressing whether each individual Plaintiff submitted the information required by the Proclamation.

Dated: May 19, 2025     Respectfully submitted,

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

6

By: /s/ *Katherine J. Shinners*
    KATHERINE J. SHINNERS
    *Senior Litigation Counsel*
    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    Tel: (202) 598-8259
    Email: katherine.j.shinners@usdoj.gov

    PATRICK GLEN
    DAVID KIM
    *Senior Litigation Counsel*

    ELISSA FUDIM
    *Trial Attorney*

    *Counsel for Defendants*

## **CERTIFICATE OF CONFERENCE**

I certify that on May 19, 2025, I conferred with counsel for Plaintiffs concerning the relief requested in this motion. Plaintiffs stated their position as follows: Plaintiffs do not oppose Defendants' request for an extension of time to produce the administrative record given that the claims currently before the Court for decision do not rely on the administrative record, pursuant to the parties' agreement to hold the record-based claims in abeyance. *See* ECF 24 at 2; Minute Order, Feb. 26, 2025. With respect to Defendants' request for clarification, Plaintiffs agree that the Court's decision should be limited to the non-record-based claims that proceeded to summary judgment pursuant to the parties' agreement. With respect to Defendants' request for leave to respond to Plaintiffs' supplemental declarations, Plaintiffs do not oppose Defendants filing one or more responsive declarations on or before May 28, 2025; but Plaintiffs do oppose Defendants filing a brief in response to the supplemental declarations.

By: */s/ Katherine J. Shinners*
    KATHERINE J. SHINNERS
    Senior Litigation Counsel
    United States Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, I electronically filed this motion with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Katherine J. Shinners*
　　KATHERINE J. SHINNERS
　　Senior Litigation Counsel
　　United States Department of Justice