**SUPPLEMENTAL DECLARATION OF** ▮

I, ▮, make the following statement under penalty of perjury:

1. My name is ▮, and I submit this declaration on behalf of myself, my wife ▮, and our two children ▮, as part of our ongoing effort to seek asylum in the United States.

2. We are plaintiffs in the case *RAICES v. Noem*, No. 1:25-cv-306-RDM. In that case we are referred to by the initials A.M., Z.A. T.A., and A.T., respectively.

3. We are from Afghanistan, and we came to the United States with the intention of seeking asylum. I and my family fear persecution, torture, and death at the hands of the Taliban.

4. When we crossed the U.S. border with our children on or about February 3, 2025, my wife and I did not know there was any new requirement to submit health information or other background information to U.S. officials in advance of seeking asylum. We also did not know of any system for submitting that kind of information.

5. We also did not apply for U.S. visas before we crossed the border to seek asylum. We did not think we were eligible for any visa to immigrate to the United States. As far as I know, we were not and still are not eligible for any U.S. visa.

6. But we had previously submitted some information about ourselves and our children to U.S. immigration authorities using the one method we knew of to do that, which was the CBP One phone application. We registered on the CBP One app after we arrived in Mexico around October 2024.

7. We answered all the questions in the CBP One app truthfully and honestly. I do not remember if we had to provide any health or medical information or information about criminal records to register with the CBP One app, but we answered whatever questions that we were asked. Apart from CBP One, I did not know of any other way to provide advance information to the U.S. government before seeking asylum.

8. After we completed the information on CBP One, we received an appointment. We were scheduled to enter the United States with that appointment on the afternoon of January 20, 2025. But when we went to the border crossing for our appointment that day, we were turned back by Mexican officials. We learned that the CBP One appointments had been cancelled, I believe because of the change in presidency.

9. We remained in Mexico for about two additional weeks after that, trying to figure out what we were supposed to do. During those two weeks, I contacted the U.S. consulate in Mexico but I did not receive any guidance or response regarding a path forward. No one from the consulate informed me about any new requirement to submit health or other background information before seeking asylum or about any way for people who want to seek asylum to submit that kind of information.

10. Without knowing what else to do, and fearing for our lives, we decided to enter the United States and ask for protection, which we did on approximately February 3, 2025. At the time we entered, we did not know that the Proclamation existed, and we did not know about any requirements that it imposed. I did not know I needed to provide medical records, and I did not have any medical records in my possession. I do not have a criminal record anywhere, so I do not know what kind of evidence I could have provided on that issue, and regardless I did not have any information about how to do so.

11. For about two months, my family and I were detained by the Department of Homeland Security. While in detention, no U.S. officials mentioned any requirement to provide health or other background information to the U.S. government to seek asylum. Our family did, however, receive a medical exam and at least one vaccine while we were detained. We agreed to receive this vaccine and to the medical exam that we received.

12. As this case has been pending, we were released from custody. I have filed an application for asylum with my wife and children included in the application as my family members. In that application, there are questions about what, if any, criminal background I or my family members have. I truthfully answered those questions, explaining that I have no criminal record in the United States, Afghanistan, or any other country. The same is true for my family.

13. Since filing my application, I have received an appointment notice instructing me to present myself and my family for biometrics. I received the notice on May 13, 2025, and the biometrics appointment is for June 2, 2025. I have every intention of providing all the information that is requested of me at that time, and I intend to comply with all other aspects of the asylum process as is required of me.

DECLARATION SIGNATURE ON THE FOLLOWING PAGE.



May 22, 2025
DATE

CERTIFICATE OF TRANSLATION

I, ███████, swear under penalty of perjury that I speak English and Pashto and that I have translated this document to the best of my ability. I reviewed this document with ███████ and have incorporated changes or corrections provided. I declare under penalty of perjury that the foregoing statement has been faithfully translated and executed to the best of my knowledge, memory, and belief.



May 22, 2025
DATE