YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

PATRICK GLEN
DAVID KIM
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

ELISSA FUDIM
*Trial Attorney*

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Refugee and Immigrant Center for Education and Legal Services, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>Kristi Noem, Secretary, U.S. Department of Homeland Security, *et al.*, <br><br>Defendants. | Civil Action No. 1:25-cv-00306 |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL DECLARATIONS

i

Defendants submit their response to Plaintiffs' Supplemental Declarations (ECF 65), in accordance with May 21, 2025 order permitting the government to file a response to those declarations.

Plaintiffs submitted supplemental declarations in response to the Court's Order dated May 13, 2025, which ordered Plaintiffs to, "to the extent possible, file a supplemental declaration from each individual plaintiff indicating whether he or she provided Federal officials with the medical information, criminal history, and other background information required by the Proclamation and, if he or she did not do so, why." The submitted declarations generally affirm that each Individual Plaintiff likely did not submit sufficient medication information or reliable criminal history and background information in advance of their crossing the border (or to the immigration enforcement officials they encountered after crossing the border) to demonstrate admissibility under 8 U.S.C. § 1182(a)(1)–(3). *See generally* ECF 65-1 to 65-7.[1]

Regardless of whether Plaintiffs submitted medical, criminal history, and background information or were aware of any reason or requirement to do so, Plaintiffs were subject to Sections 1 and 2 of the Proclamation because they engaged in an invasion across the southern border of the United States. As the Proclamation recognizes, high numbers of "aliens illegally crossing the southern border prevents the Federal Government from obtaining operational control of the border" and imposes "significant costs and constraints upon the States." Proclamation 10888 of

---

[1] Some Plaintiffs state they had previously submitted some information through the CBP One app, but they generally do not recall providing health or medical information, nor do they state that they uploaded any particular documentation to the app. *See, e.g.*, ECF 65-1 at ¶¶ 6–7; ECF 65-3 at ¶¶ 6–7. This feature of the CBP One app, which previously allowed aliens to schedule appointments to present at a port of entry, collected only "basic applicant information and . . . a live photograph" that would otherwise be collected upon arrival at the port of entry. *Circumvention of Lawful Pathways*, 88 Fed. Reg. 11704, 11719 (Feb. 23, 2023); *see also* Exhibit A, CBP One Traveler User Guide, available at https://www.cbp.gov/sites/default/files/2024-08/cbp_one_user_guide_-_traveler-land-submit_advance_information-english_508.pdf.

January 20, 2025, 90 Fed. Reg. 8333, 8334 (Jan. 29, 2025). The Proclamation thus suspended and imposed restrictions on the entry of aliens "engaged in the invasion across the southern border of the United States." *Id.* at 8335. It is undisputed that all of the Individual Plaintiffs were encountered by immigration officials after they crossed the southern land border illegally, rather than at a port of entry. *See, e.g.*, ECF 43 at 13–15.

Having crossed the border illegally, each Plaintiff was encountered and initially processed by U.S. Border Patrol (USBP). *See* ECF 43-3 at ¶¶ 4–11 (Hollinder Declaration). USBP is "the law enforcement office of U.S. Customs and Border Protection with primary responsibility for interdicting persons attempting to illegally enter or exit the United States." 6 U.S.C. § 211(e)(3)(1). USBP's Proclamation guidance for the southern border states that it applies to "aliens participating in this invasion"—defined as aliens "who cross[] between the ports of entry on the southern land border." ECF 52-1 at 5, 11. Under the USBP guidance and the Proclamation, the entry of such aliens is suspended, and such aliens are restricted from invoking provisions of the Immigration and Nationality Act that would permit their continued presence in the United States. ECF 52-1 at 5, 11; Proclamation §§ 1–2, 90 Fed. Reg. at 8335. The Individual Plaintiffs were thus subject to processing under Sections 1 and 2 of the Proclamation.

Where Sections 1 and 2 of the Proclamation apply, there is no need to apply Section 3 of the Proclamation—which separately suspends and restricts the entry of "any alien who fails, before entering the United States, to provide Federal officials with sufficient medical information and reliable criminal history and background information as to enable fulfillment of the requirements of . . . 8 U.S.C. § 1182(a)(1)–(3)." Proclamation § 3, 90 Fed. Reg. at 8335. Section 3 would be applied within the United States to aliens who otherwise fall within its parameters and have entered the United States at a port of entry or across the northern or coastal borders. *See* ECF 43 at 9–11

2

(describing the differences between USBP field guidance for the southern land border and procedures at ports of entry); 52-1 at 13–15 (setting forth separate USBP field guidance that applies to the *northern* and *coastal* borders, where Sections 1 and 2 of the Proclamation are not applicable, and which relies on Section 3 of the Proclamation). That is, Section 3 of the Proclamation has no practical applicability to Plaintiffs or those like them who cross the southern border illegally. Plaintiffs thus lack standing to challenge Section 3. And Plaintiffs do not challenge the application of the Proclamation's suspension on entry to those still outside the United States—only the application of the Proclamation's restrictions on access to certain relief or protections from removal to those who do manage to cross the border into the United States. *See, e.g.*, ECF 52 at 32–33; ECF 11 at ¶¶ 111–160; ECF 13 at 1.

Dated: May 30, 2025            Respectfully submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

By: /s/ *Katherine J. Shinners*
    KATHERINE J. SHINNERS
    *Senior Litigation Counsel*
    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    Tel: (202) 598-8259
    Email: katherine.j.shinners@usdoj.gov

PATRICK GLEN
DAVID KIM
*Senior Litigation Counsel*

ELISSA FUDIM
*Trial Attorney*

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: /s/ *Katherine J. Shinners*
KATHERINE J. SHINNERS
United States Department of Justice
