IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, *et al.*, <br><br> *Defendants*. | No. 1:25-cv-00306 |

**SUPPLEMENTAL NOTICE OF AUTHORITY**

Plaintiffs file this supplemental notice to bring to the Court's attention the government's reply brief in *Department of Homeland Security v. D.V.D.*, No. 24A1153 (S. Ct. June 2025) (attached as Ex. A), which is relevant to the issues the parties have briefed on 8 U.S.C. § 1252(f)(1).

Plaintiffs have argued that Section 1252(f)(1)'s bar on classwide relief is irrelevant because of *what* Plaintiffs seek to enjoin—namely, the implementation of a Proclamation issued pursuant to 8 U.S.C. § 1182(f) and § 1185(a)(1), provisions that are not in "part IV of th[e] subchapter" covered by § 1252(f)(1). And Plaintiffs have argued that the Section 1252(f)(1) bar remains irrelevant even when a covered provision provides one reason *why* the Proclamation is illegal (such as its violation of the withholding statute, 8 U.S.C. § 1231(b)(1)). ECF No. 58 at 2-3. Meanwhile, the government has argued the opposite in this case: If a covered provision provides a reason *why* the Proclamation is unlawful, Section 1252(f)(1) applies even though *what* Plaintiffs seek to restrain—the Proclamation—was issued based on authorities outside of part IV. ECF No. 61, at 5; *see* ECF No. 44, at 67; ECF No. 55, at 11-12.

1

In its reply brief to the Supreme Court in *D.V.D.*, the government endorses Plaintiffs' position. That brief states that "Section 1252(f)(1) does not address *why* an injunction may issue; it addresses *what* that injunction may run against." Ex. A, at 4. Here, as explained, the "what" is the Proclamation issued under non-Part IV provisions. And as the government recognized in *D.V.D.*, "Section 1252(f)(1) does not address *why* an injunction may issue."

Thus, in that case, the district court issued a preliminary injunction restraining the operation of a covered provision, 8 U.S.C. § 1231, which sets forth the framework for determining the country to which a noncitizen may be removed. The court restrained the operation of that provision on the ground that the government's policy violated the Convention Against Torture ("CAT"), which mandates that every individual is entitled to meaningful notice to enable them to seek protection from torture. The district court accepted the plaintiffs' arguments that section 1252(f)(1) did not apply because the CAT is codified outside of the INA entirely and is thus not a covered INA provision. The government's position was that the relevant provision was the one being restrained (i.e., "what" was being restrained) and that it did not matter "why" it was being restrained. The government took that position notwithstanding that the injunction compelled the government to implement CAT, a mandatory provision, in a particular way. Here also, the fact that the government must continue to comply with the withholding statute does not alter *what* is being restrained—namely, the Proclamation issued under 8 U.S.C. §§ 1182(f) and 1185(a)(1).

Dated: June 27, 2025                                      Respectfully submitted,

/s/ Lee Gelernt
Keren Zwick (D.D.C. Bar. No. IL0055)        Lee Gelernt (D.D.C. Bar No. NY0408)
Mary Georgevich*                                     Omar C. Jadwat*
National Immigrant Justice Center            American Civil Liberties Union Foundation
111 W. Jackson Blvd.,                                 Immigrants' Rights Project
  Suite 800                                                    125 Broad Street, 18th Floor

2

Chicago, IL 60604
T: 312-660-1370
kzwick@immigrantjustice.org
rcaldarone@immigrantjustice.org
mgeorgevich@immigrantjustice.org

Melissa Crow (D.C. Bar. No. 453487)
Center for Gender & Refugee Studies
1121 14th Street, NW, Suite 200
Washington, D.C. 20005
T: 202-355-4471
crowmelissa@uclawsf.edu

Edith Sangueza*
Center for Gender & Refugee Studies
26 Broadway, 3rd Floor
New York, NY 10004
T: 415-581-8835
sanguezaedith@uclawsf.edu

Robert Pauw*
Center for Gender & Refugee Studies
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
T: 206-682-1080
rpauw@ghp-law.net

Daniel Hatoum*
Texas Civil Rights Project
P.O. Box 219
Alamo, Texas 78516
T: 512-474-5073, ext. 208
daniel@texascivilrightsproject.org

New York, NY 10004
T: 212-549-2660
lgelernt@aclu.org
ojadwat@aclu.org

Morgan Russell*
Cody Wofsy (D.D.C. Bar No. CA00103)
Spencer Amdur*
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
T: 415-343-0770
mrussell@aclu.org
cwofsy@aclu.org
samdur@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
T: 202-457-0800
aspitzer@acludc.org
smichelman@acludc.org

Ashley Alcantara Harris*
David A. Donatti*
ACLU Foundation of Texas
P.O. Box 8306
Houston, TX 77288
TEL: (713) 942-8146
FAX: (713) 942-8966
aharris@aclutx.org
ddonatti@aclutx.org

*Attorneys for Plaintiffs*

*\*Appearing pro bono or pro hac vice.*