UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REFUGEE AND IMMIGRANT CENTER
FOR EDUCATION AND LEGAL
SERVICES, *et al.*,

      *Plaintiffs*,

  v.

KRISTI NOEM, *et al.*,

      *Defendants*.

Civil Action No. 25-306 (RDM)

## ORDER

For the reasons set forth in the Court's Memorandum Opinion, Dkt. 71, it is hereby

**ORDERED** that Plaintiffs' motion for summary judgment, Dkt. 51, is **GRANTED** in part, **DENIED** in part, and **DEFERRED** in part; and it is further

**ORDERED** that Plaintiffs' motion to certify a class, Dkt. 13, is **GRANTED** in part and **DEFERRED** in part; and it is further

**ORDERED** that Plaintiffs' motion for a preliminary injunction, Dkt. 14, is **DENIED** as moot in light of the Court's merits decisions; and it is further

**ORDERED** that the agency guidance implementing Proclamation 10888, 90 Fed. Reg. 8333 (Jan. 20, 2025), is **VACATED** pursuant to 5 U.S.C. § 706(2) to the extent that it authorizes extra-statutory and extra-regulatory removals or repatriations of covered individuals; precludes the individual plaintiffs and class members from accessing their statutory rights to apply for asylum; precludes the individual plaintiffs and class members from applying for and, where appropriate, obtaining withholding of removal; and departs from the Convention Against Torture

("CAT") protection screening standards set forth in the Department of Justice and Department of Homeland Security CAT regulations; and it is further

**DECLARED** as to the Agency Defendants that Proclamation 10888 is unlawful insofar as it purports to suspend or to restrict access to asylum, withholding of removal, or the existing regulatory processes for obtaining CAT protection or authorizes the Agency Defendants to adopt or to implement extra-statutory or extra-regulatory removal or repatriation procedures; and it is further

**DECLARED** as to the Agency Defendants that neither 8 U.S.C. §§ 1182(f) & 1185(a) nor the President's authority under the Vesting Clause or Article IV, Section 4 of the Constitution authorizes the President or his subordinates to suspend or to restrict access to the provisions of the Immigration and Nationality Act that permit the continued presence in the United States of individuals, irrespective of their status, who have entered and who are present in the United States; and it is further

**ORDERED** that the Agency Defendants (including their officers, agents, servants, employees, and attorneys and those who are in active concert or participation with any of those individuals) are **ENJOINED** from implementing the Proclamation to remove individual plaintiffs or class members using non-statutory repatriation or removal proceedings; and it is further

**ORDERED** that the Agency Defendants (including their officers, agents, servants, employees, and attorneys and those who are in active concert or participation with any of those individuals) are **ENJOINED** from removing any individual plaintiffs or class members without complying with the asylum statute, 8 U.S.C. § 1158(a); and it is further

**ORDERED** that the Agency Defendants (including their officers, agents, servants, employees, and attorneys and those who are in active concert or participation with any of those individuals) are **ENJOINED** from narrowing the eligibility criteria for asylum without complying with 8 U.S.C. § 1158(b)(2)(C); and it is further

**ORDERED** that the Agency Defendants (including their officers, agents, servants, employees, and attorneys and those who are in active concert or participation with any of those individuals) are **ENJOINED** from using procedures other than those set forth in the relevant regulations when processing individual plaintiffs' or class members' CAT protection claims; and it is further

**ORDERED** that the parties shall meet and confer and submit to the Court a joint status report proposing next steps for the case on or before July 11, 2025; and it is further

**ORDERED** that the parties shall appear for a status conference on July 15, 2025, at 10:00 a.m., in Courtroom 8; and it is further

**ORDERED** that this Order shall not take effect with respect to the absent class members until July 16, 2025, to allow Defendants the opportunity to seek a stay in the court of appeals and to implement the Court's decision in an orderly fashion, but shall take immediate effect with respect to the named individual plaintiffs who are currently present in the United States; and it is further

**ORDERED** that partial final judgment is hereby entered pursuant to Federal Rule of Civil Procedure 54(b) as to the claims of those individual plaintiffs and class members who are or will be present in the United States, with the exception of the portions of the Sixth Claim for Relief raising arbitrary-and-capricious arguments under the Administrative Procedure Act, *see*

3

Dkt. 11 at 39 (Am. Compl. ¶ 138), and all of the Seventh Claim for Relief, *see id.* at 39–40 (Am. Compl. ¶¶ 139–43), all of which have been held in abeyance pending further order of the Court.

This Order constitutes a final, appealable judgment of the Court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 2, 2025